**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| LARRY GOLDEN, | § | |
| | § | |
| Plaintiff, | § | Case No. 6:25-cv-00434-LS |
| | § | |
| v. | § | |
| | § | |
| GOOGLE LLC | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT GOOGLE LLC'S MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND FOR CASE MANAGEMENT ORDER**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . ii

INTRODUCTION . . . . . 1

BACKGROUND . . . . . 1

A. Mr. Golden's Litigation Campaign . . . . . 1

B. Mr. Golden's Previous Litigation Against Google in California . . . . . 2

C. Mr. Golden Files This Action, Asserting Patents Previously Dismissed by the Northern District of California, as Affirmed by the Court of Appeals . . . . . 3

D. Mr. Golden Declines to Extend Google's Time to Respond to the Complaint, and Indicates He Will File Motions for Summary Judgment and Preliminary Injunction . . . . . 4

ARGUMENT . . . . . 4

I. The Court Should Grant Google Additional Time to Respond to the Complaint . . . . . 4

II. The Court Should Defer Briefing and Resolution of Any Further Motions By Mr. Golden Until His Claims Have Survived a Motion to Dismiss . . . . . 6

CONCLUSION . . . . . 8

**TABLE OF AUTHORITIES**

*Cases* Page

*Davis v. Atencio*,
No. 17-505, 2018 WL 4100663 (D. Idaho Aug. 28, 2018) . . . 6

*Devillier v. Texas*,
No. 20-223, 2023 WL 2744398 (S.D. Tex. Mar. 31, 2023) . . . 5

*Dietz v. Bouldin*,
579 U.S. 40 (2016) . . . 6

*Enlow v. Tishomingo Cty.*,
962 F.2d 501 (5th Cir. 1992) . . . 6

*Hicks v. T.L. Cannon Corp.*,
66 F. Supp. 3d 312 (W.D.N.Y. 2014) . . . 6

*Hudson v. Cleco Corp.*,
539 F. App'x 615 (5th Cir. 2013) . . . 6

*James v. Hunt*,
761 F. App'x 975 (11th Cir. 2018) . . . 6, 7

*L.A. Pub. Ins. Adjusters, Inc. v. Nelson*,
17 F.4th 521 (5th Cir. 2021) . . . 5

*Palacios v. City of Crystal City*,
No. 11-53, 2013 WL 12177177 (W.D. Tex. Sept. 30, 2013) . . . 6

*Ramirez v. Equifax Info. Servs., LLC*,
No. 24-94, 2024 WL 1021027 (E.D. Tex. Mar. 8, 2024) . . . 5

*Reed Migraine Centers of Texas, PLLC v. Chapman*,
No. 14-1204, 2020 WL 869888 (N.D. Tex. Feb. 21, 2020) . . . 4

*Sanders v. Illinois Dep't of Cent. Mgmt. Servs.*,
No. 09-3207, 2011 WL 817554 (C.D. Ill. Mar. 1, 2011) . . . 6

*St. Pierre v. Dearborn Nat'l Life Ins. Co.*,
No. 19-223, 2020 WL 6122555 (W.D. Tex. Apr. 14, 2020) . . . 4, 5

*Telemac Cellular Corp. v. Topp Telecom, Inc.*,
247 F.3d 1316 (Fed. Cir. 2001) . . . 2

**TABLE OF AUTHORITIES**
*(continued)*

*Page*

*Statutes*

Fed. R. Civ. P. 6(a)(2)(C) . . . . . 4

Fed. R. Civ. P. 6(b)(1)(A) . . . . . 4, 5

Fed. R. Civ. P. 12(a)(1)(A)(i) . . . . . 4

*Other Authorities*

1 *Moore's Federal Practice*, Civil § 1.21 (2025) . . . . . 6

4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (4th ed. 2008) . . . . . 4

33 Michele M. Hughes, *Fed. Proc., L. Ed.* § 77:16 (2025) . . . . . 6

*Allani v. Google LLC*,
No. 24-305, Docket No. 9 (W.D. Tex. July 17, 2024) . . . . . 5

*Longitude Licensing Ltd. v. Apple Inc.*,
No. 25-215 (W.D. Tex Feb. 13, 2025) . . . . . 5

