**FILED**
October 14, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____lad_____
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS –
WACO DIVISION

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

Phone (864) 992-7104

Email: atpg-tech@charter.net

---

| | |
|---|---|
| LARRY GOLDEN, <br><br> Plaintiff, <br><br> V. <br><br> GOOGLE LLC <br><br> Defendants. | CIVIL CASE NO: 6:25-cv-00434-LS <br><br> **JURY TRIAL DEMANDED** <br><br> **(Joint Patent Infringement)** <br> **(Direct Patent Infringement),** <br> **(Willful Patent Infringement),** <br><br> October 10, 2025 |

**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Rule 56(a): Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Rule 56(c)(1): Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Rule 56(c)(4): Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**No Genuine Dispute**

In the S.C. District Court, *Golden v. Google*, LLC, Golden's case was dismissed because Google's defense was that Golden's claims of infringement against Google was Frivolous. On appeal, the Federal Circuit vacated and remanded the case back to the District Court decided Golden's case was not frivolous.

In the Northern District of California Court, *Golden v. Google*, LLC, the Court construed three claim limitations that requires a CBRNE-H detection capability. Under that construction the Court determined the various means of connectivity (i.e., software, internet, wi-fi, NFC, GPS, Bluetooth, etc.) all require modification to function as a sensing device. The Federal Circuit decided with Google that modification was needed to function as a sensing device.

Google have had multiple opportunities to challenge the validity of Golden's patent claims in District Courts. Golden's specifications for all of his patents are the same and the specifications of Golden's patents was challenged at the PTAB in 2014-2015, which means Google is estoppel from petitioning the PTAB for *inter partes review* on the same specifications.

"In the Decision to Institute, we construed certain claim terms. Those constructions are reproduced in the chart below.

| Claim Term | Construction |
|---|---|
| "built in, embedded" (claim 74) | "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device" |
| "communication device" (claim 81) | "monitoring equipment" |

Dec. to Inst. 11–16.

2

>No party challenges these constructions. Both of these terms were modified or removed in the amendment. To the extent that any of these constructions remain relevant after the amendment, we see no reason to modify them.
>We further determined that no explicit construction was necessary for any other claim terms. Dec. to Inst. 10–11. Based on the record adduced during trial, we see no need to construe any other terms."

The Federal Circuit in *Golden v. Google LLC* Case No. 22-1267 stated: "In the Google case, the district court ***again*** concluded that Mr. Golden's complaint was frivolous. Here, however, Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" … "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features … Mr. Golden has made efforts to identify exactly how the accused products meet the limitations of his claims in this chart."

The Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 examined and determined Golden has described how the Google "smartphone", that include the ATAK software and CBRN plugin sensors allegedly infringes at least claim 5 of Golden's '287 Patent; claim 23 of Golden's '439 Patent; and claim 1 of Golden's '189 Patent.

In *Larry Golden v. Google, LLC* NDC Case 3:22-cv-05246-RFL "Order Granting Motion to Dismiss with Leave to Amend" Document 41 Filed 08/10/23; the then presiding Judge Haywood S. Gilliam, Jr. agreed with the Defendant that the Google Pixel devices only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

In *Larry Golden v. Google, LLC* NDC Case 3:22-cv-05246-RFL "Order Granting Motion to Dismiss and Denying leave to File a Surreply" Document 68 Filed 04/03/24; the current presiding Judge Rita F. Lin agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

In the most recent case of *Golden v. Google LLC.*, Case No. 24-2024, Dkt. 41; filed 06/25/2025, three Federal Circuit judges again confirm, infringement of Plaintiff's patented

3

CMDC device occurs when a mobile, consumer, or cellular device, is integrated with, or interconnected to a CBRNE detection capability. The Circuit's opinion includes the following:

"We conclude that the district court did not err in finding that Mr. Golden's five infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." Decision at *1;

"Mr. Golden's five infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." Decision at *1; see also *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) (finding no infringement when the accused products "do not infringe without modification—the modification of installing the required software."). Mr. Golden's first theory of infringement requires the ***use of the third-party app*** "ATAK-CIV" for at least two limitations of each asserted claim. App'x 300–302 ¶¶ 56 63; see also App'x 400–407. Mr. Golden's second theory of infringement requires the use of "***NFC tags***," which are external to Google products. App'x 307 ("NFC-enabled smartphones communicate with NFC tags."); see also App'x 408–415. Mr. Golden's third theory of infringement requires using "Google's camera lens with [a] microfluidic lens" that "***uses [a] microscope*** to focus on a chemical sensor." App'x 420–422 (emphasis added); see also App'x 416 423. Mr. Golden's fourth theory of infringement requires ***external sensors*** that the complaint alleges must be added on to Google's device. App'x 308; see also App'x 424–431. Mr. Golden's fifth theory of infringement requires "Google Beacon," ***a separate device***. App'x 308; see also App'x 432 439. Therefore, each of Mr. Golden's direct infringement theories solely against Google fails because Mr. Golden's infringement allegations require modification of the accused products to show infringement."

