**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| LARRY GOLDEN, | § | |
| | § | |
| Plaintiff, | § | Case No. 6:25-cv-00434-LS |
| | § | |
| v. | § | |
| | § | |
| GOOGLE LLC | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT GOOGLE LLC'S OPPOSITION
<u>TO MOTION FOR PERMANENT INJUNCTION</u>**

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

A.     The Asserted Patents and Plaintiff's Litigation Campaign . . . . . . . . . . . . . . . . . . . . . . . .1

B.     Mr. Golden's Current Litigation Against Google . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.     The Court Should Rule on Google's Motion to Transfer Before This Motion . . . . . . . . . .3

II.    Plaintiff Cannot Seek a Permanent Injunction Before Actual Success on the Merits . . . . .3

III.   Plaintiff Fails to Show Any of the Elements Required For a Preliminary Injunction . . . . .4

       A.     Plaintiff Cannot Establish a Likelihood of Success On The Merits . . . . . . . . . . . 4

       B.     Plaintiff Cannot Establish the Other Elements Required For an Injunction . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

## <u>TABLE OF AUTHORITIES</u>

*Page*

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
　694 F.3d 1312 (Fed. Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Aevoe Corp. v. AE Tech Co.*,
　727 F.3d 1375 (Fed. Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Allen v. Experian Info. Sols. Inc.*,
　No. 24-157, 2024 WL 2988960 (W.D. Tex. June 13, 2024) . . . . . . . . . . . . . . . . . . . . . . 6

*Amoco Prod. Co. v. Village of Gambell*,
　480 U.S. 531 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Apple Inc.*,
　979 F.3d 1332 (Fed. Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Apple Inc. v. Samsung Elecs. Co.*,
　809 F.3d 633 (Fed. Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*BeatStars, Inc. v. Space Ape Ltd.*,
　624 F. Supp. 3d 681 (W.D. Tex. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7-9

*Bianco v. Globus Med., Inc.*,
　No. 12-147, 2014 WL 1049067 (E.D. Tex. Mar. 17, 2014) . . . . . . . . . . . . . . . . . . . . . . 7

*Big Tyme Invs., L.L.C. v. Edwards*,
　985 F.3d 456 (5th Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7, 8

*CAE Integrated, L.L.C. v. Moov Techs., Inc.*,
　44 F.4th 257 (5th Cir. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Celgard, LLC v. LG Chem, Ltd.*,
　624 F. App'x 748 (Fed. Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Douglas Dynamics, LLC v. Buyers Prods. Co.*,
　717 F.3d 1336 (Fed. Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Dresser-Rand Co. v. Virtual Automation Inc.*,
　361 F.3d 831 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Future Proof Brands, L.L.C. v. Molson Coors Beverage Co.*,
　982 F.3d 280 (5th Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Golden v. Apple*,
　22-1229, 22-1267, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022) . . . . . . . . . . . . . . . . . . 5

**TABLE OF AUTHORITIES**
(*continued*)

*Page*

*Golden v. Google LLC*,
No. 22-5246, 2023 WL 5154513 (N.D. Cal. Aug. 10, 2023) . . . . . . . . . . . . . . . . . . . . . . . 2, 5

*Golden v. Google LLC*,
No. 22-5246, 2024 WL 1880336 (N.D. Cal. Apr. 3, 2024) . . . . . . . . . . . . . . . . . . . . . . . 5

*Golden v. Google LLC*,
No. 24-2024, 2025 WL 1752485 (Fed. Cir. June 25, 2025) . . . . . . . . . . . . . . . . . . . . . . . 5

*Golden v. Intel Corp.*,
642 F. Supp. 3d 1066 (N.D. Cal. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Golden v. Qualcomm, Inc.*,
No. 22-3283, 2023 WL 2530857 (N.D. Cal. Mar. 15, 2023) . . . . . . . . . . . . . . . . . . . . . . . 2