*Golden v. Apple, Inc.*,
No. 19-2557 (D.S.C Sept. 11, 2019) . . . . . 1

*Golden v. Apple, Inc.*,
No. 20-2270 (D.S.C. June 16, 2020) . . . . . 1

*Golden v. Apple, Inc.*,
No. 20-4353 (D.S.C. Jan. 5, 2021) . . . . . 1

*Golden v. Apple, Inc.*,
No. 22-4152 (N.D. Cal. July 15, 2022) . . . . . 1, 7

*Golden v. Google LLC*,
No. 21-244 (D.S.C. Jan. 26, 2021) . . . . . 1

*Golden v. Google LLC*,
No. 22-5246 (N.D. Cal. Sept. 14, 2022) . . . . . 1, 2, 3, 7

**TABLE OF AUTHORITIES**
*(continued)*

*Page*

*Golden v. Google LLC*,
No. 2024-2024, 2025 WL 1752485 (Fed. Cir. June 25, 2025) . . . . . . . . . . . . . . . . . . . . . .3

*Golden v. Intel Corp.*,
No. 22-3828 (N.D. Cal. June 28, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

*Golden v. Qualcomm Inc.*,
No. 22-3283 (N.D. Cal. June 6, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

*Golden v. Samsung Elecs. Am., Inc., Case*,
No. 23-48 (N.D. Cal. Jan. 5, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 7

*Golden v. United States*,
No. 13-307 (Fed. Cl. May 1, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

*Golden v. United States*,
No. 19-104 (Fed. Cl. Jan. 17, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Golden v. United States*,
No. 23-185 (Fed. Cl. Feb. 7, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

*Golden v. United States*,
No. 23-811 (Fed. Cl. May 31, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 7, 8

*Torus Ventures LLC v. Extraco Corp.*,
No. 24-517, Docket No. 6 (E.D. Tex. Aug. 19, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## INTRODUCTION

This motion requests two procedural rulings that will allow the parties and the Court to efficiently litigate this action and avoid waste of Court resources. *First*, Google seeks an additional 45 days to respond to the pending complaint, so that Google can unpack Mr. Golden's new complaint and submit an orderly presentation of issues to the Court. Extensions of this length are routine. *Second*, Google seeks an order deferring briefing and resolution of any further motions by Mr. Golden until his claims have survived a motion to dismiss. In previous litigation, Mr. Golden has filed unsuccessful early motions for summary judgment and for an injunction, and he has said he plans to file them again in this action. The Court can and should exercise its discretion to manage its docket, avoiding a needless waste of resources and without prejudicing Mr. Golden, by deferring his further motions until the Court has confirmed that Mr. Golden may proceed with his claims.

## BACKGROUND

### A. Mr. Golden's Litigation Campaign

Over the past decade, Mr. Golden has filed thirteen complaints asserting infringement of eleven patents against the United States of America as well as Apple, Google, Intel, Qualcomm, and Samsung.[1] None of Mr. Golden's claims have made it past the pleading stage.

[1] *Golden v. United States*, No. 13-307 (Fed. Cl. May 1, 2013); *Golden v. United States*, No. 19-104 (Fed. Cl. Jan. 17, 2019); *Golden v. Apple, Inc.*, No. 19-2557 (D.S.C. Sept. 11, 2019); *Golden v. Apple, Inc.*, No. 20-2270 (D.S.C. June 16, 2020); *Golden v. Apple, Inc.*, No. 20-4353 (D.S.C. Jan. 5, 2021); *Golden v. Google LLC*, No. 21-244 (D.S.C. Jan. 26, 2021); *Golden v. Qualcomm Inc.*, No. 22-3283 (N.D. Cal. June 6, 2022); *Golden v. Intel Corp.*, No. 22-3828 (N.D. Cal. June 28, 2022); *Golden v. Apple, Inc.*, No. 22-4152 (N.D. Cal. July 15, 2022); *Golden v. Google LLC*, No. 22-5246 (N.D. Cal. Sept. 14, 2022); *Golden v. Samsung Elecs. Am., Inc.*, No. 23-48 (N.D. Cal. Jan. 5, 2023); *Golden v. United States*, No. 23-185 (Fed. Cl. Feb. 7, 2023); *Golden v. United States*, No. 23-811 (Fed. Cl. May 31, 2023).