| # of Judge(s) | Case Number | Case Title | Court | Filed - Closed |
|---|---|---|---|---|
| Three Appellate Judges | 2022cvpri01267 | Golden v. Google LLC | U.S. Court Of Appeals, Federal Circuit | 12/16/2021 - *09/08/2022* |
| One District Judge | 3:2023cv00048 | Golden v. Samsung Electronics America, Inc. | California Northern District Court | 01/05/2023 - *06/08/2023* |

| Three Appellate Judges | 2023cvpri02120 | Golden v. Samsung Electronics America, Inc. | U.S. Court Of Appeals, Federal Circuit | 07/07/2023 - *02/12/2024* |
| One District Judge | 3:2022cv05246 | Golden v. Google LLC | California Northern District Court | 09/14/2022 - *04/03/2024* |
| One District Judge | 3:2022cv05246 | Golden v. Google LLC | California Northern District Court | 09/14/2022 - *04/03/2024* |
| Three Appellate Judges | 2024cvpri02024 | Golden v. Google LLC | U.S. Court Of Appeals, Federal Circuit | 07/01/2024 - *06/25/2025* |

Twelve (12) federal judges all confirmed that infringement of Golden's patented CMDC device occurs when there's a mobile, consumer, or cellular device that is integrated with, or interconnected to, a CBRNE-H detection capability.

Twelve (12) federal judges also confirmed Golden had surpassed the burden of proving with a preponderance of evidence that Google is potentially liable for directing and controlling the timing in which the actors in a joint infringement arrangement; infringes Golden's patented CMDC device of a mobile, consumer, or cellular device; integrated with, or interconnected to; a CBRNE-H detection capability.

Transferring this case back to the Northern District of California (NDC) Court would extremely prejudice Golden's case. A patent infringement claim is an issue-of-fact to be tried by a jury [U.S. CONS'T. 7th Amend.] Golden claimed the integration of a mobile device and detection capability is a process; Google argued it is a modification. Both arguments are issues of facts to be tried by a jury. The NDC Court deprived Golden of his guaranteed right to a jury trial.

Google was given multiple opportunities to defend or respond to Golden's allegation's that Google's Pixel smartwatches; Google's Tensor CPUs; and Google's Android Operating Systems [equivalent to Golden's transceivers]; but never defended Golden's allegations of infringement.

Willful Blindness basically means notice is not required for willful patent infringement. In 2011, in *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060 (2011) the U.S. Supreme Court ruled that actual knowledge of a patent is not required for inducement to infringe. Willful blindness provided the inducement. In *Global-Tech*, the defendant copied the plaintiff's product, and then had a patent attorney do a right-to-use study without telling the patent attorney that a competitor's design had been copied.

In 2015, in *Suprema v. ITC* (Investigation No. 337-TA-720), the Federal Circuit held that willful blindness is established by (1) a subjective belief of a high probability that a fact exists and (2) deliberate action to avoid learning that fact. In *Suprema,* willful blindness was found with less egregious facts than in *Global-Tech*. The *Suprema* facts were mainly that Suprema was aware that Cross Match was a competitor, and that *Suprema* had researched and identified other Cross Match patents.

## GOOGLE IS THE "MASTERMIND"

The Northern District of California Court construed Golden's apparatus claims away from the components of what forms the Google device [apparatus], to defining a specific *method* process or series of steps to achieve a particular result.

In the "OPINION" of the Federal Circuit in *Golden v. Google LLC* CAFC Case: 24-2024 Document: 41 Page: 6 Filed: 06/25/2025, Golden's five infringement theories all require "installing the required software".

> "We conclude that the district court did not err in finding that Mr. Golden's five infringement "theories all require that the accused products be *modified* in some way for them to infringe on the patents-in-suit." Decision at *1; see also *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) (finding no infringement when the accused products "do not infringe without *modification*—the *modification* of installing the required software.")." …

> "Therefore, each of Mr. Golden's direct infringement theories solely against Google fails because Mr. Golden's infringement allegations require *modification* of the accused products to show infringement." *Golden v. Google LLC* CAFC Case: 24-2024 Document: 41 Page: 6 Filed: 06/25/2025

The term *modification* typically refers to changes made to something, which does not directly apply to the act of downloading an app. Downloading a mobile app is a process.