*Golden v. Samsung Elecs. Am., Inc.*,
No. 23-2120, 2024 WL 539973 (Fed. Cir. Feb. 12, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Hyundai Motor Am., Inc. v. Direct Techs. Int'l, Inc.*,
No. 17-732, 2019 WL 3403370 (W.D.N.C. July 26, 2019) . . . . . . . . . . . . . . . . . . . . . . . 6

*i4i Ltd. P'ship v. Microsoft Corp.*,
598 F.3d 831 (Fed. Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*ITT Educ. Servs., Inc. v. Arce*,
533 F.3d 342 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Koppula v. Jaddou*,
No. 22-844, 2022 WL 18034367 (W.D. Tex. Nov. 2, 2022) . . . . . . . . . . . . . . . . . . . . . . . 4

*Mesa Hills Specialty Hosp. v. Becerra*,
730 F. Supp. 3d 342 (W.D. Tex. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Miss. Power & Light Co. v. United Gas Pipeline Co.*,
760 F.2d 618 (5th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*PCI Transp. Inc. v. W. R.R. Co.*,
418 F.3d 535 (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

*Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*,
692 F.3d 343 (5th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Sgromo v. Target Brands Inc.*,
No. 21-1702, 2021 WL 4592277 (Fed. Cir. Oct. 6, 2021) . . . . . . . . . . . . . . . . . . . . . . . . 4

# TABLE OF AUTHORITIES

*(continued)*

*Page*

*Solas OLED Ltd. v. Samsung Elecs. Co.*,
    No. 21-105, 2022 WL 1912874 (E.D. Tex. May 30, 2022) . . . . . . . . . . . . . . . . . . . . . . . 7

*Space Expl. Techs., Corp. v. Nat'l Lab. Rels. Bd.*,
    129 F.4th 906 (5th Cir. 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Tex. Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am. Inc.*,
    No. 08-451, 2019 WL 4805916 (E.D. Tex. Oct. 1, 2019). . . . . . . . . . . . . . . . . . . . . . . . 8

*Tiede v. Collier*,
    796 F. Supp. 3d 275 (W.D. Tex. 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Trebro Mfg. v. Firefly Equip. LLC*,
    748 F.3d 1159 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Villareal v. Saenz*,
    No. 20-571, 2021 WL 1940620 (W.D. Tex. May 14, 2021) . . . . . . . . . . . . . . . . . . . . . .3

*Winter v. Nat. Res. Def. Council, Inc.*,
    555 U.S. 7 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*WSOU Invs. LLC v. ZTE Corp.*,
    No. 20-487, 2022 WL 479131 (W.D. Tex. Feb. 16, 2022) . . . . . . . . . . . . . . . . . . . . . . 3

*Other Authorities*                                     *Page*

11A Wright & Miller's *Federal Practice & Procedure* § 2948.1 (3d ed. 2022) . . . . . . . . . . . . . .7

*Golden v. Google LLC*,
    No. 22-5246, Docket No. 17 (N.D. Cal. Nov. 1, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Golden v. Google LLC*,
    No. 22-5246, Docket No. 56 (N.D. Cal. Dec. 4, 2023). . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Golden v. Intel Corp.*,
    No. 22-3828, Docket No. 27 (N.D. Cal. Nov. 8, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . .1,2

*Golden v. Qualcomm, Inc.*,
    No. 22-3283, Docket No. 34 (N.D. Cal. Aug. 23, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Golden v. Google*,
    No. 22-5246, Docket No. 57 (N.D. Cal. Dec. 5, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## INTRODUCTION

Plaintiff's motion for permanent injunctive relief fails for at least three independent reasons. Plaintiff cannot seek permanent injunctive relief without first winning the case, which he has not. Plaintiff cannot obtain any injunctive relief without showing likelihood of success on the merits, which he does not. And plaintiff cannot obtain any injunctive relief without showing that he will prevail on irreparable injury, the balance of the equities, and the public interest— which, again, he has not. Plaintiff provides no basis on which the Court could grant any relief, let alone the sweeping injunction he seeks. The Court should deny this motion.