### B. Mr. Golden's Previous Litigation Against Google in California

In 2022, Mr. Golden filed suit against Google in the Northern District of California. *Golden v. Google LLC*, No. 22-5246, Docket No. 1 (N.D. Cal. Sept. 14, 2022). Mr. Golden asserted infringement of three patents, U.S. Patent Nos. 9,096,189, 9,589,439, and 10,163,287, all concerning "anti-terrorist detection and prevention systems," specifically, "a disabling lock mechanism combined with a chemical/biological/radiological detection system for use with products grouped together by similar characteristics in order to prevent unauthorized entry, contamination and terrorist activity." '189 patent at 1:40-45; '439 patent at 1:47-52; and '287 patent at 1:57-62. Google moved to dismiss this complaint on the grounds that it "does not actually allege that Google infringes; it claims only that Google makes devices that someone else could modify, by installing additional software, into an allegedly infringing device." *Golden v. Google LLC*, No. 22-5246, Docket No. 11 at 1, 5-7. Mr. Golden opposed Google's motion. *Id.*, Docket No. 18. On the same day that he filed his opposition to Google's motion to dismiss, Mr. Golden also filed a motion for summary judgment, and a motion for a permanent injunction. *Id.*, Docket Nos. 17, 18. Google opposed both motions. *Id.*, Docket Nos. 22, 24.

The Court granted Google's motion to dismiss, holding "[t]hat a device is capable of being modified to operate in an infringing manner is not sufficient, by itself, to support a finding of infringement." *Golden v. Google LLC*, No. 22-5246, 2023 WL 5154513, at *3 (N.D. Cal. Aug. 10, 2023) (quoting *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001)). Because Mr. Golden's infringement allegations "are allegedly satisfied only when" the user modifies an accused device by installing software, "[p]laintiff fails to adequately allege direct infringement by Google." *Id.* at *3, 4. The Court granted Mr. Golden leave to amend, and denied Mr. Golden's motion for summary judgment and his motion for a permanent

injunction "as moot without prejudice to being re-filed if the case proceeds beyond the motion to dismiss stage." *Id.* at *5 (emphasis omitted).

Mr. Golden filed a first amended complaint, again alleging infringement of the '189, '439 and '287 patents, and adding infringement of U.S. Patent No. 10,984,619. *Golden v. Google LLC*, No. 22-5246, Docket No. 42 (N.D. Cal. Aug. 23, 2023). Google again moved to dismiss. *Id.*, Docket No. 44. While that motion was pending, Mr. Golden sought to re-notice his previously filed motion for summary judgment and motion for permanent injunction. *Id.*, Docket No. 56. The Court denied this request, stating that, if "the motion to dismiss is denied, the plaintiff may then file a new motion for permanent injunctive relief and cross-motion for summary judgment based on the allegations in the amended complaint." *Id.*, Docket No. 57. The Court dismissed the amended complaint without leave to amend. *Id.*, 2024 WL 1880336, at *4-5 (N.D. Cal. Apr. 3, 2024). Mr. Golden appealed. *Golden v. Google LLC*, No. 2024-2024, 2025 WL 1752485 (Fed. Cir. June 25, 2025). The Federal Circuit affirmed, finding no infringement because "Mr. Golden's infringement allegations require modification of the accused products to show infringement," and finding that "the district court did not err in finding that Mr. Golden fails to adequately allege joint infringement." *Id.* at *3.

**C. Mr. Golden Files This Action, Asserting Patents Previously Dismissed by the Northern District of California, as Affirmed by the Court of Appeals**

On September 18, 2025, Mr. Golden filed this action. Compl. In this Court, Mr. Golden asserts the '287 and '619 patents he previously asserted in the Northern District of California and on appeal to the Federal Circuit, as well as U.S. Patent Nos. 8,334,761, 11,645,898, and RE43,891, which did not appear in the previous action. Compl. at 1; *Golden v. Google LLC*, No. 22-5246, Docket No. 1 at 1; *id.,* Docket No. 42 at 2. Among other things, Mr. Golden argues

that Google's successful arguments that his previous complaints failed to allege infringement are in fact *admissions* that Google is a joint infringer of his patents. Compl. at 3. In other words, according to Mr. Golden, his previous losses in the District Court and Court of Appeals were actually hidden victories, allowing him to bring his present claims. *See generally id.*

**D.     Mr. Golden Declines to Extend Google's Time to Respond to the Complaint, and Indicates He Will File Motions for Summary Judgment and Preliminary Injunction**

Mr. Golden served Google on September 24, 2025, setting Google's deadline to file a Rule 12 response on October 15, 2025. Fed. R. Civ. P. 12(a)(1)(A)(i). On September 30, Google asked Mr. Golden to consent to a routine extension of this time by 45 days. Declaration of Brian C. Banner, Ex. 1. On October 2, Mr. Golden responded, denying this request on the grounds that Google "was given multiple opportunities to put forth any defense allowable by law." *Id.*, Ex. 2. Mr. Golden also indicated that he planned to file "a partial summary judgement on the joint infringement claim, and a motion for preliminary injunctive relief." *Id.*