The Doctrine of Joint Infringement is an exception to the general rule that direct infringement only occurs if one actor performs all the steps of a method claim. The doctrine permits a patentee to attribute the actions of others to the alleged direct infringer so long as those other actors are working under the "direction or control" of the alleged infringer – The doctrine

6

is designed to prevent an accused infringer from escaping liability by having someone else perform one or more of the required steps – Where parties are merely cooperating at arm's length

As the Federal Circuit noted in *Muniauction*: – "…where the actions of multiple parties combine to perform every step of a claimed method, the claim is directly infringed only if one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party, i.e., the ***mastermind***.'" *Muniauction, Inc. v. Thomson Corp.* 532 F.3d 1318, 1329 (Fed. Cir. 2008) (emphasis added)

Golden alleges Google is the "mastermind" exercising 'control or direction' over the entire process of allegedly, jointly infringing Golden's central processing units (CPUs).

There are no genuine disputes to Golden's joint infringement claims. Partial Summary Judgement in Golden's favor is just. If Partial Summary Judgement cannot be recognized at this time and there seems to be a genuine dispute remaining, Golden is asking the Court to proceed directly to a trial by jury; without delay. Joint Infringement Claim Charts: ***Exhibits A-F***

Sincerely,

s/ *Larry Golden*

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

(P) 8649927104

Email: atpg-tech@charter.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of October, 2025, a true and correct copy of the foregoing "Plaintiff's Motion for Partial Summary Judgement for 'Reasonable and Entire Compensation'", was served upon the following Defendant via express mail:

        Brian C. Banner (State Bar No. 24059416)

        Valerie Barker (State Bar No. 24087141)

        SLAYDEN GRUBERT BEARD PLLC

        401 Congress Avenue, Suite 1650

        Austin, Texas, 78701

        +1 (512) 402-3569

        +1 (512) 402-6865

        facsimile bbanner@sgbfirm.com

        vbarker@sgbfirm.com

        *s/ Larry Golden*

        Larry Golden, Pro Se

        740 Woodruff Rd., #1102

        Greenville, South Carolina 29607

        atpg-tech@charter.net

        864-992-7104

10, 2025

$33.40

S2322H500766-7

# PRIORITY MAIL EXPRESS®

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

RECEIVED
OCT 14 2025
CLERK
WESTE... ...RT ...TEXAS
BY: _____ DEPUTY CLERK

96

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



EP13F October 2023

## UNITED STATES POSTAL SERVICE® — PRIORITY MAIL EXPRESS®



**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)   PHONE ( )

LARRY GOLDEN
740 WOODRUFF RD.
#1102
GREENVILLE, SC 29607

**DELIVERY OPTIONS (Customer Use Only)**
☒ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.
Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
  *Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)   PHONE ( )

U.S. DISTRICT COURT FOR THE WESTERN DISTRICT
OF TEXAS - WACO DIVISION
CASE NO: 25-0434
800 FRANKLIN AVE. ROOM 380
WACO, TEXAS

ZIP + 4® (U.S. ADDRESSES ONLY)

7 6 7 0 1 - ___ ___ ___ ___

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

◄ PEEL FROM THIS CORNER


EI 935 866 594 US

**PAYMENT BY ACCOUNT (if applicable)**
Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**
☐ 1-Day  ☒ 2-Day  ☐ Military  ☐ DPO

| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage |
|---|---|---|
| 29606 | 10/14/25 | $ 33.40 |

| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee |
|---|---|---|---|
| 10/10/25 | ☒ 6:00 PM | $ | $ |

| Time Accepted | | Return Receipt Fee | Live Animal Transportation Fee |
|---|---|---|---|
| 2:39 ☐ AM ☒ PM | | $ | $ |

| Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees |
|---|---|---|
| $ | $ | 33.40 |

| Weight | ☒ Flat Rate | Acceptance Employee Initials |
|---|---|---|
| 1 lbs. 3.3 ozs. | |  |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature |
|---|---|---|
| | | |

| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature |
|---|---|---|
| | | |

LABEL 11-B, NOVEMBER 2023   PSN 7690-02-000-9996







UNITED STATES POSTAL SERVICE