## BACKGROUND

### A.    The Asserted Patents and Plaintiff's Litigation Campaign

Plaintiff Larry Golden holds twelve patents including the five he asserts in this action, U.S. Patent Nos. 8,334,761, 10,163,287, 10,984,619, 11,645,898, and RE43,891. Since 2013, Mr. Golden has asserted his portfolio in an unsuccessful litigation campaign, filing thirteen complaints claiming infringement of eleven patents against the United States of America as well as Apple, Google, Intel, Qualcomm, and Samsung.[1] None of Mr. Golden's claims have made it past the pleading stage. *See id.* At least four previous times, including twice against Google, Mr. Golden has sought injunctive relief in response to a motion to dismiss his complaint.[2] No court

---

[1] *Golden v. United States*, No. 13-307 (Fed. Cl. May 1, 2013); *Golden v. United States*, No. 19-104 (Fed. Cl. Jan. 17, 2019); *Golden v. Apple, Inc.*, No. 19-2557 (D.S.C. Sept. 11, 2019); *Golden v. Apple, Inc.*, No. 20-2270 (D.S.C. June 16, 2020); *Golden v. Apple, Inc.*, No. 20-4353 (D.S.C. Jan. 5, 2021); *Golden v. Google LLC*, No. 21-244 (D.S.C. Jan. 26, 2021); *Golden v. Qualcomm Inc.*, No. 22-3283 (N.D. Cal. June 6, 2022); *Golden v. Intel Corp.*, No. 22-3828 (N.D. Cal. June 28, 2022); *Golden v. Apple, Inc.*, No. 22-4152 (N.D. Cal. July 15, 2022); *Golden v. Google LLC*, No. 22-5246 (N.D. Cal. Sept. 14, 2022); *Golden v. Samsung Elecs. Am., Inc.*, No. 23-48 (N.D. Cal. Jan. 5, 2023); *Golden v. United States*, No. 23-185 (Fed. Cl. Feb. 7, 2023); *Golden v. United States*, No. 23-811 (Fed. Cl. May 31, 2023).
[2] *Golden v. Qualcomm, Inc.*, No. 22-3283, Docket No. 34 (N.D. Cal. Aug. 23, 2022); *Golden v. Google LLC*, No. 22-5246, Docket No. 17 (N.D. Cal. Nov. 1, 2022); *Golden v. Intel*

has granted Mr. Golden's previous requests for injunctive relief.  *See Golden v. Intel Corp.*, 642 F. Supp. 3d 1066 (N.D. Cal. 2022); *Golden v. Qualcomm, Inc.*, No. 22-3283, 2023 WL 2530857 (N.D. Cal. Mar. 15, 2023); *Golden v. Google*, No. 22-5246, 2023 WL 5154513 (N.D. Cal. Aug. 10, 2023); *id.*, Docket No. 57 (N.D. Cal. Dec. 5, 2023).

**B.    Mr. Golden's Current Litigation Against Google**

On September 18, 2025, plaintiff Larry Golden filed this action against Google, asserting infringement of five U.S. Patents by Google's Tensor Central Processing Unit and Tensor Processing Unit and Waymo "Self Drive Vehicles."  Compl.  On December 1, 2025, Google moved to dismiss the complaint.  Docket No. 13.  On December 10, 2025, Google moved to transfer this action to the Northern District of California.  Docket No. 15.  On December 8, 2025, Mr. Golden filed this motion, requesting that this Court "[i]ssue a permanent injunction order" that would prohibit Google and its affiliates from

> engaging in the distribution, offering for sale, sale, use after importation, sale after importation, and other transfer within the United States of Google products that infringe one or more claims of the Asserted Patents, including, for example, the Google Pixel 8, 8 pro, 9, 9 pro, 10, 10 Pro, and the Pixel 8, 9, and 10 Fold smartphones; the Google Megapixel Cameras; and, the Google Tensor CPU/Chipsets that are embedded in each of Google smartphones.