## ARGUMENT

**I.     The Court Should Grant Google Additional Time to Respond to the Complaint**

Google respectfully requests the Court exercise its discretion to extend the time for Google's response to Mr. Golden's complaint by 45 days to Monday, December 1. *See* Fed. R. Civ. P. 6(a)(2)(C). "An application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Reed Migraine Ctrs. of Texas, PLLC v. Chapman*, No. 14-1204, 2020 WL 869888, at *1 (N.D. Tex. Feb. 21, 2020) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (4th ed. 2008)). "If a party makes a request for additional time 'before the original time or its extension expires,' then the court 'may, for good cause,

extend the time' for the filing deadline." *St. Pierre v. Dearborn Nat'l Life Ins. Co.*, No. 19-223, 2020 WL 6122555, at *5 (W.D. Tex. Apr. 14, 2020) (quoting Fed. R. Civ. P. 6(b)(1)(A)). "Despite the 'good cause' language, this standard is 'lenient.'" *Ramirez v. Equifax Info. Servs., LLC*, No. 24-94, 2024 WL 1021027, at *1 (E.D. Tex. Mar. 8, 2024) (quoting *Devillier v. Texas*, No. 20-223, 2023 WL 2744398, at *1 (S.D. Tex. Mar. 31, 2023)). "Provided the request for an extension is made prior to the expiration of the time limit at issue, the court 'may extend the period for any reason.'" *Id.* (quoting *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021)).

Google has good cause for this request. Google will use its additional time to unpack the allegations in Mr. Golden's complaint, compare them to the allegations in the previous action, and structure its Rule 12 response to ensure that this Court does not unnecessarily consider issues already resolved against Mr. Golden. To allow just this kind of orderly presentation of issues, this Court and neighboring courts routinely approve extensions of 45 days in patent cases, and parties rarely oppose them. *See, e.g.*, *Allani v. Google LLC*, No. 24-305, Docket No. 9 (W.D. Tex. July 17, 2024) (unopposed motion seeking 45 days extension for Rule 12 response); *Torus Ventures LLC v. Extraco Corp.*, No. 24-517, Docket No. 6 (E.D. Tex. Aug. 19, 2024) (same); *cf. Longitude Licensing Ltd. v. Apple, Inc.,* No. 25-215 (W.D. Tex. Feb. 13, 2025) (standing order noting that "[t]he Court is generally willing to extend the response to the Complaint up to 45 days if agreed by the parties"). This Court should follow its usual practice, usually agreed by the parties, and grant the same here.

Mr. Golden will suffer no prejudice here. He does not compete with Google and does not claim to practice the asserted patents. Delay alone is insufficient to deny an opposed request for extension of time to respond under Rule 12. *See, e.g., Ramirez*, 2024 WL 1021027, at *1.

The Court should therefore grant Google's request for an additional 45 days to respond to the complaint, until December 1, 2025.

**II. The Court Should Defer Briefing and Resolution of Any Further Motions By Mr. Golden Until His Claims Have Survived a Motion to Dismiss**

Google further respectfully requests that the Court defer briefing and resolution of any further motions by Mr. Golden until his claims have survived a motion to dismiss. The Supreme Court "has long recognized that a district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016). This kind of "determination, particularly regarding questions of the timing and sequence of motions in the district court, best lies at the district court's discretion." *Enlow v. Tishomingo Cty.*, 962 F.2d 501, 507 (5th Cir. 1992); *see Hudson v. Cleco Corp.,* 539 F. App'x 615, 617-18 (5th Cir. 2013); *Palacios v. City of Crystal City*, No. 11-53, 2013 WL 12177177, at *18 (W.D. Tex. Sept. 30, 2013); 1 *Moore's Federal Practice*, Civil § 1.21 (2025).