Mot. at 29-30; *see id.* at 22-30.  To support this sweeping request, Mr. Golden claims that "twelve Federal Judges" have "determined infringement" of Mr. Golden's patents "when a mobile, consumer, or cellular device is integrated with, or interconnected to, a CBRNE-H detection capability."  *Id.* at 22.  Mr. Golden then acknowledges the "balancing test that courts typically employ in determining whether to issue an injunction," but addresses this "balancing test" only by submitting Exhibits A through F, which Mr. Golden asserts constitute "Plaintiff's

---

*Corp.*, No. 22-3828, Docket No. 27 (N.D. Cal. Nov. 8, 2022); *Golden v. Google*, No. 22-5246, Docket No. 56 (N.D. Cal. Dec. 4, 2023).

ITC Section 337 Complaint." *Id.* at 23; *see id.* at 22-23.  Most of Mr. Golden's motion addresses

his "proposed early settlement" of this action for $1.26 billion.  *Id.* at 24; *see id.* at 24-29.

<u>**ARGUMENT**</u>

I.      **The Court Should Rule on Google's Motion to Transfer Before This Motion**

"[O]nce a party files a transfer motion, disposition of that motion should take top priority

in the case." *In re Apple Inc.*, 979 F.3d 1332, 1343 (Fed. Cir. 2020); *see also, e.g., Space Expl.*

*Techs., Corp. v. Nat'l Lab. Rels. Bd.*, 129 F.4th 906, 911 (5th Cir. 2025).  This Court has

accordingly "prioritize[d] deciding transfer motions before reaching the merits of the case."

*WSOU Invs. LLC v. ZTE Corp.*, No. 20-487, 2022 WL 479131, at *1 (W.D. Tex. Feb. 16, 2022).

Doing so is particularly appropriate in this action, which Mr. Golden filed after receiving adverse

rulings from the Northern District of California, and where Google asserts those adverse rulings

are res judicata here.  This Court should rule on Google's motion to transfer before this motion.

II.     **Plaintiff Cannot Seek a Permanent Injunction Before Actual Success on the Merits**

Plaintiff seeks "a permanent injunction order" against Google.  Mot. at 29.  This request

is improper, and the Court should deny it.  To obtain a permanent injunction, a "plaintiff must

prevail on the merits" of at least one claim.  *Dresser-Rand Co. v. Virtual Automation Inc.*, 361

F.3d 831, 847 (5th Cir. 2004) (citing *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546

n.12 (1987)).  Mr. Golden has not "prevail[ed] on the merits" of any claim; he filed this case on

September 18, and it is still at the pleading stage, with Google's motion to dismiss pending.

Under these circumstances, Mr. Golden's "request for permanent injunctive relief is premature at

this juncture." *Villareal v. Saenz*, No. 20-571, 2021 WL 1940620, at *6 (W.D. Tex. May 14,

2021) (citing *ITT Educ. Servs., Inc. v. Arce*, 533 F.3d 342, 347 (5th Cir. 2008)).  The Court can

and should deny plaintiff's motion for this reason alone.

### III.    Plaintiff Fails to Show Any of the Elements Required For a Preliminary Injunction

Even if the Court construed plaintiff's motion as seeking a preliminary injunction rather than a permanent one, it would find that the motion fails to show any entitlement to injunctive relief.  "The decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *BeatStars, Inc. v. Space Ape Ltd.*, 624 F. Supp. 3d 681, 686 (W.D. Tex. 2022) (quoting *Miss. Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).  To receive a preliminary injunction, Mr. Golden must show four elements:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.