District courts routinely use this authority to structure what motions parties may file and when they may file them. *See, e.g.*, *Sanders v. Illinois Dep't of Cent. Mgmt. Servs.*, No. 09-3207, 2011 WL 817554, at *2 (C.D. Ill. Mar. 1, 2011) (barring summary judgment motions until the close of discovery); *Davis v. Atencio*, No. 17-505, 2018 WL 4100663, at *3 (D. Idaho Aug. 28, 2018) (denying motion for summary judgment, allowing plaintiff to refile after discovery closes); *Hicks v. T.L. Cannon Corp.*, 66 F. Supp. 3d 312, 314 (W.D.N.Y. 2014) (barring dispositive motions until close of fact discovery); *see also* 33 Michele M. Hughes, *Fed. Proc., L. Ed.* § 77:16 (2025). In *James v. Hunt,* the Eleventh Circuit held that a district court "did not abuse its

discretion by staying the proceedings, filings, and discovery until ruling on the Defendants' pending motions for judgment on the pleadings and motions to dismiss," finding that

> The court's decision to stay the proceedings and filings furthered the goals of controlling the case and saving the time and effort of the court, counsel, and the parties, as the Plaintiffs had filed a substantial amount of motions and other rulings, many of which were frivolous, within three months of the commencement of the lawsuit.

761 F. App'x 975, 981 (11th Cir. 2018). Indeed, in Mr. Golden's previous action against Google, the Northern District of California used this authority to deny his request to re-notice his motion for summary judgment and motion for a permanent injunction pending its consideration of the pleadings. *Golden v. Google LLC*, *supra*, Docket No. 57; *see supra* § B.

This Court should do the same. Mr. Golden has indicated that he will file a motion for summary judgment and a motion for an injunction. *See supra* § D. Over the course of his litigation campaign, *see supra* § A, Mr. Golden has filed similar motions, always unsuccessfully. *Golden v. Qualcomm, Inc.*, No. 22-3283, Docket No. 22 (N.D. Cal Aug. 1, 2022) (motion for summary judgment filed before resolution of motion to dismiss); *id.*, Docket No. 34 (N.D. Cal Aug. 23, 2022) (motion for permanent injunction filed before resolution of motion to dismiss); *Golden v. Intel Corp.*, No. 22-3828, Docket No. 18 (N.D. Cal Sept. 1, 2022) (motion for summary judgment filed before resolution of motion to dismiss); *Golden v. Apple, Inc.*, No. 22-4152, Docket No. 15 (N.D. Cal. Sept. 8, 2022) (motion for summary judgment filed before resolution of motion to dismiss); *Golden v. Intel Corp.*, No. 22-3828, Docket No. 27 (N.D. Cal. Nov. 8, 2022) (motion for permanent injunction filed before resolution of motion to dismiss); *Golden v. Samsung Elecs. Am., Inc.,* No. 23-48, Docket No. 20 (N.D. Cal. Feb. 28, 2023) (motion for summary judgment filed before resolution of motion to dismiss); *Golden v. United States*, No. 23-811, Docket No. 9 (Fed. Cl. June 20, 2023) (motion for summary judgment filed before

resolution of motion to dismiss). In each of these cases, the Court not only denied Mr. Golden's early motions for summary judgment or permanent injunction or both, but also dismissed Mr. Golden's complaint and was affirmed by the Court of Appeals. This Court should avoid unnecessary waste of judicial resources by ordering that Mr. Golden may bring any further motions once his complaint has survived a motion to dismiss.

## CONCLUSION

For the reasons set forth above, the Court should grant Google's request for an additional 45 days to respond to the complaint, until December 1, 2025, and order deferment of briefing and resolution of any further motions by Mr. Golden until his claims have survived a motion to dismiss.

Date: October 8, 2025

Respectfully submitted,

*/s/ Brian C. Banner*

Brian C. Banner (State Bar No. 24059416)
Valerie Barker (State Bar No. 24087141)
SLAYDEN GRUBERT BEARD PLLC
401 Congress Avenue, Suite 1650
Austin, Texas, 78701
+1 (512) 402-3569
+1 (512) 402-6865 facsimile
bbanner@sgbfirm.com
vbarker@sgbfirm.com

Matthew S. Warren
Erika H. Warren
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-434@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

**CERTIFICATE OF CONFERENCE**

I certify that on Wednesday, October 8, 2025, under Local Rule CV-7(g), the parties met and conferred in a good-faith attempt to resolve this matter by agreement. Defendant provided its position on this motion to plaintiff, and plaintiff expressed his opposition to this motion.

*/s/ Brian C. Banner*
Brian C. Banner

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2025, I served the foregoing Defendant Google LLC's Motion for Extension of Time to Respond to the Complaint and for Case Management Order on the plaintiff by First Class Mail at the following address:

Larry Golden
740 Woodruff Road, No. 1102
Greenville, South Carolina, 29607

by placing it in a sealed envelope with postage paid and placing the envelope in the exclusive custody of the United States Postal Service.

On the same day, I also sent a courtesy copy of this document by electronic mail to Mr. Golden at atpg-tech@charter.net.

Kailey Fung