*BeatStars,* 624 F. Supp. 3d at 686 (citing *Big Tyme Invs., L.L.C. v. Edwards*, 985 F.3d 456, 463-64 (5th Cir. 2021)).[3]  "The party seeking injunctive relief carries the burden of persuasion on all four requirements." *Koppula v. Jaddou*, No. 22-844, 2022 WL 18034367, at *2 (W.D. Tex. Nov. 2, 2022) (citing *PCI Transp. Inc. v. W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005)). "Failure to prove any one of the elements will result in denial of the preliminary injunction." *BeatStars,* 624 F. Supp. 3d at 686 (citing *Future Proof Brands, L.L.C. v. Molson Coors Beverage Co.*, 982 F.3d 280, 289 (5th Cir. 2020)).  Plaintiff has not met this burden on any element.

### A.    Plaintiff Cannot Establish a Likelihood of Success On The Merits

To receive a preliminary injunction, plaintiff must show a "substantial likelihood of success on the merits." *BeatStars,* 624 F. Supp. 3d at 686 (citing *Big Tyme Invs.*, 985 F.3d at 463-64).  Plaintiff's motion fails to do so.  The motion briefly claims that "twelve Federal

---

[3] "Because the grant, denial, or modification of a preliminary injunction is not unique to patent law, we apply the regional circuit law when reviewing and interpreting such decisions." *Sgromo v. Target Brands Inc.*, No. 21-1702, 2021 WL 4592277, at *3 (Fed. Cir. Oct. 6, 2021) (citing *Aevoe Corp. v. AE Tech Co.*, 727 F.3d 1375, 1381 (Fed. Cir. 2013)).

Judges" have "determined infringement" of Mr. Golden's patents "when a mobile, consumer, or cellular device is integrated with, or interconnected to, a CBRNE-H detection capability" (Mot. at 22), but plaintiff gravely misreads these courts' prior rulings.  One appellate panel expressed "no opinion as to the adequacy of the complaint or claim chart except that it is not facially frivolous," *Golden v. Apple*, 22-1229, 22-1267, 2022 WL 4103285, at *2 (Fed. Cir. Sept. 8, 2022), while the other courts, including those evaluating those same "not facially frivolous" allegations, concluded that Mr. Golden's allegations could not support a claim of infringement. *Id.*; *see Golden v. Samsung Elecs. Am., Inc.,* No. 23-2120, 2024 WL 539973, at *3 (Fed. Cir. Feb. 12, 2024); *Golden v. Google LLC*, No. 22-5246, 2023 WL 5154513, at *4 (N.D. Cal. Aug. 10, 2023); *Golden v. Google LLC*, No. 22-5246, 2024 WL 1880336, at *1 (N.D. Cal. Apr. 3, 2024); *Golden v. Google LLC*, No. 24-2024, 2025 WL 1752485, at *3 (Fed. Cir. June 25, 2025). Plaintiff cannot show a likelihood of success by misinterpreting these rulings.

Next, plaintiff acknowledges the "balancing test that courts typically employ in determining whether to issue an injunction," but does not address any portion of that test, instead stating that "[t]o satisfy Plaintiff's obligation to pass the Supreme Court's four-step test, Plaintiff have [sic] attached copies of Plaintiff's ITC Section 337 complaint."  Mot. at 22-23; *see id.* Exs. A-F.  Although Exhibits A to F could be documents prepared for filing before the International Trade Commission, plaintiff does not appear to have filed them, as they are not in the I.T.C.'s list of new investigation requests at https://www.usitc.gov/investigations/investigation_requests (last visited Dec. 22, 2025).  But whether or not plaintiff filed Exhibits A through F with the I.T.C., those documents cannot show his likelihood of success on the merits here.  As an initial matter, they are not evidence but argument; if plaintiff wants the Court to consider them as part of his briefing, he would violate CV-L.R. 7(d)(3), which limits his briefing to 20 pages.  Even if the

Court ignored CV-L.R. 7(d)(3), plaintiff's submission of Exhibits A to F still cannot meet his burden, as "[p]laintiff does not direct the Court to any particular excerpt from" these exhibits, and "[t]he Court is not required to comb through [p]laintiff's exhibits on its own in an attempt to piece together [p]laintiff's argument." *Allen v. Experian Info. Sols. Inc.*, No. 24-157, 2024 WL 2988960, at *3 (W.D. Tex. June 13, 2024). And even if the Court hunted for plaintiff's arguments in Exhibits A through F, they could not save his motion, as "the district court and the ITC provide different remedies," and any submissions to the I.T.C. are not relevant to injunctive relief here. *Hyundai Motor Am., Inc. v. Direct Techs. Int'l, Inc.*, No. 17-732, 2019 WL 3403370, at *2 (W.D.N.C. July 26, 2019).

The rest of Mr. Golden's motion, including most of its pages, addresses not any legal arguments for this Court but his views regarding "Plaintiff's proposed early settlement" of this action for "1% of Google's cash reserves estimated at $126B (settlement total is $1.26B)." Mot. at 24; *see id.* at 24-29. Plaintiff does not explain how this proposal, or his views regarding it, is relevant to his likelihood of succeeding on the merits. It is not.

This failure is fatal to the motion. Because plaintiff "must carry the burden on all four elements, [his] failure to show a likelihood of success alone is sufficient to justify a denial." *CAE Integrated, L.L.C. v. Moov Techs., Inc.*, 44 F.4th 257, 264 n.22 (5th Cir. 2022) (citing *PCI Transp.* 418 F.3d at 545). "By failing to satisfy the first preliminary injunction element on any of its claims, [plaintiff] is already not entitled to a preliminary injunction." *Mesa Hills Specialty Hosp. v. Becerra*, 730 F. Supp. 3d 342, 353 (W.D. Tex. 2024). The Court should deny the motion.

### B.     Plaintiff Cannot Establish the Other Elements Required For an Injunction

Although the Court need not proceed past Mr. Golden's failure to show a likelihood of success on the merits, it will find only further failure if it considers the motion further. To

achieve an injunction, plaintiff must show "a substantial threat of irreparable injury if the injunction is not issued." *BeatStars,* 624 F. Supp. 3d at 686 (citing *Big Tyme Invs.*, 985 F.3d at 463-64). "Only when the threatened harm would impair the court's ability to grant an effective remedy is there really a need for preliminary relief." *BeatStars,* 624 F. Supp. 3d at 686 (citing 11A Wright & Miller's *Federal Practice & Procedure* § 2948.1 (3d ed. 2022)). The motion does not describe what irreparable harm plaintiff claims he will suffer or how an injunction would prevent it. *See supra* § B. Nor does plaintiff explain how any irreparable harm flows from alleged infringement, as is required to "ensure[] that an injunction is only entered against a defendant on account of a harm resulting from the defendant's wrongful conduct, not some other reason." *Apple Inc. v. Samsung Elecs. Co.*, 809 F.3d 633, 640 (Fed. Cir. 2015). Mr. Golden does not allege that he practices any of the asserted patents, or that he is in competition with Google. "[T]he absence of competition between the patentee and the accused infringer is a significant factor in favor of finding an absence of irreparable harm." *Bianco v. Globus Med., Inc.*, No. 12-147, 2014 WL 1049067, at *6 (E.D. Tex. Mar. 17, 2014) (collecting cases); *see also ActiveVideo Networks, Inc. v. Verizon Commc'ns., Inc.*, 694 F.3d 1312, 1338 (Fed. Cir. 2012); *Solas OLED Ltd. v. Samsung Elecs. Co.*, No. 21-105, 2022 WL 1912874, at *2 (E.D. Tex. May 30, 2022). Mr. Golden has failed to show irreparable harm without an injunction, barring the Court from entering an injunction.

To achieve an injunction, plaintiff must also show that "that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted." *BeatStars,* 624 F. Supp. 3d at 686 (citing *Big Tyme Invs.*, 985 F.3d at 463-64). "[C]ourts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Tiede v. Collier*, 796 F. Supp. 3d 275, 333 (W.D. Tex.

2025) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). Mr. Golden neither claims any hardship he would suffer without an injunction, nor addresses the harm to Google and many others should the Court bar sales of "the Google Pixel 8, 8 pro, 9, 9 pro, 10, 10 Pro, and the Pixel 8, 9, and 10 Fold smartphones; the Google Megapixel Cameras; and, the Google Tensor CPU/Chipsets that are embedded in each of Google smartphones." Mot. at 29-30. Should the Court enter this broad order, Google would have to "stop production or sales, which could affect its relationships with its customers," making "the balance of equities weigh[] against the entry of an injunction." *Celgard, LLC v. LG Chem, Ltd.*, 624 F. App'x 748, 754 (Fed. Cir. 2015). Conversely, because Mr. Golden does not compete with Google, he will "not be harmed if the district court does not enter the preliminary injunction because [he] can recoup adequate money damages if it successfully proves infringement." *Id.*

Finally, to achieve an injunction, plaintiff must also show that the "injunction will not disserve the public interest." *BeatStars*, 624 F. Supp. 3d at 686 (citing *Big Tyme Invs.*, 985 F.3d at 463-64). "The 'touchstone of the public interest factor is whether an injunction, both in scope and effect, strikes a workable balance between protecting the patentee's rights and protecting the public from the injunction's adverse effects.'" *Tex. Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am. Inc.*, No. 08-451, 2019 WL 4805916, at *7 (E.D. Tex. Oct. 1, 2019) (quoting *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 863 (Fed. Cir. 2010)). "The public has a very strong interest in guaranteeing that innovative products are available in the market." *Celgard*, 624 F. App'x at 754. Mr. Golden proposes a sweeping injunction that would have the opposite effect. "[M]ost injunctions granted for patent infringement claims involve situations where the patentee also practices the invention, so that the public will still have access to the patented technology." *Id.* (citing *Trebro Mfg. v. Firefly Equip. LLC,* 748 F.3d 1159 (Fed. Cir. 2014);

*Douglas Dynamics, LLC v. Buyers Prods. Co.,* 717 F.3d 1336 (Fed. Cir. 2013)).  That is not so here.  Mr. Golden does address this element in his motion, and could not prevail even if he did.

"Because a preliminary injunction is an extraordinary form of equitable relief, the movant must clearly carry the burden of persuasion on all four requirements."  *BeatStars*, 624 F. Supp. 3d at 686. (citing *Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012)).  Plaintiff failed to meet his burden on all of these elements.  The Court should therefore deny his motion for an injunction.

## **CONCLUSION**

For the reasons set forth above, the Court should deny Plaintiff's Motion for Permanent Injunctive Relief.

Date:  December 22, 2025

Respectfully submitted,

*/s/ Brian C. Banner*
Brian C. Banner (State Bar No. 24059416)
Valerie K. Barker (State Bar No. 24087141)
SLAYDEN GRUBERT BEARD PLLC
401 Congress Avenue, Suite 1650
Austin, Texas, 78701
+1 (512) 402-3550
+1 (512) 402-6865 facsimile
bbanner@sgbfirm.com
vbarker@sgbfirm.com

Matthew S. Warren
Erika Warren
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-434@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 22, 2025, I served the foregoing Defendant Google

LLC's Opposition to Motion for Permanent Injunction on the plaintiff Larry Golden by First

Class Mail at the following address:

> Larry Golden
> 740 Woodruff Road, No. 1102
> Greenville, South Carolina, 29607

by placing it in a sealed envelope with postage paid and placing the envelope in the exclusive

custody of the United States Postal Service.

On the same day, I also sent a courtesy copy of this document by electronic mail to Mr.

Golden at atpg-tech@charter.net.

_____

Denora Guevara