# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

Phone (864) 992-7104

Email: atpg-tech@charter.net

RECEIVED *amended ?*

FEB 1 1 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

LARRY GOLDEN,

                    Plaintiff,

              v.

GOOGLE LLC

                    Defendants.

---

CIVIL CASE NO: 3:2026cv00831-LJC

**JURY TRIAL DEMANDED**

**(Infringement under 35 U.S.C § 271(g)**
**(Joint Patent Infringement)**
**(Direct Patent Infringement),**
**(Willful Patent Infringement),**

February 6, 2026

---

### PLAINTIFF'S DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure (FRCP) Rule 38. Right to a Jury Trial; Demand. In this demand for trial by jury Plaintiff so specify that the demand is directed at one specific issue—damages—and not all the issues so triable in this case. 38(c). "[s]pecifying Issues. In its demand, a party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues so triable."

FRCP 42(b) provides: "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." More generally, when deciding whether issues should

be separately tried, trial courts must ensure that a litigant's constitutional right to a jury is preserved.

According to the California Code, Code of Civil Procedure - CCP § 631(a): "[t]he right to a trial by jury as declared by Section 16 of Article I of the California Constitution shall be preserved to the parties inviolate.

"Infringement, both literal and under the doctrine of equivalents, is an issue of fact."); *Cobalt Boats* (Fed. Cir. 05/31/19) "patent infringement is an issue of fact, tried by a jury" [U.S. CONST. amend. VII]. The Seventh Amendment of the U.S. Constitution reads:

> *"In Suits at common law, where the value in controversy shall exceed twenty*
> *dollars, the right of trial by jury shall be preserved, and no fact tried by a jury,*
> *shall be otherwise re-examined in any Court of the United States, than according*
> *to the rules of the common law."*

## Specific Issue so Triable in this Case

The concept of government contractor immunity grounded in the so-called "authorization and consent" provisions, enables contractors like Google to perform work without the risk of patent infringement claims, provided such work is executed on behalf of the federal government. The government's authorization of or consent to a contractor's infringing activity may be express or implied. *TVI Energy Corp. v. Blane*, 806 F.2d 1057, 1060 (Fed. Cir. 1986); *Hughes Aircraft Co. v. United States*, 534 F.2d 889, 901 (Ct. Cl. 1976).

To succeed on an implied authorization theory there must be some explicit government action, such as a contracting officer's instruction, or evidence extrinsic to the contract language showing the government's intention to assume liability. *In Larson v. United States*, the Claims Court recognized that implied authorization "may be found under the following conditions: (1) the government expressly contracted for work to meet certain specifications; (2) the specifications cannot be met without infringing on a patent; and (3) the government had some knowledge of the infringement." *Larson*, 26 Cl. Ct. at 370 (citing *Bereslavsky v. Esso Standard Oil Co.*, 175 F.2d 148, 150 (4th Cir. 1949); *Carrier Corp. v. United States*, 534 F.2d 244, 247–50 (Ct. Cl. 1976); Hughes, 534 F.2d at 897–901).

Google participated in the first Department of Homeland Security (DHS) initiative in 2007 to modify a common cell phone device to function as a CBRNE-H sensing device [DHS

S&T BAA07-10 *Cell-All Ubiquitous Biological and Chemical Sensing*]. Google is responsible for providing the "gateway" or "interface" that enables the cell phone and the detection capability to function together *(Exhibit A)* for the various and numerous cell phone brands and models. Google controls this interconnection with its Google android open-source operating systems. There an estimated 1,750 different mobile device brands and models the runs on the Google android operating systems for connectivity.

The defendant Google waived their right to declare "immunity" from infringement liability when Google failed to appear to protect its interest and secure immunity in the following cases:

- *Golden v. The United States* CFC Case No. 13-307C [5/1/13 – 11/10/21], (8 years)
- *Golden v. The United States* CFC Case No. 23-811C [5/31/23 – 4/24/24]

In resolving a petition for mandamus, the Federal Circuit held in *In re UUSI, LLC*, that a third party's potential obligation to indemnify the government for any patent infringement liability provides "sufficient interest in litigation to offer evidence and advance legal arguments appropriate to protect its own interests." 549 F. App'x 964, 968 (Fed. Cir. 2013), aff'g *UUSI, LLC v. United States*, 110 Fed. Cl. 604 (2013).

When the U.S. Government (the "Government") is the customer of a patented item, [a mobile, consumer, or cellular device that is integrated with, or interconnected to, a CBRNE-H detection capability] with some exceptions, the patentee must bring the patent action in the Court of Federal Claims ("CFC") against the United States and not against the government contractor.

*(Exhibit B)* is a copy of the claims Plaintiff originally filed in the Court of Federal claims for the payment of a "reasonable and entire" compensation. (*Golden v. US* CFC No. 24-1019).

The United States in *Golden v. US* CFC case no. 24-1019 rejected assuming liability for the alleged Google infringement of Plaintiff's communicating, monitoring, detecting, and controlling (CMDC) device of a mobile, consumer, or cellular device that is integrated with, or interconnected to, a CBRNE-H detection capability. The case is on appeal at the U.S. Court of Appeals for the Federal Circuit; in *Golden v. US* CAFC no. 25-2128.

Although the governing statute, 28 U.S.C. § 1498(a), does not prevent Plaintiff from filing a patent infringement action against the government contractor (Google) in the district courts, when applicable, the statute will stop the infringement case from going forward in the district courts. It is incumbent upon the contractor Google to timely plead § 1498(a) as an

3

affirmative defense in the answer lest the defense be waived. Google was given multiple opportunities to file an affirmative defense under § 1498(a), but failed to do so. Google waved their right to plead this case, and at least three cases before this current case under § 1498(a) as an affirmative defense:

- *Golden v. Google LLC* SCDC Case No. 21-244 [1/26/21 – 4/19/23]
- *Golden v. Google LLC* NDC Case No. 22-5246 [9/14/22 – 4/3/24]
- *Golden v. Google LLC* WDTC Case No. 25-434 [9/18/25 – 4/22/26]
- *Golden v. Google LLC* NDC Case No. 26-831 [1/26/26 – ]

The U.S. Court of Appeals for the Federal Circuit has upheld a decision granting immunity from patent infringement claims to a NASA contractor, confirming that actions carried out under government authorization are protected. This ruling supports the premise that federal authorization provides a shield against certain legal challenges. This case involved a pair of California men who alleged that the contractor's use of their patented technology amounted to infringement. However, the contractor's defense rested on the fact that their use of the technology was sanctioned by the U.S. government, specifically by NASA. The Federal Circuit's ruling affirms the decision made by a California federal judge, effectively dismissing the claims due to government authorization. https://legalnewsfeed.com/2026/02/04/federal-circuit-upholds-nasa-contractor-immunity-in-patent-infringement-dispute/

## GOOGLE IS COLLATERAL ESTOPPEL FOR
## RE-LITIGATING SETTLED ISSUES

Plaintiff's demand for an immediate jury trial on this issue is reasonable and fair. Google have wasted years dogging liability for their alleged infringement behavior. Google waived their defenses on this issue when Google failed to appear, and failed to claim an affirmative defense under Section 1498(a). Twelve Federal Judges have already decided Google's liability.

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 22-1267; determined direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

The Federal Circuit in *Golden v. Google LLC* Case No. 22-1267 goes on to say: "In the Google case, the district court *again* concluded that Mr. Golden's complaint was frivolous. Here, however, Mr. Golden's complaint includes a detailed claim chart mapping features of an accused

4

product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" … "[i]t attempts [] to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner. We conclude that the district court's decision in the Google case is not correct with respect to at least the three claims mapped out in the claim chart. Mr. Golden has made efforts to identify exactly how the accused products meet the limitations of his claims in this chart."

The Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 examined and determined Golden has described how the Google "smartphone", that include the ATAK software and CBRN plugin sensors literally infringes at least claim 5 of Golden's '287 Patent; claim 23 of Golden's '439 Patent; and claim 1 of Golden's '189 Patent.

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Samsung* Case No. 23-2120; agreed with the Northern District of California Court Judge in *Golden v. Samsung* Case No. 23-0048 that direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

In *Golden v. Samsung Electronics America, Inc.* Case: 23-2120, Document 28; *OPINION* filed for the court by Prost, Circuit Judge; Taranto, Circuit Judge and Chen, Circuit Judge. Filed: 02/12/2024.

"Mr. Golden's complaint alleged, in part, that Samsung's smartphones possess that claimed detector/sensor functionality on three alternative bases: (1) through the "Android Team Awareness Kit, ATAK," which is "[b]uilt on the Android operating system," involves "plug-ins" and "app specific software," was "[i]nitially created" by the "Air Force Research Laboratory" together with the "Defense Threat Reduction Agency," and is "available to warfighters throughout the DoD," Appx112 ¶ 55; Appx119, 127; (2) through add-on devices or modifications that utilize the smartphone's built-in camera, Appx111 ¶ 54, Appx124–25; and (3) through nine "standard sensors" which "can be used as 'biosensors,'" Appx126."

"Samsung moved to dismiss Mr. Golden's complaint, arguing that, among other things, Mr. Golden's complaint failed to plausibly state a patent-infringement claim. Appx146–48. More specifically, Samsung argued that Mr. Golden's complaint stated no alleged facts that went

beyond allegations that Samsung was making and selling smartphones that could be modified post-sale by others to perform the accused detector/sensor functionality. On that basis, Samsung said, there are no plausible allegations Samsung was engaged in directly infringing activities. Appx146–47."

"The district court agreed and dismissed Mr. Golden's complaint with prejudice, concluding, in part, that "[t]he allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face." Golden, 2023 WL 3919466, at *2."

"We reject Mr. Golden's appeal arguments and therefore affirm the district court's dismissal of his complaint."

The Northern District of California Court Judge Haywood S. Gilliam, Jr. in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Government arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

In *Larry Golden v. Google, LLC* NDC Case 3:22-cv-05246-RFL "Order Granting Motion to Dismiss with Leave to Amend" Document 41 Filed 08/10/23; the then presiding Judge Haywood S. Gilliam, Jr. agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The Northern District of California Court Judge Rita F. Lin in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Gov't arises when there's a combined ATAK software; CBRN plugins; CPU, and a Smartphone.

In *Larry Golden v. Google, LLC* NDC Case 3:22-cv-05246-RFL "Order Granting Motion to Dismiss and Denying leave to File a Surreply" Document 68 Filed 04/03/24; the current presiding Judge Rita F. Lin agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The United States Court of Appeals; Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 24-2024; determined infringement occurs when a [Google] mobile, consumer, or cellular device is integrated with, or interconnected to, Draper's CBRNE detection capability.

In *Golden v. Google LLC.*, Case No. 24-2024, Dkt. 41; filed 06/25/2025, three Federal Circuit judges again confirm, infringement of Plaintiff's patented CMDC device occurs when a mobile, consumer, or cellular device, is integrated with, or interconnected to a CBRNE detection capability. The Circuit's opinion includes the following:

"We conclude that the district court did not err in finding that Mr. Golden's five infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." Decision at *1;

"Mr. Golden's five infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." Decision at *1; see also *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) (finding no infringement when the accused products "do not infringe without modification—the modification of installing the required software."). Mr. Golden's first theory of infringement requires the ***use of the third-party app*** "ATAK-CIV" for at least two limitations of each asserted claim. App'x 300–302 ¶¶ 56 63; see also App'x 400–407.

The burden placed on Plaintiff is Google's persistent fight to get back to the Northern District of California to have their judges overturn a decision they fought so hard and long for. It doesn't make sense to Plaintiff, Google got exactly what they asked for: a final decision that, "infringement of Plaintiff's patented CMDC devices only occurs when there's a mobile, cellular, or consumer device that is integrated with, or interconnected to, a CBRNE-H detection capability."

Collateral estoppel, also called issue preclusion, is a doctrine in criminal law and civil procedure that prevents a party from re-litigating an issue of fact or law that has already been validly, finally, and necessarily determined in a prior proceeding.

In criminal law, it applies through the Double Jeopardy Clause of the Fifth Amendment, and under *Benton v. Maryland* (1969), binds both federal and state prosecutions via the Fourteenth Amendment's Due Process Clause.

In civil procedure, it is a form of *res judicata* that bars re-litigation of essential issues decided on the merits in a previous case. It includes defensive use (by a defendant to block a plaintiff from re-litigating an issue) and offensive

use (by a plaintiff to block a defendant), with courts having discretion over non-mutual offensive use as outlined in *Parklane Hosiery Co. v. Shore* (1979)

In this current case Plaintiff have not, and does not, opposed the decision of twelve federal judges who infer to say: "infringement of Plaintiff's patented CMDC devices occurs when there's a mobile, cellular, or consumer device that is integrated with, or interconnected to, a CBRNE-H detection capability.

The problem for Google arises when Plaintiff demonstrates Google's self-inflected liability for patented infringement that occurs upon importation or shipment of the Google accused instrumentalities; and after importation or shipment the sale of the Google accused instrumentalities into the United States.

**Twelve Federal Judges' Infringement Analysis**

Twelve Federal Judges repeatedly confirmed arguments that the integration of a CBRNE-H detection capability with a mobile device; infringes Plaintiff's patented CMDC invention.

| Judge(s) | Case Number | Case Title | Court | Dates |
|----------|-------------|------------|-------|-------|
| 3 Fed Cir Judges | 2022cvpri01267 | Golden v. Google LLC | U.S. Court Of Appeals, Federal Circuit | 12/16/2021 - *09/08/2022* |
| 1 District Judge | 3:2023cv00048 | Golden v. Samsung Electronics America, Inc. | California Northern District Court | 01/05/2023 - *06/08/2023* |
| 3 Fed Cir Judges | 2023cvpri02120 | Golden v. Samsung Electronics America, Inc. | U.S. Court Of Appeals, Federal Circuit | 07/07/2023 - *02/12/2024* |
| 1 District Judge | 3:2022cv05246 | Golden v. Google LLC | California Northern District Court | 09/14/2022 - *04/03/2024* |
| 1 District Judge | 3:2022cv05246 | Golden v. Google LLC | California Northern District Court | 09/14/2022 - *04/03/2024* |
| 3 Fed Cir Judges | 2024cvpri02024 | Golden v. Google LLC | U.S. Court Of Appeals, Federal Circuit | 07/01/2024 - *06/25/2025* |

**Judge Braden's Infringement Analysis**

Judge Braden, in the United States Court of Federal Claims, *Golden v. United States*, Case No. 13-307C "Memorandum Opinion and Order Denying the Government's Motion to Dismiss, Dkt. 94, filed 11/30/16, fully described how infringement of Appellant's patented

CMDC device occurs when a mobile, consumer, or cellular device is integrated with, or interconnected to, a CBRNE-H detection capability.

"The February 12, 2016 Amended complaint identifies over thirty devices that were developed or procured, as a result of Government solicitations, Government contracts, or National Science Foundation ("NSF") grants. 2/12/16 Am. Compl. at ¶¶ 68-127. The relevant devices are: Smartphone Microscope; Smartphone Biosensor Cradle; iPhone Biodetector Smartphone; Smartphone-Based Rapid Diagnostic Tests; Samsung Galaxy s6 Microscope Smartphone; Cell-All Synkera MikroKera Ultra; iPhone Biodetector Smartphone; ...

"The February 12, 2016 Amended Complaint's NFC claims also allege sufficient facts to plausibly establish that the use of the accused devices was "with the authorization or consent of the Government." Authorization or consent can be implied from the circumstances... *Hughes Aircraft Co.*, 534 F.2d at 901."

"The relevant [awards] are being used to develop: "a portable smartphone attachment [] to detect viruses and bacteria," ... "[a device] that derives biological signals from your smartphone's accelerometer ... "a cradle and app for the iPhone to make a handheld biosensor that uses the phone's own camera [] to detect any kind of biological molecules or cells," ... a handheld instrument to help contain the spread of Ebola, HIV, Tuberculosis, and Malaia, ... "[a portable device for] real-time detection of explosives, toxicants, and radiation," ...

"Viewed in the light most favorable to Plaintiff, the February 12, 2016 Amended complaint alleges sufficient facts to raise a plausible right of relief under section 1498(a)."

## U.S. Court of Appeals for the Federal Circuit's Infringement Analysis

The Federal Circuit in *Larry Golden v. Google LLC* Case No. 22-1267 "vacated and remanded" the lower court case *Larry Golden v. Google LLC* Case No. 21-0244 back to the lower [District] court because Golden had met all the pleading requirements, and was therefore ready for trial. The original case *Golden v. Google LLC*, SCDC No. 6:2021cv00244 was filed in the South Carolina District Court on 01/26/2021. The case was dismissed as being "frivolous". Golden appealed the case to the U.S. Court of Appeals for the Federal Circuit. The Federal Circuit in *Golden v. Google LLC* Case No. 22-1267 goes on to say:

"In the Google case, the district court *again* concluded that Mr. Golden's complaint was frivolous. Here, however, Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from

U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" … "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straightforward manner. We conclude that the district court's decision in the Google case is not correct with respect to at least the three claims mapped out in the claim chart. Mr. Golden has made efforts to identify exactly how the accused products meet the limitations of his claims in this chart."

Although the Federal Circuit did not specifically say "'without a doubt', Google's smartphone products that include the ATAK software and CBRN plugin sensors are literally and/or under the doctrine of equivalents, infringing Golden's patents asserted in the case", the Federal Circuit imply to say under the "clear and convincing evidence" standard, Google's smartphone products that include the ATAK software and CBRN plugin sensors are more likely than not, directly infringing Golden's patents asserted in the case.

The Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 examined and determined Golden has described how the Google "smartphone", that include the ATAK software and CBRN plugin sensors literally infringes at least claim 5 of Golden's '287 Patent; claim 23 of Golden's '439 Patent; and claim 1 of Golden's '189 Patent.

## Patent Trials and Appeals Board: "Claim Term Construction"

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "built in, embedded" as "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

The PTAB decided "built-in, embedded" aligns with Golden's patent specifications [the detection capability is "in, on, upon, or adjacent" the communication device]; while the PTAB's construction of "built-in, embedded" is "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

The PTAB determined infringement of Appellant's patented CMDC devices occurs when a CBRNE-H detection capability is "in, on, upon, adjacent, built-in, embedded, included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device", such

that it is an integral part of Appellant's communicating, monitoring, detecting, or controlling, (CMDC) device (i.e., new, improved upon, and useful cell phone; smartphone).

Plaintiff is seeking a jury trial to determine damages. Plaintiff have attached as *(Exhibit C)* seventeen declarations of persons who have an interest in equal justice and a citizens' right to a trial by jury in patent infringement claims that are issues-of-facts [U.S. CONS'T. 7th Amend.]

Sincerely,

s/ *Larry Golden*

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

(M) 8649927104

Email: atpg-tech@charter.net

## VERIFICATION

### Pursuant to 28 U.S.C. § 1746

I, Larry Golden, over the age of 18, competent to testify, and having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements are true, correct, and complete to the best of my understanding, knowledge, and belief, and made in good faith.

Executed and signed this 6th day of February, 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for "Plaintiff's Demand for Jury Trial".


s/ Larry Golden

Larry Golden, Pro Se
740 Woodruff Rd., #1102
Greenville, South Carolina 29607
atpg-tech@charter.net
864-992-7104

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of February, 2026, a true and correct copy of the foregoing "Plaintiff's Demand for a Jury Trial", was served upon the following Defendant via express mail:

Matthew Warren

Warren LLP

2261 Market Street, No. 606

San Francisco, CA 94114

Phone: 415-895-2940

Fax: 415-895-2964

Email: matt@warrenllp.com

s/ *Larry Golden*

Larry Golden, Pro Se

740 Woodruff Rd., #1102

Greenville, South Carolina 29607

atpg-tech@charter.net

864-992-7104

# Exhibit A





12/13



**Fig. 18**

# Exhibit B

**COUNT LVI:**

**Claim 1 U.S. Patent No: 11,645,898**

**"Consumer / Mobile / Cellular Device Integration with a Detection Capability"**

**494.**     Count LVI incorporate all the pleadings and attachments of this complaint that precedes this section which alleges the Government "used or manufactured" Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device—" invention—independent claim 1 of his '898 patent'.

**495.**     Upon information and belief, the United States has in the past, and continues to "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device "without license of the owner thereof or lawful right to use or manufacture the same" [28 U.S.C. § 1498(a)] without paying "reasonable and entire compensation".

**496.**     According to this United States Court of Federal Claims: "[U]nder § 1498(a), a patent owner who successfully proves infringement is entitled to "reasonable and entire compensation". Like the definition of infringement, the remedies available to a patentee are limited by § 1498(a)'s roots in eminent domain, not tort." *Leesona Corp. v. United States*, 599 F.2d 958, 964 (Ct. Cl. 1979) ("The theory for recovery against the government for patent infringement is not analogous to that in litigation between private parties …") "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. *Exhibit A*

**497.**     According to this United States Court of Federal Claims: [W]hen the government has infringed, it is deemed to have 'taken' the patent license under an eminent domain theory, and compensation is the just compensation required by the Fifth Amendment."). "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. *Exhibit A*

**498.**     Upon information and belief, the United States Court of Federal Claims; the United States District Court for the Northern District of California; and the United States Court of Appeals for the Federal Circuit has confirmed the infringement of Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device, that occurs when there's an integration of a consumer, mobile, or cellular device with a detection capability. Therefore, the Government's unlawful takings of a compulsory, non-exclusive, license to infringe Golden's independent claim 1 of his '898 patent' is inevitable.

1

**499.**     Upon information and belief, the Government has in the past, and continues to unlawfully "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device (i.e., consumer, mobile, or cellular device integration with a detection capability). The alleged Government infringement of independent claim 1 of Golden's '898 patent', is found in the following Government initiative(s):

- Consumer devices (Laptop; Tablet, etc.): "use or manufacture" for the United States Department of Defense's Joint Program Executive Office for Chemical, Biological, Radiological, and Nuclear Defense (DoD JPEO-CBRND)

**500.**     Upon information and belief, "[t]he proper measure in eminent domain is what the owner has lost, not what the taker has gained," and in § 1498(a) what is taken from the patent owner is a compulsory nonexclusive license to use or manufacture the patented invention. Id. at 969 (citing *United States v. Chandler-Dunbar Co.*, 299 U.S. 53, 76 (1913)). As such, in § 1498 actions, "reasonable and entire compensation" is the exclusive remedy for patent infringement under § 1498(a) and is akin to just compensation under the Fifth Amendment of the Constitution. "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. ***Exhibit A***

**COUNT LVII:**

**Claim 1 of U.S. Patent No: 10,984,619**

**"Consumer / Mobile / Cellular Device Integration with a Detection Capability"**

**501.**     Count LVII incorporate all the pleadings and attachments of this complaint that precedes this section which alleges the Government "used or manufactured" Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device—" invention—independent claim 1 of his '619 patent'.

**502.**     Upon information and belief, the United States has in the past, and continues to "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device "without license of the owner thereof or lawful right to use or manufacture the same" [28 U.S.C. § 1498(a)] without paying "reasonable and entire compensation".

**503.**     According to this United States Court of Federal Claims: "[U]nder § 1498(a), a patent owner who successfully proves infringement is entitled to "reasonable and entire compensation".

Like the definition of infringement, the remedies available to a patentee are limited by §
1498(a)'s roots in eminent domain, not tort." *Leesona Corp. v. United States*, 599 F.2d 958, 964
(Ct. Cl. 1979) ("The theory for recovery against the government for patent infringement is not
analogous to that in litigation between private parties …") "*Intellectual Property Suits in the
United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar
Association's website. ***Exhibit A***

**504.**    According to this United States Court of Federal Claims: [W]hen the government has
infringed, it is deemed to have 'taken' the patent license under an eminent domain theory, and
compensation is the just compensation required by the Fifth Amendment."). "*Intellectual
Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on
the American Bar Association's website. ***Exhibit A***

**505.**    Upon information and belief, the United States Court of Federal Claims; the United
States District Court for the Northern District of California; and the United States Court of
Appeals for the Federal Circuit has confirmed the infringement of Golden's "Communicating,
Monitoring, Detecting, and Controlling (CMDC) Device, that occurs when there's an integration
of a consumer, mobile, or cellular device with a detection capability. Therefore, the
Government's unlawful takings of a compulsory, non-exclusive, license to infringe Golden's
independent claim 1 of his '619 patent' is inevitable.

**506.**    Upon information and belief, the Government has in the past, and continues to unlawfully
"use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and
Controlling (CMDC) Device (i.e., consumer, mobile, or cellular device integration with a
detection capability). The alleged Government infringement of independent claim 1 of Golden's
'619 patent', is found in the following Government initiative(s):

- Consumer or Mobile devices (Laptop; Tablet, iPhone, Android Phone, etc.): "use or
manufacture" for the United States Department of Defense's Defense Threat Reduction
Agency Android Tactical Assault Kit Chemical, Biological, Radiological, and Nuclear
Plug-in Sensors (DoD DTRA-ATAK CBRNE)

**507.**    Upon information and belief, "[t]he proper measure in eminent domain is what the owner
has lost, not what the taker has gained," and in § 1498(a) what is taken from the patent owner is a
compulsory nonexclusive license to use or manufacture the patented invention. Id. at 969 (citing
*United States v. Chandler-Dunbar Co.*, 299 U.S. 53, 76 (1913)). As such, in § 1498 actions,

3

"reasonable and entire compensation" is the exclusive remedy for patent infringement under §

1498(a) and is akin to just compensation under the Fifth Amendment of the Constitution.

"*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also,

Published on the American Bar Association's website. *Exhibit A*

**COUNT LVIII:**

**Claim 5 U.S. Patent No: 10,163,287**

**"Consumer / Mobile / Cellular Device Integration with a Detection Capability"**

**508.**    Count LVIII incorporate all the pleadings and attachments of this complaint that precedes

this section which alleges the Government "used or manufactured" Golden's "Communicating,

Monitoring, Detecting, and Controlling (CMDC) Device—" invention—independent claim 5 of

his '287 patent'.

**509.**    Upon information and belief, the United States has in the past, and continues to "use or

manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling

(CMDC) Device "without license of the owner thereof or lawful right to use or manufacture the

same" [28 U.S.C. § 1498(a)] without paying "reasonable and entire compensation".

**510.**    According to this United States Court of Federal Claims: "[U]nder § 1498(a), a patent

owner who successfully proves infringement is entitled to "reasonable and entire compensation".

Like the definition of infringement, the remedies available to a patentee are limited by §

1498(a)'s roots in eminent domain, not tort." *Leesona Corp. v. United States*, 599 F.2d 958, 964

(Ct. Cl. 1979) ("The theory for recovery against the government for patent infringement is not

analogous to that in litigation between private parties …") "*Intellectual Property Suits in the

United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar

Association's website. *Exhibit A*

**511.**    According to this United States Court of Federal Claims: [W]hen the government has

infringed, it is deemed to have 'taken' the patent license under an eminent domain theory, and

compensation is the just compensation required by the Fifth Amendment."). "*Intellectual

Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on

the American Bar Association's website. *Exhibit A*

**512.**    Upon information and belief, the United States Court of Federal Claims; the United

States District Court for the Northern District of California; and the United States Court of

Appeals for the Federal Circuit has confirmed the infringement of Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device, that occurs when there's an integration of a consumer, mobile, or cellular device with a detection capability. Therefore, the Government's unlawful takings of a compulsory, non-exclusive, license to infringe Golden's independent claim 5 of his '287 patent' is inevitable.

**513.**    Upon information and belief, the Government has in the past, and continues to unlawfully "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device (i.e., consumer, mobile, or cellular device integration with a detection capability). The alleged Government infringement of independent claim 5 of Golden's '287 patent', is found in the following Government initiative(s):

- Mobile or Cellular devices (iPhone, Android Phone, Cell Phone, PDA, etc.): "use or manufacture" for the United States Department of Homeland Security's Science and Technology Directorate Broad Agency Announcement 07-10 *Cell-All Ubiquitous Chemical and Biological Sensing* (DHS S&T "*Cell-All*")

**514.**    Upon information and belief, "[t]he proper measure in eminent domain is what the owner has lost, not what the taker has gained," and in § 1498(a) what is taken from the patent owner is a compulsory nonexclusive license to use or manufacture the patented invention. Id. at 969 (citing *United States v. Chandler-Dunbar Co.*, 299 U.S. 53, 76 (1913)). As such, in § 1498 actions, "reasonable and entire compensation" is the exclusive remedy for patent infringement under § 1498(a) and is akin to just compensation under the Fifth Amendment of the Constitution. "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. ***Exhibit A***

### COUNT LIX:
### Claim 23 U.S. Patent No: 9,589,439
### "Consumer / Mobile / Cellular Device Integration with a Detection Capability"

**515.**    Count LIX incorporate all the pleadings and attachments of this complaint that precedes this section which alleges the Government "used or manufactured" Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device—" invention—independent claim 23 of his '439 patent'.

5

**516.**    Upon information and belief, the United States has in the past, and continues to "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device "without license of the owner thereof or lawful right to use or manufacture the same" [28 U.S.C. § 1498(a)] without paying "reasonable and entire compensation".

**517.**    According to this United States Court of Federal Claims: "[U]nder § 1498(a), a patent owner who successfully proves infringement is entitled to "reasonable and entire compensation". Like the definition of infringement, the remedies available to a patentee are limited by § 1498(a)'s roots in eminent domain, not tort." *Leesona Corp. v. United States*, 599 F.2d 958, 964 (Ct. Cl. 1979) ("The theory for recovery against the government for patent infringement is not analogous to that in litigation between private parties …") "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. ***Exhibit A***

**518.**    According to this United States Court of Federal Claims: [W]hen the government has infringed, it is deemed to have 'taken' the patent license under an eminent domain theory, and compensation is the just compensation required by the Fifth Amendment."). "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. ***Exhibit A***

**519.**    Upon information and belief, the United States Court of Federal Claims; the United States District Court for the Northern District of California; and the United States Court of Appeals for the Federal Circuit has confirmed the infringement of Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device, that occurs when there's an integration of a consumer, mobile, or cellular device with a detection capability. Therefore, the Government's unlawful takings of a compulsory, non-exclusive, license to infringe Golden's independent claim 23 of his '439 patent' is inevitable.

**520.**    Upon information and belief, the Government has in the past, and continues to unlawfully "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device (i.e., consumer, mobile, or cellular device integration with a detection capability). The alleged Government infringement of independent claim 23 of Golden's '439 patent', is found in the following Government initiative(s):

- Samsung Galaxy "Fingertip Heart Rate Monitor" (monitoring device)

- Samsung Galaxy interconnected to the "Samsung Gear S2 Smartwatch" (detection device)
- Samsung Galaxy (communicating device) and Samsung Gear S2 smartwatch (detection device) interconnected to the Yale Assure Lock (controlling device)
- Samsung Galaxy (communicating device) and "Samsung SmartThings Hub" (communicating device - interface-gateway) interconnected to the Yale Assure Lock (controlling device)
- Samsung Galaxy (communicating device) and Samsung Gear S2 (detection device) interconnected to the "Volkswagen Car-Net e-Remote" (controlling - locking device)

**521.**    Upon information and belief, "[t]he proper measure in eminent domain is what the owner has lost, not what the taker has gained," and in § 1498(a) what is taken from the patent owner is a compulsory nonexclusive license to use or manufacture the patented invention. Id. at 969 (citing *United States v. Chandler-Dunbar Co.*, 299 U.S. 53, 76 (1913)). As such, in § 1498 actions, "reasonable and entire compensation" is the exclusive remedy for patent infringement under § 1498(a) and is akin to just compensation under the Fifth Amendment of the Constitution. "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. ***Exhibit A***

### COUNT LX:
### Claim 22 U.S. Patent No: 9,589,439
### "Consumer / Mobile / Cellular Device Integration with a Detection Capability"

**522.**    Count LX incorporate all the pleadings and attachments of this complaint that precedes this section which alleges the Government "used or manufactured" Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device—" invention—independent claim 22 of his '439 patent'.

**523.**    Upon information and belief, the United States has in the past, and continues to "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device "without license of the owner thereof or lawful right to use or manufacture the same" [28 U.S.C. § 1498(a)] without paying "reasonable and entire compensation".

**524.**    According to this United States Court of Federal Claims: "[U]nder § 1498(a), a patent owner who successfully proves infringement is entitled to "reasonable and entire compensation". Like the definition of infringement, the remedies available to a patentee are limited by § 1498(a)'s roots in eminent domain, not tort." *Leesona Corp. v. United States*, 599 F.2d 958, 964 (Ct. Cl. 1979) ("The theory for recovery against the government for patent infringement is not analogous to that in litigation between private parties …") "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. *Exhibit A*

**525.**    According to this United States Court of Federal Claims: [W]hen the government has infringed, it is deemed to have 'taken' the patent license under an eminent domain theory, and compensation is the just compensation required by the Fifth Amendment."). "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. *Exhibit A*

**526.**    Upon information and belief, the United States Court of Federal Claims; the United States District Court for the Northern District of California; and the United States Court of Appeals for the Federal Circuit has confirmed the infringement of Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device, that occurs when there's an integration of a consumer, mobile, or cellular device with a detection capability. Therefore, the Government's unlawful takings of a compulsory, non-exclusive, license to infringe Golden's independent claim 22 of his '439 patent' is inevitable.

**527.**    Upon information and belief, the Government has in the past, and continues to unlawfully "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device (i.e., consumer, mobile, or cellular device integration with a detection capability). The alleged Government infringement of independent claim 22 of Golden's '439 patent', is found in the following Government initiative(s):

- Apple's iPhone / iPad Camera Biosensor for Facial & Heart Rate Monitor (monitoring device)
- Apple's iPhone and the iPad interconnected to the Apple Watch (detection device)
- Apple's iPhone / iPad (monitoring equipment); Apple Watch (detection device); interconnected to the August Smart Lock (controlling device)

- Apple's iPhone / iPad (monitoring equipment); Apple Watch (detection device); Apple's HomeKit; August Connect (communicating device); interconnected to the August Smart Lock (locking device)
- Apple's iPhone / iPad (monitoring equipment); Apple Watch (detection device); interconnected to Ford's MyFord Mobile App (controlling device)

**528.**    Upon information and belief, "[t]he proper measure in eminent domain is what the owner has lost, not what the taker has gained," and in § 1498(a) what is taken from the patent owner is a compulsory nonexclusive license to use or manufacture the patented invention. Id. at 969 (citing *United States v. Chandler-Dunbar Co.*, 299 U.S. 53, 76 (1913)). As such, in § 1498 actions, "reasonable and entire compensation" is the exclusive remedy for patent infringement under § 1498(a) and is akin to just compensation under the Fifth Amendment of the Constitution. "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. ***Exhibit A***

**COUNT LXI:**

**Claim 20 U.S. Patent No: 9,589,439**

**"Consumer / Mobile / Cellular Device Integration with a Detection Capability"**

**529.**    Count LXI incorporate all the pleadings and attachments of this complaint that precedes this section which alleges the Government "used or manufactured" Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device—" invention—independent claim 20 of his '439 patent'.

**530.**    Upon information and belief, the United States has in the past, and continues to "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device "without license of the owner thereof or lawful right to use or manufacture the same" [28 U.S.C. § 1498(a)] without paying "reasonable and entire compensation".

**531.**    According to this United States Court of Federal Claims: "[U]nder § 1498(a), a patent owner who successfully proves infringement is entitled to "reasonable and entire compensation". Like the definition of infringement, the remedies available to a patentee are limited by § 1498(a)'s roots in eminent domain, not tort." *Leesona Corp. v. United States*, 599 F.2d 958, 964 (Ct. Cl. 1979) ("The theory for recovery against the government for patent infringement is not

9

analogous to that in litigation between private parties …") "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. ***Exhibit A***

**532.**    According to this United States Court of Federal Claims: [W]hen the government has infringed, it is deemed to have 'taken' the patent license under an eminent domain theory, and compensation is the just compensation required by the Fifth Amendment."). "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. ***Exhibit A***

**533.**    Upon information and belief, the United States Court of Federal Claims; the United States District Court for the Northern District of California; and the United States Court of Appeals for the Federal Circuit has confirmed the infringement of Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device, that occurs when there's an integration of a consumer, mobile, or cellular device with a detection capability. Therefore, the Government's unlawful takings of a compulsory, non-exclusive, license to infringe Golden's independent claim 20 of his '439 patent' is inevitable.

**534.**    Upon information and belief, the Government has in the past, and continues to unlawfully "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device (i.e., consumer, mobile, or cellular device integration with a detection capability). The alleged Government infringement of independent claim 20 of Golden's '439 patent', is found in the following Government initiative(s):

- Qualcomm / NASA *"Cell-All"*: Apple iPhone CBRNE detection
- "Kromek D3S-NET": Apple iPhone CBRNE detection
- Biomeme "two3" Mobile Thermocycler: Apple iPhone for Bio/Chem detection
- Smartphone-operated "LAMP box": Apple iPhone for Bio/Chem detection
- Alluviam LLC HazMasterG3: Apple iPhone CBRNE detection
- FePhone Point-of-Care: Apple iPhone for Bio/Chem detection
- NutriPhone Lab-on-a-Chip: Apple iPhone for Bio/Chem detection
- FeverPhone: Apple iPhone for Bio/Chem detection
- Solar Thermal PCR Test: Apple iPhone for Bio/Chem detection
- Lab-on-a-Drone: Apple iPhone for Bio/Chem detection

**535.**    Upon information and belief, "[t]he proper measure in eminent domain is what the owner has lost, not what the taker has gained," and in § 1498(a) what is taken from the patent owner is a compulsory nonexclusive license to use or manufacture the patented invention. Id. at 969 (citing *United States v. Chandler-Dunbar Co.*, 299 U.S. 53, 76 (1913)). As such, in § 1498 actions, "reasonable and entire compensation" is the exclusive remedy for patent infringement under § 1498(a) and is akin to just compensation under the Fifth Amendment of the Constitution. "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. *Exhibit A*

**COUNT LXII:**

**Claim 19 U.S. Patent No: 9,589,439**

**"Consumer / Mobile / Cellular Device Integration with a Detection Capability"**

**536.**    Count LXII incorporate all the pleadings and attachments of this complaint that precedes this section which alleges the Government "used or manufactured" Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device—" invention—independent claim 19 of his '439 patent'.

**537.**    Upon information and belief, the United States has in the past, and continues to "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device "without license of the owner thereof or lawful right to use or manufacture the same" [28 U.S.C. § 1498(a)] without paying "reasonable and entire compensation".

**538.**    According to this United States Court of Federal Claims: "[U]nder § 1498(a), a patent owner who successfully proves infringement is entitled to "reasonable and entire compensation". Like the definition of infringement, the remedies available to a patentee are limited by § 1498(a)'s roots in eminent domain, not tort." *Leesona Corp. v. United States*, 599 F.2d 958, 964 (Ct. Cl. 1979) ("The theory for recovery against the government for patent infringement is not analogous to that in litigation between private parties …") "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. *Exhibit A*

**539.**    According to this United States Court of Federal Claims: [W]hen the government has infringed, it is deemed to have 'taken' the patent license under an eminent domain theory, and compensation is the just compensation required by the Fifth Amendment."). "*Intellectual*

*Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. ***Exhibit A***

**540.**    Upon information and belief, the United States Court of Federal Claims; the United States District Court for the Northern District of California; and the United States Court of Appeals for the Federal Circuit has confirmed the infringement of Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device, that occurs when there's an integration of a consumer, mobile, or cellular device with a detection capability. Therefore, the Government's unlawful takings of a compulsory, non-exclusive, license to infringe Golden's independent claim 19 of his '439 patent' is inevitable.

**541.**    Upon information and belief, the Government has in the past, and continues to unlawfully "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device (i.e., consumer, mobile, or cellular device integration with a detection capability). The alleged Government infringement of independent claim 19 of Golden's '439 patent', is found in the following Government initiative(s):

- EAGER: Mobile-Phone Based Single Molecule Imaging for DNA
- INSPIRE Track 2: Public Health Nanotechnology and Mobility (PHeNoM) (CMDC device)
- PFI: BIC Human-Centered Smart-Integration of Mobile Imaging and Sensing (CMDC device)
- EFRI-BioFlex: Cellphone-Based Digital Immunoassay Platform (CMDC device)
- "Multimode Smartphone Biosensor" for Bio/Chem detection
- EAGER: Lab-in-a-Smartphone for Bio/Chem detection
- PFI-BIC "Pathtracker: Smartphone-based for Mobile Infectious Disease Detection -
- I-Corps: Ultra-Sensitive Lateral Flow Reporters / Lab-on-Phone Platform for Bio/Chem detection
- Smartphone (iPhone) Microscope for Bio/Chem detection
- Smartphone (iPhone) Biosensor "Cradle" for Bio/Chem detection
- AOptix Stratus MX Peripheral for the Apple (iPhone) Smartphone (fingerprint and iris imaging)
- PositiveID - Boeing / M-Band Apple (iPhone) Smartphone (fingerprint and facial detection)

12

- Samsung Galaxy "Microscope" Smartphone for Bio/Chem detection

**542.**    Upon information and belief, "[t]he proper measure in eminent domain is what the owner has lost, not what the taker has gained," and in § 1498(a) what is taken from the patent owner is a compulsory nonexclusive license to use or manufacture the patented invention. Id. at 969 (citing *United States v. Chandler-Dunbar Co.*, 299 U.S. 53, 76 (1913)). As such, in § 1498 actions, "reasonable and entire compensation" is the exclusive remedy for patent infringement under § 1498(a) and is akin to just compensation under the Fifth Amendment of the Constitution. "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. *Exhibit A*

**COUNT LXIII:**

**Claim 17 U.S. Patent No: 9,589,439**

**"Consumer / Mobile / Cellular Device Integration with a Detection Capability"**

**543.**    Count LXIII incorporate all the pleadings and attachments of this complaint that precedes this section which alleges the Government "used or manufactured" Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device—" invention—independent claim 17 of his '439 patent'.

**544.**    Upon information and belief, the United States has in the past, and continues to "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device "without license of the owner thereof or lawful right to use or manufacture the same" [28 U.S.C. § 1498(a)] without paying "reasonable and entire compensation".

**545.**    According to this United States Court of Federal Claims: "[U]nder § 1498(a), a patent owner who successfully proves infringement is entitled to "reasonable and entire compensation". Like the definition of infringement, the remedies available to a patentee are limited by § 1498(a)'s roots in eminent domain, not tort." *Leesona Corp. v. United States*, 599 F.2d 958, 964 (Ct. Cl. 1979) ("The theory for recovery against the government for patent infringement is not analogous to that in litigation between private parties …") "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. *Exhibit A*

**546.**    According to this United States Court of Federal Claims: [W]hen the government has infringed, it is deemed to have 'taken' the patent license under an eminent domain theory, and compensation is the just compensation required by the Fifth Amendment."). "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. ***Exhibit A***

**547.**    Upon information and belief, the United States Court of Federal Claims; the United States District Court for the Northern District of California; and the United States Court of Appeals for the Federal Circuit has confirmed the infringement of Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device, that occurs when there's an integration of a consumer, mobile, or cellular device with a detection capability. Therefore, the Government's unlawful takings of a compulsory, non-exclusive, license to infringe Golden's independent claim 17 of his '439 patent' is inevitable.

**548.**    Upon information and belief, the Government has in the past, and continues to unlawfully "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device (i.e., consumer, mobile, or cellular device integration with a detection capability). The alleged Government infringement of independent claim 17 of Golden's '439 patent', is found in the following Government initiative(s):

- "VOCket System" / "Nett Warrior" Smartphone System for CBRNE detection
- GammaPix for Android Smartphones for CBRNE detection
- "Biotouch System" / "Nett Warrior" Smartphone System for Bio/Chem detection
- MultiRae Pro Wireless Portable Multi Threat Radiation and Chemical Detector

**549.**    Upon information and belief, "[t]he proper measure in eminent domain is what the owner has lost, not what the taker has gained," and in § 1498(a) what is taken from the patent owner is a compulsory nonexclusive license to use or manufacture the patented invention. Id. at 969 (citing *United States v. Chandler-Dunbar Co.*, 299 U.S. 53, 76 (1913)). As such, in § 1498 actions, "reasonable and entire compensation" is the exclusive remedy for patent infringement under § 1498(a) and is akin to just compensation under the Fifth Amendment of the Constitution. "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. ***Exhibit A***

14

**COUNT LXIV:**

**Claim 16 U.S. Patent No: 9,589,439**

**"Consumer / Mobile / Cellular Device Integration with a Detection Capability"**

**550.**    Count LXIV incorporate all the pleadings and attachments of this complaint that precedes this section which alleges the Government "used or manufactured" Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device—" invention—independent claim 16 of his '439 patent'.

**551.**    Upon information and belief, the United States has in the past, and continues to "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device "without license of the owner thereof or lawful right to use or manufacture the same" [28 U.S.C. § 1498(a)] without paying "reasonable and entire compensation".

**552.**    According to this United States Court of Federal Claims: "[U]nder § 1498(a), a patent owner who successfully proves infringement is entitled to "reasonable and entire compensation". Like the definition of infringement, the remedies available to a patentee are limited by § 1498(a)'s roots in eminent domain, not tort." *Leesona Corp. v. United States*, 599 F.2d 958, 964 (Ct. Cl. 1979) ("The theory for recovery against the government for patent infringement is not analogous to that in litigation between private parties …") "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. *Exhibit A*

**553.**    According to this United States Court of Federal Claims: [W]hen the government has infringed, it is deemed to have 'taken' the patent license under an eminent domain theory, and compensation is the just compensation required by the Fifth Amendment."). "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. *Exhibit A*

**554.**    Upon information and belief, the United States Court of Federal Claims; the United States District Court for the Northern District of California; and the United States Court of Appeals for the Federal Circuit has confirmed the infringement of Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device, that occurs when there's an integration of a consumer, mobile, or cellular device with a detection capability. Therefore, the Government's unlawful takings of a compulsory, non-exclusive, license to infringe Golden's independent claim 16 of his '439 patent' is inevitable.

15

**555.**    Upon information and belief, the Government has in the past, and continues to unlawfully "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device (i.e., consumer, mobile, or cellular device integration with a detection capability). The alleged Government infringement of independent claim 16 of Golden's '439 patent', is found in the following Government initiative(s):

- NRL: SIN-VAPOR / Smartphone System for CBRNE detection
- iPhone "Biodetector" Smartphone for CBRNE detection
- FLIR: identiFINDER R300 / Smartphone System for radiation detection

**556.**    Upon information and belief, "[t]he proper measure in eminent domain is what the owner has lost, not what the taker has gained," and in § 1498(a) what is taken from the patent owner is a compulsory nonexclusive license to use or manufacture the patented invention. Id. at 969 (citing *United States v. Chandler-Dunbar Co.*, 299 U.S. 53, 76 (1913)). As such, in § 1498 actions, "reasonable and entire compensation" is the exclusive remedy for patent infringement under § 1498(a) and is akin to just compensation under the Fifth Amendment of the Constitution. "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. ***Exhibit A***

**COUNT LXV:**

**Claim 15 U.S. Patent No: 9,589,439**

**"Consumer / Mobile / Cellular Device Integration with a Detection Capability"**

**557.**    Count LXV incorporate all the pleadings and attachments of this complaint that precedes this section which alleges the Government "used or manufactured" Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device—" invention—independent claim 15 of his '439 patent'.

**558.**    Upon information and belief, the United States has in the past, and continues to "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device "without license of the owner thereof or lawful right to use or manufacture the same" [28 U.S.C. § 1498(a)] without paying "reasonable and entire compensation".

**559.**    According to this United States Court of Federal Claims: "[U]nder § 1498(a), a patent owner who successfully proves infringement is entitled to "reasonable and entire compensation".

Like the definition of infringement, the remedies available to a patentee are limited by §
1498(a)'s roots in eminent domain, not tort." *Leesona Corp. v. United States*, 599 F.2d 958, 964
(Ct. Cl. 1979) ("The theory for recovery against the government for patent infringement is not
analogous to that in litigation between private parties …") "*Intellectual Property Suits in the
United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar
Association's website. *Exhibit A*

**560.**    According to this United States Court of Federal Claims: [W]hen the government has
infringed, it is deemed to have 'taken' the patent license under an eminent domain theory, and
compensation is the just compensation required by the Fifth Amendment."). "*Intellectual
Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on
the American Bar Association's website. *Exhibit A*

**561.**    Upon information and belief, the United States Court of Federal Claims; the United
States District Court for the Northern District of California; and the United States Court of
Appeals for the Federal Circuit has confirmed the infringement of Golden's "Communicating,
Monitoring, Detecting, and Controlling (CMDC) Device, that occurs when there's an integration
of a consumer, mobile, or cellular device with a detection capability. Therefore, the
Government's unlawful takings of a compulsory, non-exclusive, license to infringe Golden's
independent claim 15 of his '439 patent' is inevitable.

**562.**    Upon information and belief, the Government has in the past, and continues to unlawfully
"use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and
Controlling (CMDC) Device (i.e., consumer, mobile, or cellular device integration with a
detection capability). The alleged Government infringement of independent claim 15 of Golden's
'439 patent', is found in the following Government initiative(s):

- MIT: "NFC" Samsung Galaxy Smartphone Sensor for CBRNE detection
- Navy Marine Corps Intranet (NMCI) Network - Samsung Galaxy (communication
  network for CBRNE monitoring)

**563.**    Upon information and belief, "[t]he proper measure in eminent domain is what the owner
has lost, not what the taker has gained," and in § 1498(a) what is taken from the patent owner is a
compulsory nonexclusive license to use or manufacture the patented invention. Id. at 969 (citing
*United States v. Chandler-Dunbar Co.*, 299 U.S. 53, 76 (1913)). As such, in § 1498 actions,
"reasonable and entire compensation" is the exclusive remedy for patent infringement under §

1498(a) and is akin to just compensation under the Fifth Amendment of the Constitution. "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. *Exhibit A*

### COUNT LXVI:
### Claim 14 U.S. Patent No: 9,589,439
### "Consumer / Mobile / Cellular Device Integration with a Detection Capability"

**564.**    Count LXVI incorporate all the pleadings and attachments of this complaint that precedes this section which alleges the Government "used or manufactured" Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device—" invention—independent claim 14 of his '439 patent'.

**565.**    Upon information and belief, the United States has in the past, and continues to "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device "without license of the owner thereof or lawful right to use or manufacture the same" [28 U.S.C. § 1498(a)] without paying "reasonable and entire compensation".

**566.**    According to this United States Court of Federal Claims: "[U]nder § 1498(a), a patent owner who successfully proves infringement is entitled to "reasonable and entire compensation". Like the definition of infringement, the remedies available to a patentee are limited by § 1498(a)'s roots in eminent domain, not tort." *Leesona Corp. v. United States*, 599 F.2d 958, 964 (Ct. Cl. 1979) ("The theory for recovery against the government for patent infringement is not analogous to that in litigation between private parties …") "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. *Exhibit A*

**567.**    According to this United States Court of Federal Claims: [W]hen the government has infringed, it is deemed to have 'taken' the patent license under an eminent domain theory, and compensation is the just compensation required by the Fifth Amendment."). "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. *Exhibit A*

**568.**    Upon information and belief, the United States Court of Federal Claims; the United States District Court for the Northern District of California; and the United States Court of Appeals for the Federal Circuit has confirmed the infringement of Golden's "Communicating,

Monitoring, Detecting, and Controlling (CMDC) Device, that occurs when there's an integration of a consumer, mobile, or cellular device with a detection capability. Therefore, the Government's unlawful takings of a compulsory, non-exclusive, license to infringe Golden's independent claim 14 of his '439 patent' is inevitable.

**569.** Upon information and belief, the Government has in the past, and continues to unlawfully "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device (i.e., consumer, mobile, or cellular device integration with a detection capability). The alleged Government infringement of independent claim 14 of Golden's '439 patent', is found in the following Government initiative(s):

- "Cell-All" Rhevision & SeaCoast: Samsung Galaxy for CBRNE detection
- Navy Marine Corps Intranet (NMCI) Network of detection devices - Samsung Galaxy
- 1"x2" Detection Device (DD) for CBRNE detection; Samsung Galaxy Smartphone -
- NetS² SmartShield G500 Radiation Detector Samsung Galaxy Smartphone
- "Kromek D3S-ID": A Standalone Isotope ID (biometric device)

**570.** Upon information and belief, "[t]he proper measure in eminent domain is what the owner has lost, not what the taker has gained," and in § 1498(a) what is taken from the patent owner is a compulsory nonexclusive license to use or manufacture the patented invention. Id. at 969 (citing *United States v. Chandler-Dunbar Co.*, 299 U.S. 53, 76 (1913)). As such, in § 1498 actions, "reasonable and entire compensation" is the exclusive remedy for patent infringement under § 1498(a) and is akin to just compensation under the Fifth Amendment of the Constitution. "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. ***Exhibit A***

### COUNT LXVII:

### Claim 13 U.S. Patent No: 9,589,439

### "Consumer / Mobile / Cellular Device Integration with a Detection Capability"

**571.** Count LXVII incorporate all the pleadings and attachments of this complaint that precedes this section which alleges the Government "used or manufactured" Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device—" invention— independent claim 13 of his '439 patent'.

**572.**    Upon information and belief, the United States has in the past, and continues to "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device "without license of the owner thereof or lawful right to use or manufacture the same" [28 U.S.C. § 1498(a)] without paying "reasonable and entire compensation".

**573.**    According to this United States Court of Federal Claims: "[U]nder § 1498(a), a patent owner who successfully proves infringement is entitled to "reasonable and entire compensation". Like the definition of infringement, the remedies available to a patentee are limited by § 1498(a)'s roots in eminent domain, not tort." *Leesona Corp. v. United States*, 599 F.2d 958, 964 (Ct. Cl. 1979) ("The theory for recovery against the government for patent infringement is not analogous to that in litigation between private parties …") "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. ***Exhibit A***

**574.**    According to this United States Court of Federal Claims: [W]hen the government has infringed, it is deemed to have 'taken' the patent license under an eminent domain theory, and compensation is the just compensation required by the Fifth Amendment."). "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. ***Exhibit A***

**575.**    Upon information and belief, the United States Court of Federal Claims; the United States District Court for the Northern District of California; and the United States Court of Appeals for the Federal Circuit has confirmed the infringement of Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device, that occurs when there's an integration of a consumer, mobile, or cellular device with a detection capability. Therefore, the Government's unlawful takings of a compulsory, non-exclusive, license to infringe Golden's independent claim 13 of his '439 patent' is inevitable.

**576.**    Upon information and belief, the Government has in the past, and continues to unlawfully "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device (i.e., consumer, mobile, or cellular device integration with a detection capability). The alleged Government infringement of independent claim 13 of Golden's '439 patent', is found in the following Government initiative(s):

- PositiveID / "Firefly DX" Samsung Galaxy Smartphone for detecting CBRNE
- "Biotouch" Samsung Galaxy for detecting bio-hazards

- Samsung Galaxy "BioPhone" for detecting bio-hazards
- "COINS" Nano-Embedded Sensors for Smartphones CBRNE detection
- Variable's "NODE+Oxa" for the Apple (iPhone) Smartphone CBRNE detection
- Smartphone-Based Rapid Diagnostic Tests for CBRNE detection
- Navy Marine Corps Intranet (NMCI) Network - Apple iPad
- Apple iPAD Tablet Boeing MH-6 Little Bird Helicopter
- "TOUGHBOOK 31" Laptop Passport Systems Inc. Base Control Unit (BCU)
- "TOUGHBOOK 31" Laptop K-Max Self-flying Helicopter

**577.**   Upon information and belief, "[t]he proper measure in eminent domain is what the owner has lost, not what the taker has gained," and in § 1498(a) what is taken from the patent owner is a compulsory nonexclusive license to use or manufacture the patented invention. Id. at 969 (citing *United States v. Chandler-Dunbar Co.*, 299 U.S. 53, 76 (1913)). As such, in § 1498 actions, "reasonable and entire compensation" is the exclusive remedy for patent infringement under § 1498(a) and is akin to just compensation under the Fifth Amendment of the Constitution. "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. ***Exhibit A***

### COUNT LXVIII:
### Claim 1 U.S. Patent No: 9,096,189
### "Consumer / Mobile / Cellular Device Integration with a Detection Capability"

**578.**   Count LXVIII incorporate all the pleadings and attachments of this complaint that precedes this section which alleges the Government "used or manufactured" Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device—" invention— independent claim 1 of his '189 patent'.

**579.**   Upon information and belief, the United States has in the past, and continues to "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device "without license of the owner thereof or lawful right to use or manufacture the same" [28 U.S.C. § 1498(a)] without paying "reasonable and entire compensation".

**580.**   According to this United States Court of Federal Claims: "[U]nder § 1498(a), a patent owner who successfully proves infringement is entitled to "reasonable and entire compensation".

Like the definition of infringement, the remedies available to a patentee are limited by §
1498(a)'s roots in eminent domain, not tort." *Leesona Corp. v. United States*, 599 F.2d 958, 964
(Ct. Cl. 1979) ("The theory for recovery against the government for patent infringement is not
analogous to that in litigation between private parties …") "*Intellectual Property Suits in the
United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar
Association's website. *Exhibit A*

**581.**    According to this United States Court of Federal Claims: [W]hen the government has
infringed, it is deemed to have 'taken' the patent license under an eminent domain theory, and
compensation is the just compensation required by the Fifth Amendment."). "*Intellectual
Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on
the American Bar Association's website. *Exhibit A*

**582.**    Upon information and belief, the United States Court of Federal Claims; the United
States District Court for the Northern District of California; and the United States Court of
Appeals for the Federal Circuit has confirmed the infringement of Golden's "Communicating,
Monitoring, Detecting, and Controlling (CMDC) Device, that occurs when there's an integration
of a consumer, mobile, or cellular device with a detection capability. Therefore, the
Government's unlawful takings of a compulsory, non-exclusive, license to infringe Golden's
independent claim 1 of his '189 patent' is inevitable.

**583.**    Upon information and belief, the Government has in the past, and continues to unlawfully
"use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and
Controlling (CMDC) Device (i.e., consumer, mobile, or cellular device integration with a
detection capability). The alleged Government infringement of independent claim 1 of Golden's
'189 patent', is found in the following Government initiative(s):

- "Cell-All": Synkera MikroKera Ultra CBRNE detection
- 2"x2" Detection Device (DD) Samsung Galaxy Smartphone CBRNE detection
- NetS² SmartShield G300 Radiation Detector Samsung Galaxy Smartphone

**584.**    Upon information and belief, "[t]he proper measure in eminent domain is what the owner
has lost, not what the taker has gained," and in § 1498(a) what is taken from the patent owner is a
compulsory nonexclusive license to use or manufacture the patented invention. Id. at 969 (citing
*United States v. Chandler-Dunbar Co.*, 299 U.S. 53, 76 (1913)). As such, in § 1498 actions,
"reasonable and entire compensation" is the exclusive remedy for patent infringement under §

1498(a) and is akin to just compensation under the Fifth Amendment of the Constitution. "*Intellectual Property Suits in the United States Court of Federal Claims*"; Vol. 10 No. 1, Also, Published on the American Bar Association's website. ***Exhibit A***

**COUNT LXIX:**

**Plaintiff's U.S. Patents are: [11,645,898]; [10,984,619];**

**[10,163,287]; [9,589,439]; and [9,096,189]**

**"Consumer / Mobile / Cellular Device Integration with a Detection Capability"**

**585.**    Count LXIX incorporate all the pleadings and attachments of this complaint that precedes this section which alleges the Government "used or manufactured" Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device—" invention—defined in Golden's '898, '619, '287, '439, and '189 patents; without license or lawful right to do so. § 1498(a).

**586.**    Upon information and belief, the United States has in the past, and continues to "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device "without license of the owner thereof or lawful right to use or manufacture the same" [28 U.S.C. § 1498(a)] without paying "reasonable and entire compensation".

**587.**    Upon information and belief, the United States Court of Federal Claims; the United States District Court for the Northern District of California; and the United States Court of Appeals for the Federal Circuit has confirmed the infringement of Golden's "Communicating, Monitoring, Detecting, and Controlling (CMDC) Device, that occurs when there's an integration of a consumer, mobile, or cellular device with a detection capability. Therefore, the Government's unlawful takings of a compulsory, non-exclusive, license to infringe Golden's '898, '619, '287, '439, and '189 patents' are inevitable.

**588.**    Upon information and belief, the Government has in the past, and continues to unlawfully "use or manufacture" Golden's patented Communicating, Monitoring, Detecting, and Controlling (CMDC) Device (i.e., consumer, mobile, or cellular device integration with a detection capability). The alleged Government infringement of Golden's '898, '619, '287, '439, and '189 patents', is described in the following Government initiative(s):

**589.**    Significant advancements in mobile technology have occurred since September 11, 2001, both in the advancement of the devices and the infrastructures that support them. For example,

mobile devices like the Android™ and iPad® can now operate equally and seamlessly via traditional cellular networks, as well as with infrastructure/ad hoc wireless networks.

**590.**   The Defense Advanced Research Projects Agency (DARPA) has launched a program known as the Transformative Apps Program. The purpose of this program is to place the correct mobile applications into the hands of warfighters. To facilitate this, a military application store is being created to promote collaboration between developers and users in the field.

**591.**   Another DoD initiative is Connecting Soldiers to Digital Applications (CSDA), sponsored by the Army Capabilities Integration Center (ARCIC) and the Army CIO/G6, with support from the Army Training and Doctrine Command (TRADOC) deputy commanding general for Initial Military Training, and other Army organizations. The purpose of this initiative is to determine the value of giving soldiers applications on mobile devices [ARMY]. During Phase One of the initiative the Army experimented with several types of smart phones to evaluate the effectiveness and usefulness of various mobile applications in the field. Devices tested included the Apple iPhone®, Google Android™ devices, and Microsoft Windows Mobile™ phones [C4ISR]. On these devices, applications were tested which covered a wide range of functions.

**592.**   DoD is also starting to integrate chemical and biological sensors into mobile devices. Researchers from the University of California, San Diego have developed a miniature chemical sensor which can detect harmful gas in the air and automatically send the information about the type and transmitting range of the gas. The chemical sensor is a silicon chip with hundreds of independent miniature sensors. These can identify the molecule of specific toxic gas and then report on it.

**593.**   2013: Smartphones and Handheld Devices for Defense and Homeland Security Strategies, Plans, Challenges & Opportunities Symposium:

- "U.S. Coast Guard Smartphones Needs, Challenges & Opportunities" Rear Admiral Robert E. Day, Jr., Assistant Commandant for Command, Control, Communications, Computers & Information Technology, (C4IT) & Director, Coast Guard Cyber Command, Pre-Commissioning Detachment, U.S. Coast Guard.

- "DoD Mobile Strategy" Mr. Mark Norton, Senior Engineer, Department of Defense, Office of the Chief Information Officer, Office of the Under Secretary of Defense (CIO/OSD).

24

- "Update on Spectrum Sharing for Mobile Devices at the Tactical Edge" Mr. Julius Knapp, Chief Engineer, Office of Engineering and Technology, Federal Communications Commission (FCC).

- "Secure Smartphone Computing, Needs and Opportunities for a Secure yet Mobile Platform" Mr. Keith Trippie, Executive Director, Enterprise System Development, Office of the Chief Information Officer, Department of Homeland Security (DHS).

- "DISA's Strategic Mobility Vision" Mr. Gregory Youst, Chief Mobility Engineer, Technology and Integration Division, Chief Technology Officer, Defense Information Systems Agency (DISA) (invited).

- "Content-Based Mobile Edge Networking (CBMEN)" Dr. Keith Gremban, PhD., Program Manager, Content Based Mobile Edge Networking (CBMEN), Defense Advanced Research Project Agency (DARPA).

- "Transformative Apps Program" Mr. Doran Michaels, Program Manager, Transformative Apps, DARPA.

- "Windshear II Update" Mr. John-Isaac Clark, Chief Innovation Officer, Thermopylae Sciences & Technology & Mr. Lenwood Washington, Senior Systems Engineer, Mission Integration Directorate, Acquisition and Engineering, National Reconnaissance Office (NRO).

- "Advancements in Mobile Devices for Chem-Bio Detection and Characterization" Dr. Calvin CHUE, PhD., Research Biologist, U.S. Army Research, Development and Engineering Command (RDECOM).

- "ADAPT Unattended Ground Sensor Using Android Operating System and Original Design Manufacturers" Mr. Mark Rich, Program Manager, Strategic Technology Office, DARPA.

**594.**  2013: "The U.S. Department of Defense confirmed in a statement on Friday that Apple's iOS 6 mobile operating system is secure enough to connect to secure Pentagon networks."

**595.**  2013: "The U.S. Department of Defense confirmed in a statement on Friday that Apple's iOS 6 mobile operating system is secure enough to connect to secure Pentagon networks."

**596.**   2013: "Samsung's potential government deal signals new era for mobile security: Samsung may be ready to sign deals with the FBI and the U.S. Navy. Analysts say the news is proof that mobile in the enterprise has arrived. Samsung is close to inking a deal with the FBI and the U.S. Navy for mobile devices."

**597.**   2013: "National Institute of Standards and Technology (NIST), which examines and tests mobile devices and technologies for security clearance, granted the Apple software FIPS 140-2 certification (Level 1) last Friday. This approves iPhones and iPads running the software in conjunction with the U.S. government's lowest level of national security clearance."

**598.**   2013: "The U.S. Department of Defense announced today that it was further dropping its exclusive BlackBerry contract and opening all of its mobile communications networks to Apple, Google, and other device makers. 'The Department of Defense is taking a leadership role in leveraging mobile device technology by ensuring its workforce is empowered with mobile devices,' Defense Department Chief Information Officer Teri Takai said in a statement today."

**599.**   2013: "Samsung recently received the nod from the Pentagon for any Samsung device protected by the Knox security software, which includes the Galaxy S4 and other compatible tablets."

**600.**   2013: "For the first time, Apple's push into federal use opens up the U.S. government and military to competition for device procurement in the mobile space."

**601.**   2014: "The mobile device management system–MDM–began operating Jan. 31as a control system through which approved devices must operate to get access to Defense Department networks. The MDM enforces security policies by blocking or permitting certain functions on smartphones and tablets."

**602.**   2014: "By opening its networks to Samsung and Apple devices, Defense Information Systems Agency (DISA) intends to broaden the variety of mobile computers that troops and civilian Defense Department employees can use in the field, on bases, in offices and elsewhere to receive and send information and work almost anywhere at any time."

**603.**   2014: "Samsung has announced that five of its Galaxy devices have been approved for the U.S government's Defense Information System Agency (DISA) products list. The devices include the Galaxy S4, Galaxy S4 Active, Galaxy Note 3, the Galaxy Note Pro 12.2 and the Galaxy Note 10.1 2014 Edition. All of them are using Android 4.4 (KitKat) along

with Samsung's KNOX secure workspace platform, which includes system-level encryption for enterprise-based apps."

**604.**    2014: "The United States Air Force is replacing 5000 legacy BlackBerry smartphones with Apple's iPhone, and eventually all of their BlackBerry users will have to make the changeover. The announcement, reported by Defense News, comes as the future of BlackBerry within the Department of Defense is debated, with the chips seeming to fall on the side of transitioning away from a network supporting a mish-mash of BlackBerry 6 and 7 devices to a mix of modern devices — though apparently without BlackBerry 10 in that mix."

**605.**    2015: "Navy Plans for Android and iOS Devices. The Navy Enterprise Networks (NEN) Program Office is making progress on plans to transition to more modern mobile devices. Early users will be able to choose between the iPhone 5c and 5s, but the Navy wants to be as flexible as possible and allow users to pick the devices that will work best for them, and plans to approve a wider range of devices. Approval to use the iPhone 6 and iPad Air is expected in Jan. or Feb. 2015, and approval to use Samsung Android phones and tablets is expected in March."

**606.**    2016: "This fiscal year Marines will receive Samsung smart phones that make calling for fire support easier, quicker and more accurate. The Target Handoff System Version 2, or THS V.2, is a portable system designed for use by dismounted Marines to locate targets, pinpoint global positioning coordinates and call for close air, artillery and naval fire support using secure digital communications."

**607.**    2016: "Both the LG Electronics G5 and V10 received a security certification from the U.S. Defense Information Systems Agency, as well as a certification by the National Information Assurance Partnership, which administers independent tests to see if the devices are reliable and secure. The two newer LG smartphone models have joined the select list of official devices that can be used by Department of Defense employees, according to the handset manufacturer and a DOD website. LG's older models, the G3 and G4 also received DISA certifications. The phones come equipped with LG's encryption technology from 2013, LG GATE. The advanced tech has secure email options, supports Virtual Private Network (VPN), and can remotely wipe the phone's memory."

**608.**    2016: "Use of Mobile Technology for Information Collection and Dissemination": A DACS Technology Assessment Report: The Data & Analysis Center for Software (DACS) was one of several United States Department of Defense (DoD) sponsored Information Analysis

27

Centers (IACs), administered by the Defense Technical Information Center (DTIC). It was managed by the U.S. Air Force Research Laboratory (AFRL) and operated by Quanterion Solutions Inc. under a long-term DoD contract. The website is no longer available and was replaced by https://www.csiac.org/ DACS Report Number 518055: Contract FA1500-10-D-0010; Prepared for the Defense Technical Information Center; Prepared By: Chet Hosmer, Chief Scientist; Carlton Jeffcoat, Vice President, Cyber Security Division; Matt Davis, Malware Analyst; Wetstone/Allen Corporation of America; 10400 Eaton Place; Fairfax, VA 22030; Thomas McGibbon, DACS Director; Quanterion Solutions Inc. 100 Seymour Road Utica, NY 13502. (Paragraphs 79-84 below were taken from the Report)

**609.**    Mobile technology is increasingly being utilized as a tool for information dissemination and collection across the Government. The Department of Defense (DoD), Department of Homeland Security (DHS), Intelligence communities, and law enforcement are among those agencies utilizing mobile technology for information management. The primary mobile devices being utilized are the iPad®, iPhone®, Android™, and Windows Mobile™. The open architecture of these devices is advantageous for rapid application development and release.

**610.**    New mobile technologies such as the iPhone®, iPad®, Android™ and similar devices have revolutionized the way information can be distributed. In the past, mobile devices such as Personal Data Assistants (PDAs) primarily focused on data storage and display. Today, an increasingly large number of devices are focusing not only on data storage and display, but also on communication and processing. As a result, organizations have begun leveraging mobile technology as a means of information dissemination. These organizations include, but are not limited to, Government organizations such as the Department of Defense (DoD), the United States Army, the Department of Homeland Security (DHS), and a number of critical infrastructure organizations.

Exhibit C

Your Name: Cathy Logan

Your Address: 101 Moorgate Drive

Simpsonville S.C. 29681

Phone Number: 864-363-4802

Email Address: cathy.logan56@gmail.com

**Check one:**

☐ Patent Owner / Advocate for Patent Owners

☐ Respondent in an *Inter Partes Review* (IPR) at the PTAB

☑ Support the U.S. Constitution's 7th Amendment Right of a Trial by Jury

☐ Patent Litigator with an Interest of Equal Justice in the Courts

☐ Google, Samsung, or Apple Petitioned the PTAB to Invalidate my Patent(s)

## DECLARATION

This declaration is in support of equal justice inside the District Courts. When Google, Samsung, or Apple petitioned the PTAB to invalidate a patent(s); and receive a favorable decision, it usually means the Patent Owner or Respondent have lost patent rights to what the Patent Owner or Respondent has invented; and the patents/patent claims cannot be enforced in Court against an alleged infringer.

The number of petitions filed at the PTAB between January 1, 2019 through December 31, 2024 for Samsung Electronics is 525; for Apple is 456; and for Google is 340.

The question is, "how have the Northern District of California Court handled an unfavorable decision that not only effects the design of the Google smartphones and smartwatches, but also Samsung's and Apple's smartphones and smartwatches.

In *Golden v. Google LLC* NDC Case No. 22-5246, Golden made several attempts to enter as evidence what he believes is an unfavorable decision for Google, Samsung, and Apple that was handed down by the PTAB in the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015.

Golden's fear is the unfavorable decision will not be entered as evidence in the current case against Google, NDC Case No. 26-0831 and a jury will never get a chance to review the evidence and decide Google's alleged infringement liability. Help me expose the Northern District's of California's bias in favor of Google.

1

**PTAB'S Claim Term Construction**

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "built in, embedded" as "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

"In the Decision to Institute, we construed certain claim terms. Those constructions are reproduced in the chart below.

| Claim Term | Construction |
|---|---|
| "built in, embedded" (claim 74) | "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device" |
| "communication device" (claim 81) | "monitoring equipment" |

Dec. to Inst. 11–16.

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "communication device" to include "monitoring equipment", "cell phones and smartphones".

"Patent Owner [] contends that [] cell phones and smart phones, [] are "species terms" that are "included in the genus 'monitoring equipment' and 'communication device' when the clause 'products grouped together by common features in the product groupings category of design similarity' is included." ... "Owner argues that "[t]he specific devices [] such as the cell phones and smart phones would be recognized by one of ordinary skill in the art as a type of communication device or monitoring equipment because cell phones and smartphones are devices that are capable of communication and are capable of receiving signals." ... "the communication device receives a signal via any of one or more products listed in any of the plurality of product grouping categories," would not impermissibly broaden the scope".

**Horizontal & Vertical Decisis: Twelve Federal Judges Infer to Say; "Infringement Occurs when a Cell Phone is Integrated with a CBRNE-H Detection Capability**

2

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 22-1267; determined direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

"Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" ... "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" ... "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

The Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 examined and determined Golden has described how the Google "smartphone", that include the ATAK software and CBRN plugin sensors literally infringes at least claim 5 of Golden's '287 Patent; claim 23 of Golden's '439 Patent; and claim 1 of Golden's '189 Patent.

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Samsung* Case No. 23-2120; agreed with the Northern District of California Court Judge in *Golden v. Samsung* Case No. 23-0048 that direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

In *Golden v. Samsung Electronics America, Inc.* Case: 23-2120, Document 28; *OPINION* filed for the court by Prost, Circuit Judge; Taranto, Circuit Judge and Chen, Circuit Judge. Filed: 02/12/2024. "Mr. Golden's complaint alleged, in part, that Samsung's smartphones possess that claimed detector/sensor functionality on three alternative bases: (1) through the "Android Team Awareness Kit, ATAK," which is "[b]uilt on the Android operating system," involves "plug-ins" and "app specific software," was "[i]nitially created" by the "Air Force Research Laboratory" together with the "Defense Threat Reduction Agency," and is "available to warfighters throughout the DoD," Appx112 ¶ 55; Appx119, 127; (2) through add-on devices or modifications that utilize the smartphone's built-in camera, Appx111 ¶ 54, Appx124–25; and (3) through nine "standard sensors" which "can be used as 'biosensors,'" Appx126."

"Samsung moved to dismiss Mr. Golden's complaint, arguing that, among other things, Mr. Golden's complaint failed to plausibly state a patent-infringement claim. Appx146–48. More specifically, Samsung argued that Mr. Golden's complaint stated no alleged facts that went beyond allegations that Samsung was making and selling smartphones that could be modified post-sale by others to

3

perform the accused detector/sensor functionality. On that basis, Samsung said, there are no plausible allegations Samsung was engaged in directly infringing activities. Appx146–47." "The district court agreed and dismissed Mr. Golden's complaint with prejudice, concluding, in part, that "[t]he allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face." Golden, 2023 WL 3919466,

The Northern District of California Court Judge Haywood S. Gilliam, Jr. in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Government arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone. "Order Granting Motion to Dismiss with Leave to Amend" Document 41 Filed 08/10/23; the then presiding Judge Haywood S. Gilliam, Jr. agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The Northern District of California Court Judge Rita F. Lin in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Gov't arises when there's a combined ATAK software; CBRN plugins; CPU, and a Smartphone. "Order Granting Motion to Dismiss and Denying leave to File a Surreply" Document 68 Filed 04/03/24; the current presiding Judge Rita F. Lin agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The United States Court of Appeals; Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 24-2024; determined infringement occurs when a [Google] mobile, consumer, or cellular device is integrated with, or interconnected to, Draper's CBRNE detection capability.

In *Golden v. Google LLC.*, Case No. 24-2024, Dkt. 41; filed 06/25/2025, three Federal Circuit judges again confirm, infringement of Plaintiff's patented CMDC device occurs when a mobile, consumer, or cellular device, is integrated with, or interconnected to a CBRNE detection capability. The Circuit's opinion includes the following:
     "We conclude that the district court did not err in finding that "Mr. Golden's five infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." Decision at *1; see also *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) (finding no infringement when the accused products "do not infringe without modification—the modification of installing the required software."). Mr. Golden's first theory of

4

infringement requires the *use of the third-party app* "ATAK-CIV" for at least two limitations of each asserted claim. App'x 300–302 ¶¶ 56 63;

**Collateral Estoppel:**

Collateral estoppel can preclude re-litigation of issues already decided by the PTAB, as affirmed by the Federal Circuit, which binds subsequent actions even if the parties differ between district court and PTAB proceedings.

Collateral estoppel is a legal doctrine that applies when "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action." In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994). The goal of collateral estoppel is to promote judicial efficiency and consistency between forums by preventing a party from relitigating the same issues in multiple forums.

The PTAB have already decided "built-in, embedded" aligns with Golden's patent specifications [the detection capability is "in, on, upon, or adjacent" the communication device]; while the PTAB's construction of "built-in, embedded" is "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

Also, nine Federal Circuit judges "infer to say" [means to deduce or conclude something based on evidence or reasoning], that infringement of Plaintiff's patented CMDC devices occurs when a CBRNE-H detection capability is "in, on, upon, adjacent, built-in, embedded, included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device", such that it is an integral part of the Google, Samsung, or Apple smartphone or smartwatch devices.[Applied Phillipps Standard]

The above undisputed facts must be entered as evidence; but as evidence that is estoppel from re-litigation or challenges. Plaintiff relies on the above fact issues to support his claim of alleged patent infringement against Google, Samsung, and Apple.

Courts of law adjudicate contested factual claims with the use of a jury. Patent infringement claims are issues-of-facts to be tried by a jury [U.S. CONS'T, 7th Amend.].

## CONCLUSION

Twelve Judges, three from the District Courts and nine from the Federal Circuit, have determined infringement of Golden's patented CMDC devices occurs when a mobile, consumer, or cellular device in integrated with, or interconnected to, a CBRNE-H detection capability.

Therefore, when the Courts combined the findings at the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267:

> "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" … "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

with the PTAB's final decision in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, Entered: October 1, 2015, of the term "built-in, embedded":

> "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

it clearly creates and validates infringement liability for Google, Samsung, and Apple. Please help me get this combination before a jury.

## VERIFICATION
### Pursuant to 28 U.S.C. § 1746

I am over the age of 18, competent to testify that I did not personally write or draft the contents of this document; but having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements made in *Larry Golden v. Google LLC*; Case No. 22-1267 and in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, are true, correct, and complete to the best of my understanding, knowledge, and belief, and my recommendation that the combination is presented to a jury, is made in good faith.

Executed and signed this <u>1st</u> day of <u>Febuary</u>, 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for aforementioned described combination is presented to a jury.


s/ Cathy G. Logan

6

Your Name: Barbar Gambrell

Your Address: 22 dunlap dr

greenville sc 29605

Phone Number: 864-320-5117

Email Address: bgambrell49@gmail.com

**Check one:**

☐ Patent Owner / Advocate for Patent Owners

☐ Respondent in an *Inter Partes Review* (IPR) at the PTAB

☑ Support the U.S. Constitution's 7th Amendment Right of a Trial by Jury

☐ Patent Litigator with an Interest of Equal Justice in the Courts

☐ Google, Samsung, or Apple Petitioned the PTAB to Invalidate my Patent(s)

## DECLARATION

This declaration is in support of equal justice inside the District Courts. When Google, Samsung, or Apple petitioned the PTAB to invalidate a patent(s); and receive a favorable decision, it usually means the Patent Owner or Respondent have lost patent rights to what the Patent Owner or Respondent has invented; and the patents/patent claims cannot be enforced in Court against an alleged infringer.

The number of petitions filed at the PTAB between January 1, 2019 through December 31, 2024 for Samsung Electronics is 525; for Apple is 456; and for Google is 340.

The question is, "how have the Northern District of California Court handled an unfavorable decision that not only effects the design of the Google smartphones and smartwatches, but also Samsung's and Apple's smartphones and smartwatches.

In *Golden v. Google LLC* NDC Case No. 22-5246, Golden made several attempts to enter as evidence what he believes is an unfavorable decision for Google, Samsung, and Apple that was handed down by the PTAB in the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015.

Golden's fear is the unfavorable decision will not be entered as evidence in the current case against Google, NDC Case No. 26-0831 and a jury will never get a chance to review the evidence and decide Google's alleged infringement liability. Help me expose the Northern District's of California's bias in favor of Google.

1

**PTAB'S Claim Term Construction**

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "built in, embedded" as "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

"In the Decision to Institute, we construed certain claim terms. Those constructions are reproduced in the chart below.

| Claim Term | Construction |
|---|---|
| "built in, embedded" (claim 74) | "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device" |
| "communication device" (claim 81) | "monitoring equipment" |

Dec. to Inst. 11–16.

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "communication device" to include "monitoring equipment", "cell phones and smartphones".

"Patent Owner [] contends that [] cell phones and smart phones, [] are "species terms" that are "included in the genus 'monitoring equipment' and 'communication device' when the clause 'products grouped together by common features in the product groupings category of design similarity' is included." ... "Owner argues that "[t]he specific devices [] such as the cell phones and smart phones would be recognized by one of ordinary skill in the art as a type of communication device or monitoring equipment because cell phones and smartphones are devices that are capable of communication and are capable of receiving signals." ... "the communication device receives a signal via any of one or more products listed in any of the plurality of product grouping categories," would not impermissibly broaden the scope".

**Horizontal & Vertical Decisis: Twelve Federal Judges Infer to Say; "Infringement Occurs when a Cell Phone is Integrated with a CBRNE-H Detection Capability**

2

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 22-1267; determined direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

"Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" … "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

The Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 examined and determined Golden has described how the Google "smartphone", that include the ATAK software and CBRN plugin sensors literally infringes at least claim 5 of Golden's '287 Patent; claim 23 of Golden's '439 Patent; and claim 1 of Golden's '189 Patent.

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Samsung* Case No. 23-2120; agreed with the Northern District of California Court Judge in *Golden v. Samsung* Case No. 23-0048 that direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

In *Golden v. Samsung Electronics America, Inc.* Case: 23-2120, Document 28; *OPINION* filed for the court by Prost, Circuit Judge; Taranto, Circuit Judge and Chen, Circuit Judge. Filed: 02/12/2024. "Mr. Golden's complaint alleged, in part, that Samsung's smartphones possess that claimed detector/sensor functionality on three alternative bases: (1) through the "Android Team Awareness Kit, ATAK," which is "[b]uilt on the Android operating system," involves "plug-ins" and "app specific software," was "[i]nitially created" by the "Air Force Research Laboratory" together with the "Defense Threat Reduction Agency," and is "available to warfighters throughout the DoD," Appx112 ¶ 55; Appx119, 127; (2) through add-on devices or modifications that utilize the smartphone's built-in camera, Appx111 ¶ 54, Appx124–25; and (3) through nine "standard sensors" which "can be used as 'biosensors,'" Appx126."

"Samsung moved to dismiss Mr. Golden's complaint, arguing that, among other things, Mr. Golden's complaint failed to plausibly state a patent-infringement claim. Appx146–48. More specifically, Samsung argued that Mr. Golden's complaint stated no alleged facts that went beyond allegations that Samsung was making and selling smartphones that could be modified post-sale by others to

perform the accused detector/sensor functionality. On that basis, Samsung said, there are no plausible allegations Samsung was engaged in directly infringing activities. Appx146–47." "The district court agreed and dismissed Mr. Golden's complaint with prejudice, concluding, in part, that "[t]he allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face." Golden, 2023 WL 3919466,

The Northern District of California Court Judge Haywood S. Gilliam, Jr. in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Government arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone. "Order Granting Motion to Dismiss with Leave to Amend" Document 41 Filed 08/10/23; the then presiding Judge Haywood S. Gilliam, Jr. agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The Northern District of California Court Judge Rita F. Lin in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Gov't arises when there's a combined ATAK software; CBRN plugins; CPU, and a Smartphone. "Order Granting Motion to Dismiss and Denying leave to File a Surreply" Document 68 Filed 04/03/24; the current presiding Judge Rita F. Lin agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The United States Court of Appeals; Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 24-2024; determined infringement occurs when a [Google] mobile, consumer, or cellular device is integrated with, or interconnected to, Draper's CBRNE detection capability.

In *Golden v. Google LLC.*, Case No. 24-2024, Dkt. 41; filed 06/25/2025, three Federal Circuit judges again confirm, infringement of Plaintiff's patented CMDC device occurs when a mobile, consumer, or cellular device, is integrated with, or interconnected to a CBRNE detection capability. The Circuit's opinion includes the following:

 "We conclude that the district court did not err in finding that "Mr. Golden's five infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." Decision at *1; see also *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) (finding no infringement when the accused products "do not infringe without modification—the modification of installing the required software."). Mr. Golden's first theory of

4

infringement requires the *use of the third-party app* "ATAK-CIV" for at least two limitations of each asserted claim. App'x 300–302 ¶¶ 56 63;

**Collateral Estoppel:**

Collateral estoppel can preclude re-litigation of issues already decided by the PTAB, as affirmed by the Federal Circuit, which binds subsequent actions even if the parties differ between district court and PTAB proceedings.

Collateral estoppel is a legal doctrine that applies when "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action." In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994). The goal of collateral estoppel is to promote judicial efficiency and consistency between forums by preventing a party from relitigating the same issues in multiple forums.

The PTAB have already decided "built-in, embedded" aligns with Golden's patent specifications [the detection capability is "in, on, upon, or adjacent" the communication device]; while the PTAB's construction of "built-in, embedded" is "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

Also, nine Federal Circuit judges "infer to say" [means to deduce or conclude something based on evidence or reasoning], that infringement of Plaintiff's patented CMDC devices occurs when a CBRNE-H detection capability is "in, on, upon, adjacent, built-in, embedded, included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device", such that it is an integral part of the Google, Samsung, or Apple smartphone or smartwatch devices.[Applied Phillipps Standard]

The above undisputed facts must be entered as evidence; but as evidence that is estoppel from re-litigation or challenges. Plaintiff relies on the above fact issues to support his claim of alleged patent infringement against Google, Samsung, and Apple.

Courts of law adjudicate contested factual claims with the use of a jury. Patent infringement claims are issues-of-facts to be tried by a jury [U.S. CONS'T, 7th Amend.].

## CONCLUSION

Twelve Judges, three from the District Courts and nine from the Federal Circuit, have determined infringement of Golden's patented CMDC devices occurs when a mobile, consumer, or cellular device in integrated with, or interconnected to, a CBRNE-H detection capability.

Therefore, when the Courts combined the findings at the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267:

> "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" … "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

with the PTAB's final decision in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, Entered: October 1, 2015, of the term "built-in, embedded":

> "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

it clearly creates and validates infringement liability for Google, Samsung, and Apple. Please help me get this combination before a jury.

## <u>VERIFICATION</u>
### Pursuant to 28 U.S.C. § 1746

I am over the age of 18, competent to testify that I did not personally write or draft the contents of this document; but having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements made in *Larry Golden v. Google LLC*; Case No. 22-1267 and in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, are true, correct, and complete to the best of my understanding, knowledge, and belief, and my recommendation that the combination is presented to a jury, is made in good faith.

Executed and signed this <u>1st</u> day of <u>Febuary</u>, 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for aforementioned described combination is presented to a jury.


s/ Barbara Gambrell
_____

6

Your Name: Vodrick Logan

Your Address:  401 N. Main St

Mauldin S.C. 29662

Phone Number: 972-624-9609

Email Address: sirlogan864@gmail.com

**Check one:**

☐ Patent Owner / Advocate for Patent Owners

☐ Respondent in an *Inter Partes Review* (IPR) at the PTAB

☑ Support the U.S. Constitution's 7ᵗʰ Amendment Right of a Trial by Jury

☐ Patent Litigator with an Interest of Equal Justice in the Courts

☐ Google, Samsung, or Apple Petitioned the PTAB to Invalidate my Patent(s)

## DECLARATION

This declaration is in support of equal justice inside the District Courts. When Google, Samsung, or Apple petitioned the PTAB to invalidate a patent(s); and receive a favorable decision, it usually means the Patent Owner or Respondent have lost patent rights to what the Patent Owner or Respondent has invented; and the patents/patent claims cannot be enforced in Court against an alleged infringer.

The number of petitions filed at the PTAB between January 1, 2019 through December 31, 2024 for Samsung Electronics is 525; for Apple is 456; and for Google is 340.

The question is, "how have the Northern District of California Court handled an unfavorable decision that not only effects the design of the Google smartphones and smartwatches, but also Samsung's and Apple's smartphones and smartwatches.

In *Golden v. Google LLC* NDC Case No. 22-5246, Golden made several attempts to enter as evidence what he believes is an unfavorable decision for Google, Samsung, and Apple that was handed down by the PTAB in the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015.

Golden's fear is the unfavorable decision will not be entered as evidence in the current case against Google, NDC Case No. 26-0831 and a jury will never get a chance to review the evidence and decide Google's alleged infringement liability. Help me expose the Northern District's of California's bias in favor of Google.

1

**PTAB'S Claim Term Construction**

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "built in, embedded" as "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

"In the Decision to Institute, we construed certain claim terms. Those constructions are reproduced in the chart below.

| Claim Term | Construction |
|---|---|
| "built in, embedded" (claim 74) | "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device" |
| "communication device" (claim 81) | "monitoring equipment" |

Dec. to Inst. 11–16.

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "communication device" to include "monitoring equipment", "cell phones and smartphones".

"Patent Owner [] contends that [] cell phones and smart phones, [] are "species terms" that are "included in the genus 'monitoring equipment' and 'communication device' when the clause 'products grouped together by common features in the product groupings category of design similarity' is included." … "Owner argues that "[t]he specific devices [] such as the cell phones and smart phones would be recognized by one of ordinary skill in the art as a type of communication device or monitoring equipment because cell phones and smartphones are devices that are capable of communication and are capable of receiving signals." … "the communication device receives a signal via any of one or more products listed in any of the plurality of product grouping categories," would not impermissibly broaden the scope".

**Horizontal & Vertical Decisis: Twelve Federal Judges Infer to Say; "Infringement Occurs when a Cell Phone is Integrated with a CBRNE-H Detection Capability**

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 22-1267; determined direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

"Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" ... "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" ... "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

The Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 examined and determined Golden has described how the Google "smartphone", that include the ATAK software and CBRN plugin sensors literally infringes at least claim 5 of Golden's '287 Patent; claim 23 of Golden's '439 Patent; and claim 1 of Golden's '189 Patent.

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Samsung* Case No. 23-2120; agreed with the Northern District of California Court Judge in *Golden v. Samsung* Case No. 23-0048 that direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

In *Golden v. Samsung Electronics America, Inc*. Case: 23-2120, Document 28; *OPINION* filed for the court by Prost, Circuit Judge; Taranto, Circuit Judge and Chen, Circuit Judge. Filed: 02/12/2024. "Mr. Golden's complaint alleged, in part, that Samsung's smartphones possess that claimed detector/sensor functionality on three alternative bases: (1) through the "Android Team Awareness Kit, ATAK," which is "[b]uilt on the Android operating system," involves "plug-ins" and "app specific software," was "[i]nitially created" by the "Air Force Research Laboratory" together with the "Defense Threat Reduction Agency," and is "available to warfighters throughout the DoD," Appx112 ¶ 55; Appx119, 127; (2) through add-on devices or modifications that utilize the smartphone's built-in camera, Appx111 ¶ 54, Appx124–25; and (3) through nine "standard sensors" which "can be used as 'biosensors,'" Appx126."

"Samsung moved to dismiss Mr. Golden's complaint, arguing that, among other things, Mr. Golden's complaint failed to plausibly state a patent-infringement claim. Appx146–48. More specifically, Samsung argued that Mr. Golden's complaint stated no alleged facts that went beyond allegations that Samsung was making and selling smartphones that could be modified post-sale by others to

perform the accused detector/sensor functionality. On that basis, Samsung said, there are no plausible allegations Samsung was engaged in directly infringing activities. Appx146–47." "The district court agreed and dismissed Mr. Golden's complaint with prejudice, concluding, in part, that "[t]he allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face." Golden, 2023 WL 3919466,

The Northern District of California Court Judge Haywood S. Gilliam, Jr. in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Government arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone. "Order Granting Motion to Dismiss with Leave to Amend" Document 41 Filed 08/10/23; the then presiding Judge Haywood S. Gilliam, Jr. agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The Northern District of California Court Judge Rita F. Lin in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Gov't arises when there's a combined ATAK software; CBRN plugins; CPU, and a Smartphone. "Order Granting Motion to Dismiss and Denying leave to File a Surreply" Document 68 Filed 04/03/24; the current presiding Judge Rita F. Lin agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The United States Court of Appeals; Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 24-2024; determined infringement occurs when a [Google] mobile, consumer, or cellular device is integrated with, or interconnected to, Draper's CBRNE detection capability.

In *Golden v. Google LLC.*, Case No. 24-2024, Dkt. 41; filed 06/25/2025, three Federal Circuit judges again confirm, infringement of Plaintiff's patented CMDC device occurs when a mobile, consumer, or cellular device, is integrated with, or interconnected to a CBRNE detection capability. The Circuit's opinion includes the following:

"We conclude that the district court did not err in finding that "Mr. Golden's five infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." Decision at *1; see also *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) (finding no infringement when the accused products "do not infringe without modification—the modification of installing the required software."). Mr. Golden's first theory of

4

infringement requires the *use of the third-party app* "ATAK-CIV" for at least two limitations of each asserted claim. App'x 300–302 ¶¶ 56 63;

**Collateral Estoppel:**

Collateral estoppel can preclude re-litigation of issues already decided by the PTAB, as affirmed by the Federal Circuit, which binds subsequent actions even if the parties differ between district court and PTAB proceedings.

Collateral estoppel is a legal doctrine that applies when "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action." In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994). The goal of collateral estoppel is to promote judicial efficiency and consistency between forums by preventing a party from relitigating the same issues in multiple forums.

The PTAB have already decided "built-in, embedded" aligns with Golden's patent specifications [the detection capability is "in, on, upon, or adjacent" the communication device]; while the PTAB's construction of "built-in, embedded" is "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

Also, nine Federal Circuit judges "infer to say" [means to deduce or conclude something based on evidence or reasoning], that infringement of Plaintiff's patented CMDC devices occurs when a CBRNE-H detection capability is "in, on, upon, adjacent, built-in, embedded, included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device", such that it is an integral part of the Google, Samsung, or Apple smartphone or smartwatch devices.[Applied Phillipps Standard]

The above undisputed facts must be entered as evidence; but as evidence that is estoppel from re-litigation or challenges. Plaintiff relies on the above fact issues to support his claim of alleged patent infringement against Google, Samsung, and Apple.

Courts of law adjudicate contested factual claims with the use of a jury. Patent infringement claims are issues-of-facts to be tried by a jury [U.S. CONS'T, 7th Amend.].

## CONCLUSION

Twelve Judges, three from the District Courts and nine from the Federal Circuit, have determined infringement of Golden's patented CMDC devices occurs when a mobile, consumer, or cellular device in integrated with, or interconnected to, a CBRNE-H detection capability.

Therefore, when the Courts combined the findings at the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267:

> "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" ... "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" ... "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

with the PTAB's final decision in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, Entered: October 1, 2015, of the term "built-in, embedded":

> "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

it clearly creates and validates infringement liability for Google, Samsung, and Apple. Please help me get this combination before a jury.

## VERIFICATION
### Pursuant to 28 U.S.C. § 1746

I am over the age of 18, competent to testify that I did not personally write or draft the contents of this document; but having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements made in *Larry Golden v. Google LLC*; Case No. 22-1267 and in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, are true, correct, and complete to the best of my understanding, knowledge, and belief, and my recommendation that the combination is presented to a jury, is made in good faith.

Executed and signed this 1st day of Febuary , 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for aforementioned described combination is presented to a jury.

s/ Vodrick D Logan

6

Your Name: Judy G. Moore

Your Address: 1909 Stevens Hill Rd.

Lancaster SC 29720

Phone Number: 803-288-1943

Email Address: judygmoore1955@gmail.com

**Check one:**

☐ Patent Owner / Advocate for Patent Owners

☐ Respondent in an *Inter Partes Review* (IPR) at the PTAB

☒ Support the U.S. Constitution's 7th Amendment Right of a Trial by Jury

☐ Patent Litigator with an Interest of Equal Justice in the Courts

☐ Google, Samsung, or Apple Petitioned the PTAB to Invalidate my Patent(s)

## DECLARATION

This declaration is in support of equal justice inside the District Courts. When Google, Samsung, or Apple petitioned the PTAB to invalidate a patent(s); and receive a favorable decision, it usually means the Patent Owner or Respondent have lost patent rights to what the Patent Owner or Respondent has invented; and the patents/patent claims cannot be enforced in Court against an alleged infringer.

The number of petitions filed at the PTAB between January 1, 2019 through December 31, 2024 for Samsung Electronics is 525; for Apple is 456; and for Google is 340.

The question is, "how have the Northern District of California Court handled an unfavorable decision that not only effects the design of the Google smartphones and smartwatches, but also Samsung's and Apple's smartphones and smartwatches.

In *Golden v. Google LLC* NDC Case No. 22-5246, Golden made several attempts to enter as evidence what he believes is an unfavorable decision for Google, Samsung, and Apple that was handed down by the PTAB in the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015.

Golden's fear is the unfavorable decision will not be entered as evidence in the current case against Google, NDC Case No. 26-0831 and a jury will never get a chance to review the evidence and decide Google's alleged infringement liability. Help me expose the Northern District's of California's bias in favor of Google.

1

**PTAB'S Claim Term Construction**

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "built in, embedded" as "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

"In the Decision to Institute, we construed certain claim terms. Those constructions are reproduced in the chart below.

| Claim Term | Construction |
|---|---|
| "built in, embedded" (claim 74) | "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device" |
| "communication device" (claim 81) | "monitoring equipment" |

Dec. to Inst. 11–16.

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "communication device" to include "monitoring equipment", "cell phones and smartphones".

"Patent Owner [] contends that [] cell phones and smart phones, [] are "species terms" that are "included in the genus 'monitoring equipment' and 'communication device' when the clause 'products grouped together by common features in the product groupings category of design similarity' is included." ... "Owner argues that "[t]he specific devices [] such as the cell phones and smart phones would be recognized by one of ordinary skill in the art as a type of communication device or monitoring equipment because cell phones and smartphones are devices that are capable of communication and are capable of receiving signals." ... "the communication device receives a signal via any of one or more products listed in any of the plurality of product grouping categories," would not impermissibly broaden the scope".

**Horizontal & Vertical Decisis: Twelve Federal Judges Infer to Say; "Infringement Occurs when a Cell Phone is Integrated with a CBRNE-H Detection Capability**

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 22-1267; determined direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

"Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" ... "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" ... "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

The Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 examined and determined Golden has described how the Google "smartphone", that include the ATAK software and CBRN plugin sensors literally infringes at least claim 5 of Golden's '287 Patent; claim 23 of Golden's '439 Patent; and claim 1 of Golden's '189 Patent.

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Samsung* Case No. 23-2120; agreed with the Northern District of California Court Judge in *Golden v. Samsung* Case No. 23-0048 that direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

In *Golden v. Samsung Electronics America, Inc*. Case: 23-2120, Document 28; *OPINION* filed for the court by Prost, Circuit Judge; Taranto, Circuit Judge and Chen, Circuit Judge. Filed: 02/12/2024. "Mr. Golden's complaint alleged, in part, that Samsung's smartphones possess that claimed detector/sensor functionality on three alternative bases: (1) through the "Android Team Awareness Kit, ATAK," which is "[b]uilt on the Android operating system," involves "plug-ins" and "app specific software," was "[i]nitially created" by the "Air Force Research Laboratory" together with the "Defense Threat Reduction Agency," and is "available to warfighters throughout the DoD," Appx112 ¶ 55; Appx119, 127; (2) through add-on devices or modifications that utilize the smartphone's built-in camera, Appx111 ¶ 54, Appx124–25; and (3) through nine "standard sensors" which "can be used as 'biosensors,'" Appx126."

"Samsung moved to dismiss Mr. Golden's complaint, arguing that, among other things, Mr. Golden's complaint failed to plausibly state a patent-infringement claim. Appx146–48. More specifically, Samsung argued that Mr. Golden's complaint stated no alleged facts that went beyond allegations that Samsung was making and selling smartphones that could be modified post-sale by others to

perform the accused detector/sensor functionality. On that basis, Samsung said, there are no plausible allegations Samsung was engaged in directly infringing activities. Appx146–47." "The district court agreed and dismissed Mr. Golden's complaint with prejudice, concluding, in part, that "[t]he allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face." Golden, 2023 WL 3919466,

The Northern District of California Court Judge Haywood S. Gilliam, Jr. in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Government arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone. "Order Granting Motion to Dismiss with Leave to Amend" Document 41 Filed 08/10/23; the then presiding Judge Haywood S. Gilliam, Jr. agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The Northern District of California Court Judge Rita F. Lin in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Gov't arises when there's a combined ATAK software; CBRN plugins; CPU, and a Smartphone. "Order Granting Motion to Dismiss and Denying leave to File a Surreply" Document 68 Filed 04/03/24; the current presiding Judge Rita F. Lin agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The United States Court of Appeals; Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 24-2024; determined infringement occurs when a [Google] mobile, consumer, or cellular device is integrated with, or interconnected to, Draper's CBRNE detection capability.

In *Golden v. Google LLC.*, Case No. 24-2024, Dkt. 41; filed 06/25/2025, three Federal Circuit judges again confirm, infringement of Plaintiff's patented CMDC device occurs when a mobile, consumer, or cellular device, is integrated with, or interconnected to a CBRNE detection capability. The Circuit's opinion includes the following:

"We conclude that the district court did not err in finding that "Mr. Golden's five infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." Decision at *1; see also *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) (finding no infringement when the accused products "do not infringe without modification—the modification of installing the required software."). Mr. Golden's first theory of

4

infringement requires the *use of the third-party app* "ATAK-CIV" for at least two limitations of each asserted claim. App'x 300–302 ¶¶ 56 63;

**Collateral Estoppel:**

Collateral estoppel can preclude re-litigation of issues already decided by the PTAB, as affirmed by the Federal Circuit, which binds subsequent actions even if the parties differ between district court and PTAB proceedings.

Collateral estoppel is a legal doctrine that applies when "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action." In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994). The goal of collateral estoppel is to promote judicial efficiency and consistency between forums by preventing a party from relitigating the same issues in multiple forums.

The PTAB have already decided "built-in, embedded" aligns with Golden's patent specifications [the detection capability is "in, on, upon, or adjacent" the communication device]; while the PTAB's construction of "built-in, embedded" is "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

Also, nine Federal Circuit judges "infer to say" [means to deduce or conclude something based on evidence or reasoning], that infringement of Plaintiff's patented CMDC devices occurs when a CBRNE-H detection capability is "in, on, upon, adjacent, built-in, embedded, included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device", such that it is an integral part of the Google, Samsung, or Apple smartphone or smartwatch devices.[Applied Phillipps Standard]

The above undisputed facts must be entered as evidence; but as evidence that is estoppel from re-litigation or challenges. Plaintiff relies on the above fact issues to support his claim of alleged patent infringement against Google, Samsung, and Apple.

Courts of law adjudicate contested factual claims with the use of a jury. Patent infringement claims are issues-of-facts to be tried by a jury [U.S. CONS'T, 7th Amend.].

## CONCLUSION

Twelve Judges, three from the District Courts and nine from the Federal Circuit, have determined infringement of Golden's patented CMDC devices occurs when a mobile, consumer, or cellular device in integrated with, or interconnected to, a CBRNE-H detection capability.

Therefore, when the Courts combined the findings at the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267:

> "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" ... "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" ... "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straightforward manner."

with the PTAB's final decision in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, Entered: October 1, 2015, of the term "built-in, embedded":

> "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

it clearly creates and validates infringement liability for Google, Samsung, and Apple. Please help me get this combination before a jury.

## **VERIFICATION**
### **Pursuant to 28 U.S.C. § 1746**

I am over the age of 18, competent to testify that I did not personally write or draft the contents of this document; but having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements made in *Larry Golden v. Google LLC*; Case No. 22-1267 and in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, are true, correct, and complete to the best of my understanding, knowledge, and belief, and my recommendation that the combination is presented to a jury, is made in good faith.

Executed and signed this 1 day of February , 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for aforementioned described combination is presented to a jury.

s/ Judy G. Moore

Your Name: Benjamin A. Perrin

Your Address: Post Office Box 147

McCormick, South Carolina 29835-0147

Phone Number: 864/378/5033

Email Address: benjaminperrin67@yahoo.com

**Check one:**

☐ Patent Owner / Advocate for Patent Owners

☐ Respondent in an *Inter Partes Review* (IPR) at the PTAB

☑ Support the U.S. Constitution's 7ᵗʰ Amendment Right of a Trial by Jury

☐ Patent Litigator with an Interest of Equal Justice in the Courts

☐ Google, Samsung, or Apple Petitioned the PTAB to Invalidate my Patent(s)

## DECLARATION

This declaration is in support of equal justice inside the District Courts. When Google, Samsung, or Apple petitioned the PTAB to invalidate a patent(s); and receive a favorable decision, it usually means the Patent Owner or Respondent have lost patent rights to what the Patent Owner or Respondent has invented; and the patents/patent claims cannot be enforced in Court against an alleged infringer.

The number of petitions filed at the PTAB between January 1, 2019 through December 31, 2024 for Samsung Electronics is 525; for Apple is 456; and for Google is 340.

The question is, "how have the Northern District of California Court handled an unfavorable decision that not only effects the design of the Google smartphones and smartwatches, but also Samsung's and Apple's smartphones and smartwatches.

In *Golden v. Google LLC* NDC Case No. 22-5246, Golden made several attempts to enter as evidence what he believes is an unfavorable decision for Google, Samsung, and Apple that was handed down by the PTAB in the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015.

Golden's fear is the unfavorable decision will not be entered as evidence in the current case against Google, NDC Case No. 26-0831 and a jury will never get a chance to review the evidence and decide Google's alleged infringement liability. Help me expose the Northern District's of California's bias in favor of Google.

1

**PTAB'S Claim Term Construction**

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "built in, embedded" as "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

"In the Decision to Institute, we construed certain claim terms. Those constructions are reproduced in the chart below.

| Claim Term | Construction |
|---|---|
| "built in, embedded" (claim 74) | "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device" |
| "communication device" (claim 81) | "monitoring equipment" |

Dec. to Inst. 11–16.

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "communication device" to include "monitoring equipment", "cell phones and smartphones".

"Patent Owner [] contends that [] cell phones and smart phones, [] are "species terms" that are "included in the genus 'monitoring equipment' and 'communication device' when the clause 'products grouped together by common features in the product groupings category of design similarity' is included." ... "Owner argues that "[t]he specific devices [] such as the cell phones and smart phones would be recognized by one of ordinary skill in the art as a type of communication device or monitoring equipment because cell phones and smartphones are devices that are capable of communication and are capable of receiving signals." ... "the communication device receives a signal via any of one or more products listed in any of the plurality of product grouping categories," would not impermissibly broaden the scope".

**Horizontal & Vertical Decisis: Twelve Federal Judges Infer to Say; "Infringement Occurs when a Cell Phone is Integrated with a CBRNE-H Detection Capability**

2

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 22-1267; determined direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

"Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" … "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

The Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 examined and determined Golden has described how the Google "smartphone", that include the ATAK software and CBRN plugin sensors literally infringes at least claim 5 of Golden's '287 Patent; claim 23 of Golden's '439 Patent; and claim 1 of Golden's '189 Patent.

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Samsung* Case No. 23-2120; agreed with the Northern District of California Court Judge in *Golden v. Samsung* Case No. 23-0048 that direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

In *Golden v. Samsung Electronics America, Inc.* Case: 23-2120, Document 28; *OPINION* filed for the court by Prost, Circuit Judge; Taranto, Circuit Judge and Chen, Circuit Judge. Filed: 02/12/2024. "Mr. Golden's complaint alleged, in part, that Samsung's smartphones possess that claimed detector/sensor functionality on three alternative bases: (1) through the "Android Team Awareness Kit, ATAK," which is "[b]uilt on the Android operating system," involves "plug-ins" and "app specific software," was "[i]nitially created" by the "Air Force Research Laboratory" together with the "Defense Threat Reduction Agency," and is "available to warfighters throughout the DoD," Appx112 ¶ 55; Appx119, 127; (2) through add-on devices or modifications that utilize the smartphone's built-in camera, Appx111 ¶ 54, Appx124–25; and (3) through nine "standard sensors" which "can be used as 'biosensors,'" Appx126."

"Samsung moved to dismiss Mr. Golden's complaint, arguing that, among other things, Mr. Golden's complaint failed to plausibly state a patent-infringement claim. Appx146–48. More specifically, Samsung argued that Mr. Golden's complaint stated no alleged facts that went beyond allegations that Samsung was making and selling smartphones that could be modified post-sale by others to

3

perform the accused detector/sensor functionality. On that basis, Samsung said, there are no plausible allegations Samsung was engaged in directly infringing activities. Appx146–47." "The district court agreed and dismissed Mr. Golden's complaint with prejudice, concluding, in part, that "[t]he allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face." Golden, 2023 WL 3919466,

The Northern District of California Court Judge Haywood S. Gilliam, Jr. in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Government arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone. "Order Granting Motion to Dismiss with Leave to Amend" Document 41 Filed 08/10/23; the then presiding Judge Haywood S. Gilliam, Jr. agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The Northern District of California Court Judge Rita F. Lin in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Gov't arises when there's a combined ATAK software; CBRN plugins; CPU, and a Smartphone. "Order Granting Motion to Dismiss and Denying leave to File a Surreply" Document 68 Filed 04/03/24; the current presiding Judge Rita F. Lin agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The United States Court of Appeals; Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 24-2024; determined infringement occurs when a [Google] mobile, consumer, or cellular device is integrated with, or interconnected to, Draper's CBRNE detection capability.

In *Golden v. Google LLC.*, Case No. 24-2024, Dkt. 41; filed 06/25/2025, three Federal Circuit judges again confirm, infringement of Plaintiff's patented CMDC device occurs when a mobile, consumer, or cellular device, is integrated with, or interconnected to a CBRNE detection capability. The Circuit's opinion includes the following:

"We conclude that the district court did not err in finding that "Mr. Golden's five infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." Decision at *1; see also *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) (finding no infringement when the accused products "do not infringe without modification—the modification of installing the required software."). Mr. Golden's first theory of

4

infringement requires the *use of the third-party app* "ATAK-CIV" for at least two limitations of each asserted claim. App'x 300–302 ¶¶ 56 63;

**Collateral Estoppel:**

Collateral estoppel can preclude re-litigation of issues already decided by the PTAB, as affirmed by the Federal Circuit, which binds subsequent actions even if the parties differ between district court and PTAB proceedings.

Collateral estoppel is a legal doctrine that applies when "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action." In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994). The goal of collateral estoppel is to promote judicial efficiency and consistency between forums by preventing a party from relitigating the same issues in multiple forums.

The PTAB have already decided "built-in, embedded" aligns with Golden's patent specifications [the detection capability is "in, on, upon, or adjacent" the communication device]; while the PTAB's construction of "built-in, embedded" is "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

Also, nine Federal Circuit judges "infer to say" [means to deduce or conclude something based on evidence or reasoning], that infringement of Plaintiff's patented CMDC devices occurs when a CBRNE-H detection capability is "in, on, upon, adjacent, built-in, embedded, included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device", such that it is an integral part of the Google, Samsung, or Apple smartphone or smartwatch devices.[Applied Phillipps Standard]

The above undisputed facts must be entered as evidence; but as evidence that is estoppel from re-litigation or challenges. Plaintiff relies on the above fact issues to support his claim of alleged patent infringement against Google, Samsung, and Apple.

Courts of law adjudicate contested factual claims with the use of a jury. Patent infringement claims are issues-of-facts to be tried by a jury [U.S. CONS'T, 7th Amend.].

## CONCLUSION

Twelve Judges, three from the District Courts and nine from the Federal Circuit, have determined infringement of Golden's patented CMDC devices occurs when a mobile, consumer, or cellular device in integrated with, or interconnected to, a CBRNE-H detection capability.

Therefore, when the Courts combined the findings at the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267:

> "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" … "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

with the PTAB's final decision in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, Entered: October 1, 2015, of the term "built-in, embedded":

> "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

it clearly creates and validates infringement liability for Google, Samsung, and Apple. Please help me get this combination before a jury.

### VERIFICATION
### Pursuant to 28 U.S.C. § 1746

I am over the age of 18, competent to testify that I did not personally write or draft the contents of this document; but having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements made in *Larry Golden v. Google LLC*; Case No. 22-1267 and in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, are true, correct, and complete to the best of my understanding, knowledge, and belief, and my recommendation that the combination is presented to a jury, is made in good faith.

Executed and signed this 1___ day of February___, 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for aforementioned described combination is presented to a jury.

s/ Benjamin A. Perrin

6

Your Name: Torrence Perrin, Jr.

Your Address: 610 Pendleton Road

Greenville, SC, 29611

Phone Number: 864-382-6243

Email Address: torrenceperrin@yahoo.com

**Check one:**

☐ Patent Owner / Advocate for Patent Owners

☐ Respondent in an *Inter Partes Review* (IPR) at the PTAB

☑ Support the U.S. Constitution's 7th Amendment Right of a Trial by Jury

☐ Patent Litigator with an Interest of Equal Justice in the Courts

☐ Google, Samsung, or Apple Petitioned the PTAB to Invalidate my Patent(s)

## DECLARATION

This declaration is in support of equal justice inside the District Courts. When Google, Samsung, or Apple petitioned the PTAB to invalidate a patent(s); and receive a favorable decision, it usually means the Patent Owner or Respondent have lost patent rights to what the Patent Owner or Respondent has invented; and the patents/patent claims cannot be enforced in Court against an alleged infringer.

The number of petitions filed at the PTAB between January 1, 2019 through December 31, 2024 for Samsung Electronics is 525; for Apple is 456; and for Google is 340.

The question is, "how have the Northern District of California Court handled an unfavorable decision that not only effects the design of the Google smartphones and smartwatches, but also Samsung's and Apple's smartphones and smartwatches.

In *Golden v. Google LLC* NDC Case No. 22-5246, Golden made several attempts to enter as evidence what he believes is an unfavorable decision for Google, Samsung, and Apple that was handed down by the PTAB in the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015.

Golden's fear is the unfavorable decision will not be entered as evidence in the current case against Google, NDC Case No. 26-0831 and a jury will never get a chance to review the evidence and decide Google's alleged infringement liability. Help me expose the Northern District's of California's bias in favor of Google.

1

**PTAB'S Claim Term Construction**

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "built in, embedded" as "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

"In the Decision to Institute, we construed certain claim terms. Those constructions are reproduced in the chart below.

| Claim Term | Construction |
|---|---|
| "built in, embedded" (claim 74) | "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device" |
| "communication device" (claim 81) | "monitoring equipment" |

Dec. to Inst. 11–16.

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "communication device" to include "monitoring equipment", "cell phones and smartphones".

"Patent Owner [] contends that [] cell phones and smart phones, [] are "species terms" that are "included in the genus 'monitoring equipment' and 'communication device' when the clause 'products grouped together by common features in the product groupings category of design similarity' is included." ... "Owner argues that "[t]he specific devices [] such as the cell phones and smart phones would be recognized by one of ordinary skill in the art as a type of communication device or monitoring equipment because cell phones and smartphones are devices that are capable of communication and are capable of receiving signals." ... "the communication device receives a signal via any of one or more products listed in any of the plurality of product grouping categories," would not impermissibly broaden the scope".

**Horizontal & Vertical Decisis: Twelve Federal Judges Infer to Say; "Infringement Occurs when a Cell Phone is Integrated with a CBRNE-H Detection Capability**

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 22-1267; determined direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

"Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" ... "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" ... "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

The Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 examined and determined Golden has described how the Google "smartphone", that include the ATAK software and CBRN plugin sensors literally infringes at least claim 5 of Golden's '287 Patent; claim 23 of Golden's '439 Patent; and claim 1 of Golden's '189 Patent.

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Samsung* Case No. 23-2120; agreed with the Northern District of California Court Judge in *Golden v. Samsung* Case No. 23-0048 that direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

In *Golden v. Samsung Electronics America, Inc.* Case: 23-2120, Document 28; *OPINION* filed for the court by Prost, Circuit Judge; Taranto, Circuit Judge and Chen, Circuit Judge. Filed: 02/12/2024. "Mr. Golden's complaint alleged, in part, that Samsung's smartphones possess that claimed detector/sensor functionality on three alternative bases: (1) through the "Android Team Awareness Kit, ATAK," which is "[b]uilt on the Android operating system," involves "plug-ins" and "app specific software," was "[i]nitially created" by the "Air Force Research Laboratory" together with the "Defense Threat Reduction Agency," and is "available to warfighters throughout the DoD," Appx112 ¶ 55; Appx119, 127; (2) through add-on devices or modifications that utilize the smartphone's built-in camera, Appx111 ¶ 54, Appx124–25; and (3) through nine "standard sensors" which "can be used as 'biosensors,'" Appx126."

"Samsung moved to dismiss Mr. Golden's complaint, arguing that, among other things, Mr. Golden's complaint failed to plausibly state a patent-infringement claim. Appx146–48. More specifically, Samsung argued that Mr. Golden's complaint stated no alleged facts that went beyond allegations that Samsung was making and selling smartphones that could be modified post-sale by others to

3

perform the accused detector/sensor functionality. On that basis, Samsung said, there are no plausible allegations Samsung was engaged in directly infringing activities. Appx146–47." "The district court agreed and dismissed Mr. Golden's complaint with prejudice, concluding, in part, that "[t]he allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face." Golden, 2023 WL 3919466,

The Northern District of California Court Judge Haywood S. Gilliam, Jr. in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Government arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone. "Order Granting Motion to Dismiss with Leave to Amend" Document 41 Filed 08/10/23; the then presiding Judge Haywood S. Gilliam, Jr. agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The Northern District of California Court Judge Rita F. Lin in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Gov't arises when there's a combined ATAK software; CBRN plugins; CPU, and a Smartphone. "Order Granting Motion to Dismiss and Denying leave to File a Surreply" Document 68 Filed 04/03/24; the current presiding Judge Rita F. Lin agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The United States Court of Appeals; Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 24-2024; determined infringement occurs when a [Google] mobile, consumer, or cellular device is integrated with, or interconnected to, Draper's CBRNE detection capability.

In *Golden v. Google LLC.*, Case No. 24-2024, Dkt. 41; filed 06/25/2025, three Federal Circuit judges again confirm, infringement of Plaintiff's patented CMDC device occurs when a mobile, consumer, or cellular device, is integrated with, or interconnected to a CBRNE detection capability. The Circuit's opinion includes the following:

"We conclude that the district court did not err in finding that "Mr. Golden's five infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." Decision at *1; see also *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) (finding no infringement when the accused products "do not infringe without modification—the modification of installing the required software."). Mr. Golden's first theory of

infringement requires the *use of the third-party app* "ATAK-CIV" for at least two limitations of each asserted claim. App'x 300–302 ¶¶ 56 63;

**Collateral Estoppel:**

Collateral estoppel can preclude re-litigation of issues already decided by the PTAB, as affirmed by the Federal Circuit, which binds subsequent actions even if the parties differ between district court and PTAB proceedings.

Collateral estoppel is a legal doctrine that applies when "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action." In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994). The goal of collateral estoppel is to promote judicial efficiency and consistency between forums by preventing a party from relitigating the same issues in multiple forums.

The PTAB have already decided "built-in, embedded" aligns with Golden's patent specifications [the detection capability is "in, on, upon, or adjacent" the communication device]; while the PTAB's construction of "built-in, embedded" is "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

Also, nine Federal Circuit judges "infer to say" [means to deduce or conclude something based on evidence or reasoning], that infringement of Plaintiff's patented CMDC devices occurs when a CBRNE-H detection capability is "in, on, upon, adjacent, built-in, embedded, included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device", such that it is an integral part of the Google, Samsung, or Apple smartphone or smartwatch devices.[Applied Phillipps Standard]

The above undisputed facts must be entered as evidence; but as evidence that is estoppel from re-litigation or challenges. Plaintiff relies on the above fact issues to support his claim of alleged patent infringement against Google, Samsung, and Apple.

Courts of law adjudicate contested factual claims with the use of a jury. Patent infringement claims are issues-of-facts to be tried by a jury [U.S. CONS'T, 7th Amend.].

## CONCLUSION

Twelve Judges, three from the District Courts and nine from the Federal Circuit, have determined infringement of Golden's patented CMDC devices occurs when a mobile, consumer, or cellular device in integrated with, or interconnected to, a CBRNE-H detection capability.

Therefore, when the Courts combined the findings at the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267:

> "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" ... "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" ... "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

with the PTAB's final decision in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, Entered: October 1, 2015, of the term "built-in, embedded":

> "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

it clearly creates and validates infringement liability for Google, Samsung, and Apple. Please help me get this combination before a jury.

## <u>VERIFICATION</u>
## Pursuant to 28 U.S.C. § 1746

I am over the age of 18, competent to testify that I did not personally write or draft the contents of this document; but having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements made in *Larry Golden v. Google LLC*; Case No. 22-1267 and in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, are true, correct, and complete to the best of my understanding, knowledge, and belief, and my recommendation that the combination is presented to a jury, is made in good faith.

Executed and signed this 1st day of February, 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for aforementioned described combination is presented to a jury.

s/ Torrence Perrin, Jt.

Your Name: Ricky B Talbert

Your Address: 104 Pecan Dr

Grenwood, SC 29646

Phone Number: 1-704-654-7901

Email Address: rickyt2583@gmail.com

**Check one:**

☐ Patent Owner / Advocate for Patent Owners

☐ Respondent in an *Inter Partes Review* (IPR) at the PTAB

☑ Support the U.S. Constitution's 7th Amendment Right of a Trial by Jury

☐ Patent Litigator with an Interest of Equal Justice in the Courts

☐ Google, Samsung, or Apple Petitioned the PTAB to Invalidate my Patent(s)

## DECLARATION

This declaration is in support of equal justice inside the District Courts. When Google, Samsung, or Apple petitioned the PTAB to invalidate a patent(s); and receive a favorable decision, it usually means the Patent Owner or Respondent have lost patent rights to what the Patent Owner or Respondent has invented; and the patents/patent claims cannot be enforced in Court against an alleged infringer.

The number of petitions filed at the PTAB between January 1, 2019 through December 31, 2024 for Samsung Electronics is 525; for Apple is 456; and for Google is 340.

The question is, "how have the Northern District of California Court handled an unfavorable decision that not only effects the design of the Google smartphones and smartwatches, but also Samsung's and Apple's smartphones and smartwatches.

In *Golden v. Google LLC* NDC Case No. 22-5246, Golden made several attempts to enter as evidence what he believes is an unfavorable decision for Google, Samsung, and Apple that was handed down by the PTAB in the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015.

Golden's fear is the unfavorable decision will not be entered as evidence in the current case against Google, NDC Case No. 26-0831 and a jury will never get a chance to review the evidence and decide Google's alleged infringement liability. Help me expose the Northern District's of California's bias in favor of Google.

1

**PTAB'S Claim Term Construction**

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "built in, embedded" as "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

"In the Decision to Institute, we construed certain claim terms. Those constructions are reproduced in the chart below.

| Claim Term | Construction |
|---|---|
| "built in, embedded" (claim 74) | "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device" |
| "communication device" (claim 81) | "monitoring equipment" |

Dec. to Inst. 11–16.

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "communication device" to include "monitoring equipment", "cell phones and smartphones".

"Patent Owner [] contends that [] cell phones and smart phones, [] are "species terms" that are "included in the genus 'monitoring equipment' and 'communication device' when the clause 'products grouped together by common features in the product groupings category of design similarity' is included." ... "Owner argues that "[t]he specific devices [] such as the cell phones and smart phones would be recognized by one of ordinary skill in the art as a type of communication device or monitoring equipment because cell phones and smartphones are devices that are capable of communication and are capable of receiving signals." ... "the communication device receives a signal via any of one or more products listed in any of the plurality of product grouping categories," would not impermissibly broaden the scope".

**Horizontal & Vertical Decisis: Twelve Federal Judges Infer to Say; "Infringement Occurs when a Cell Phone is Integrated with a CBRNE-H Detection Capability**

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 22-1267; determined direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

"Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" … "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straightforward manner."

The Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 examined and determined Golden has described how the Google "smartphone", that include the ATAK software and CBRN plugin sensors literally infringes at least claim 5 of Golden's '287 Patent; claim 23 of Golden's '439 Patent; and claim 1 of Golden's '189 Patent.

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Samsung* Case No. 23-2120; agreed with the Northern District of California Court Judge in *Golden v. Samsung* Case No. 23-0048 that direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

In *Golden v. Samsung Electronics America, Inc.* Case: 23-2120, Document 28; *OPINION* filed for the court by Prost, Circuit Judge; Taranto, Circuit Judge and Chen, Circuit Judge. Filed: 02/12/2024. "Mr. Golden's complaint alleged, in part, that Samsung's smartphones possess that claimed detector/sensor functionality on three alternative bases: (1) through the "Android Team Awareness Kit, ATAK," which is "[b]uilt on the Android operating system," involves "plug-ins" and "app specific software," was "[i]nitially created" by the "Air Force Research Laboratory" together with the "Defense Threat Reduction Agency," and is "available to warfighters throughout the DoD," Appx112 ¶ 55; Appx119, 127; (2) through add-on devices or modifications that utilize the smartphone's built-in camera, Appx111 ¶ 54, Appx124–25; and (3) through nine "standard sensors" which "can be used as 'biosensors,'" Appx126."

"Samsung moved to dismiss Mr. Golden's complaint, arguing that, among other things, Mr. Golden's complaint failed to plausibly state a patent-infringement claim. Appx146–48. More specifically, Samsung argued that Mr. Golden's complaint stated no alleged facts that went beyond allegations that Samsung was making and selling smartphones that could be modified post-sale by others to

3

perform the accused detector/sensor functionality. On that basis, Samsung said, there are no plausible allegations Samsung was engaged in directly infringing activities. Appx146–47." "The district court agreed and dismissed Mr. Golden's complaint with prejudice, concluding, in part, that "[t]he allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face." Golden, 2023 WL 3919466,

The Northern District of California Court Judge Haywood S. Gilliam, Jr. in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Government arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone. "Order Granting Motion to Dismiss with Leave to Amend" Document 41 Filed 08/10/23; the then presiding Judge Haywood S. Gilliam, Jr. agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The Northern District of California Court Judge Rita F. Lin in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Gov't arises when there's a combined ATAK software; CBRN plugins; CPU, and a Smartphone. "Order Granting Motion to Dismiss and Denying leave to File a Surreply" Document 68 Filed 04/03/24; the current presiding Judge Rita F. Lin agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The United States Court of Appeals; Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 24-2024; determined infringement occurs when a [Google] mobile, consumer, or cellular device is integrated with, or interconnected to, Draper's CBRNE detection capability.

In *Golden v. Google LLC*., Case No. 24-2024, Dkt. 41; filed 06/25/2025, three Federal Circuit judges again confirm, infringement of Plaintiff's patented CMDC device occurs when a mobile, consumer, or cellular device, is integrated with, or interconnected to a CBRNE detection capability. The Circuit's opinion includes the following:
"We conclude that the district court did not err in finding that "Mr. Golden's five infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." Decision at *1; see also *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) (finding no infringement when the accused products "do not infringe without modification—the modification of installing the required software."). Mr. Golden's first theory of

4

infringement requires the *use of the third-party app* "ATAK-CIV" for at least two limitations of each asserted claim. App'x 300–302 ¶¶ 56 63;

**Collateral Estoppel:**

Collateral estoppel can preclude re-litigation of issues already decided by the PTAB, as affirmed by the Federal Circuit, which binds subsequent actions even if the parties differ between district court and PTAB proceedings.

Collateral estoppel is a legal doctrine that applies when "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action." In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994). The goal of collateral estoppel is to promote judicial efficiency and consistency between forums by preventing a party from relitigating the same issues in multiple forums.

The PTAB have already decided "built-in, embedded" aligns with Golden's patent specifications [the detection capability is "in, on, upon, or adjacent" the communication device]; while the PTAB's construction of "built-in, embedded" is "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

Also, nine Federal Circuit judges "infer to say" [means to deduce or conclude something based on evidence or reasoning], that infringement of Plaintiff's patented CMDC devices occurs when a CBRNE-H detection capability is "in, on, upon, adjacent, built-in, embedded, included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device", such that it is an integral part of the Google, Samsung, or Apple smartphone or smartwatch devices.[Applied Phillipps Standard]

The above undisputed facts must be entered as evidence; but as evidence that is estoppel from re-litigation or challenges. Plaintiff relies on the above fact issues to support his claim of alleged patent infringement against Google, Samsung, and Apple.

Courts of law adjudicate contested factual claims with the use of a jury. Patent infringement claims are issues-of-facts to be tried by a jury [U.S. CONS'T, 7th Amend.].

## CONCLUSION

Twelve Judges, three from the District Courts and nine from the Federal Circuit, have determined infringement of Golden's patented CMDC devices occurs when a mobile, consumer, or cellular device in integrated with, or interconnected to, a CBRNE-H detection capability.

Therefore, when the Courts combined the findings at the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267:

> "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" … "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

with the PTAB's final decision in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, Entered: October 1, 2015, of the term "built-in, embedded":

> "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

it clearly creates and validates infringement liability for Google, Samsung, and Apple. Please help me get this combination before a jury.

## **VERIFICATION**
### **Pursuant to 28 U.S.C. § 1746**

I am over the age of 18, competent to testify that I did not personally write or draft the contents of this document; but having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements made in *Larry Golden v. Google LLC*; Case No. 22-1267 and in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, are true, correct, and complete to the best of my understanding, knowledge, and belief, and my recommendation that the combination is presented to a jury, is made in good faith.

Executed and signed this 1st day of Feb_____, 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for aforementioned described combination is presented to a jury.

6

Your Name: Luverta H. Boulware

Your Address: 2386 Craig Farm Rd.

Lancaster SC 29720

Phone Number: 803-577-2413

Email Address: anointing712@yahoo.com

**Check one:**

☐ Patent Owner / Advocate for Patent Owners

☐ Respondent in an *Inter Partes Review* (IPR) at the PTAB

☑ Support the U.S. Constitution's 7th Amendment Right of a Trial by Jury

☐ Patent Litigator with an Interest of Equal Justice in the Courts

☐ Google, Samsung, or Apple Petitioned the PTAB to Invalidate my Patent(s)

## DECLARATION

This declaration is in support of equal justice inside the District Courts. When Google, Samsung, or Apple petitioned the PTAB to invalidate a patent(s); and receive a favorable decision, it usually means the Patent Owner or Respondent have lost patent rights to what the Patent Owner or Respondent has invented; and the patents/patent claims cannot be enforced in Court against an alleged infringer.

The number of petitions filed at the PTAB between January 1, 2019 through December 31, 2024 for Samsung Electronics is 525; for Apple is 456; and for Google is 340.

The question is, "how have the Northern District of California Court handled an unfavorable decision that not only effects the design of the Google smartphones and smartwatches, but also Samsung's and Apple's smartphones and smartwatches.

In *Golden v. Google LLC* NDC Case No. 22-5246, Golden made several attempts to enter as evidence what he believes is an unfavorable decision for Google, Samsung, and Apple that was handed down by the PTAB in the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015.

Golden's fear is the unfavorable decision will not be entered as evidence in the current case against Google, NDC Case No. 26-0831 and a jury will never get a chance to review the evidence and decide Google's alleged infringement liability. Help me expose the Northern District's of California's bias in favor of Google.

1

**PTAB'S Claim Term Construction**

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "built in, embedded" as "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

"In the Decision to Institute, we construed certain claim terms. Those constructions are reproduced in the chart below.

| Claim Term | Construction |
|---|---|
| "built in, embedded" (claim 74) | "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device" |
| "communication device" (claim 81) | "monitoring equipment" |

Dec. to Inst. 11–16.

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "communication device" to include "monitoring equipment", "cell phones and smartphones".

"Patent Owner [] contends that [] cell phones and smart phones, [] are "species terms" that are "included in the genus 'monitoring equipment' and 'communication device' when the clause 'products grouped together by common features in the product groupings category of design similarity' is included." ... "Owner argues that "[t]he specific devices [] such as the cell phones and smart phones would be recognized by one of ordinary skill in the art as a type of communication device or monitoring equipment because cell phones and smartphones are devices that are capable of communication and are capable of receiving signals." ... "the communication device receives a signal via any of one or more products listed in any of the plurality of product grouping categories," would not impermissibly broaden the scope".

**Horizontal & Vertical Decisis: Twelve Federal Judges Infer to Say; "Infringement Occurs when a Cell Phone is Integrated with a CBRNE-H Detection Capability**

2

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 22-1267; determined direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

"Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" … "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

The Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 examined and determined Golden has described how the Google "smartphone", that include the ATAK software and CBRN plugin sensors literally infringes at least claim 5 of Golden's '287 Patent; claim 23 of Golden's '439 Patent; and claim 1 of Golden's '189 Patent.

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Samsung* Case No. 23-2120; agreed with the Northern District of California Court Judge in *Golden v. Samsung* Case No. 23-0048 that direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

In *Golden v. Samsung Electronics America, Inc*. Case: 23-2120, Document 28; *OPINION* filed for the court by Prost, Circuit Judge; Taranto, Circuit Judge and Chen, Circuit Judge. Filed: 02/12/2024. "Mr. Golden's complaint alleged, in part, that Samsung's smartphones possess that claimed detector/sensor functionality on three alternative bases: (1) through the "Android Team Awareness Kit, ATAK," which is "[b]uilt on the Android operating system," involves "plug-ins" and "app specific software," was "[i]nitially created" by the "Air Force Research Laboratory" together with the "Defense Threat Reduction Agency," and is "available to warfighters throughout the DoD," Appx112 ¶ 55; Appx119, 127; (2) through add-on devices or modifications that utilize the smartphone's built-in camera, Appx111 ¶ 54, Appx124–25; and (3) through nine "standard sensors" which "can be used as 'biosensors,'" Appx126."

"Samsung moved to dismiss Mr. Golden's complaint, arguing that, among other things, Mr. Golden's complaint failed to plausibly state a patent-infringement claim. Appx146–48. More specifically, Samsung argued that Mr. Golden's complaint stated no alleged facts that went beyond allegations that Samsung was making and selling smartphones that could be modified post-sale by others to

perform the accused detector/sensor functionality. On that basis, Samsung said, there are no plausible allegations Samsung was engaged in directly infringing activities. Appx146–47." "The district court agreed and dismissed Mr. Golden's complaint with prejudice, concluding, in part, that "[t]he allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face." Golden, 2023 WL 3919466,

The Northern District of California Court Judge Haywood S. Gilliam, Jr. in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Government arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone. "Order Granting Motion to Dismiss with Leave to Amend" Document 41 Filed 08/10/23; the then presiding Judge Haywood S. Gilliam, Jr. agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The Northern District of California Court Judge Rita F. Lin in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Gov't arises when there's a combined ATAK software; CBRN plugins; CPU, and a Smartphone. "Order Granting Motion to Dismiss and Denying leave to File a Surreply" Document 68 Filed 04/03/24; the current presiding Judge Rita F. Lin agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The United States Court of Appeals; Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 24-2024; determined infringement occurs when a [Google] mobile, consumer, or cellular device is integrated with, or interconnected to, Draper's CBRNE detection capability.

In *Golden v. Google LLC.*, Case No. 24-2024, Dkt. 41; filed 06/25/2025, three Federal Circuit judges again confirm, infringement of Plaintiff's patented CMDC device occurs when a mobile, consumer, or cellular device, is integrated with, or interconnected to a CBRNE detection capability. The Circuit's opinion includes the following:
    "We conclude that the district court did not err in finding that "Mr. Golden's five infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." Decision at *1; see also *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) (finding no infringement when the accused products "do not infringe without modification—the modification of installing the required software."). Mr. Golden's first theory of

4

infringement requires the *use of the third-party app* "ATAK-CIV" for at least two limitations of each asserted claim. App'x 300–302 ¶¶ 56 63;

**Collateral Estoppel:**

Collateral estoppel can preclude re-litigation of issues already decided by the PTAB, as affirmed by the Federal Circuit, which binds subsequent actions even if the parties differ between district court and PTAB proceedings.

Collateral estoppel is a legal doctrine that applies when "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action." In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994). The goal of collateral estoppel is to promote judicial efficiency and consistency between forums by preventing a party from relitigating the same issues in multiple forums.

The PTAB have already decided "built-in, embedded" aligns with Golden's patent specifications [the detection capability is "in, on, upon, or adjacent" the communication device]; while the PTAB's construction of "built-in, embedded" is "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

Also, nine Federal Circuit judges "infer to say" [means to deduce or conclude something based on evidence or reasoning], that infringement of Plaintiff's patented CMDC devices occurs when a CBRNE-H detection capability is "in, on, upon, adjacent, built-in, embedded, included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device", such that it is an integral part of the Google, Samsung, or Apple smartphone or smartwatch devices.[Applied Phillipps Standard]

The above undisputed facts must be entered as evidence; but as evidence that is estoppel from re-litigation or challenges. Plaintiff relies on the above fact issues to support his claim of alleged patent infringement against Google, Samsung, and Apple.

Courts of law adjudicate contested factual claims with the use of a jury. Patent infringement claims are issues-of-facts to be tried by a jury [U.S. CONS'T, 7th Amend.].

## CONCLUSION

Twelve Judges, three from the District Courts and nine from the Federal Circuit, have determined infringement of Golden's patented CMDC devices occurs when a mobile, consumer, or cellular device in integrated with, or interconnected to, a CBRNE-H detection capability.

Therefore, when the Courts combined the findings at the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267:

> "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" ... "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" ... "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

with the PTAB's final decision in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, Entered: October 1, 2015, of the term "built-in, embedded":

> "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

it clearly creates and validates infringement liability for Google, Samsung, and Apple. Please help me get this combination before a jury.

## VERIFICATION
### Pursuant to 28 U.S.C. § 1746

I am over the age of 18, competent to testify that I did not personally write or draft the contents of this document; but having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements made in *Larry Golden v. Google LLC*; Case No. 22-1267 and in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, are true, correct, and complete to the best of my understanding, knowledge, and belief, and my recommendation that the combination is presented to a jury, is made in good faith.

Executed and signed this 1 day of February, 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for aforementioned described combination is presented to a jury.

s/ Luverta H. Boulware

Your Name: Cynthia Whitmire and John Whitmire

Your Address: 105 Beech Run Drive

Greenwood, SC  29649

Phone Number: (864) 993-8458

Email Address: jtwhitmire@wctel.net

**Check one:**

☐ Patent Owner / Advocate for Patent Owners

☐ Respondent in an *Inter Partes Review* (IPR) at the PTAB

☑ Support the U.S. Constitution's 7th Amendment Right of a Trial by Jury

☐ Patent Litigator with an Interest of Equal Justice in the Courts

☐ Google, Samsung, or Apple Petitioned the PTAB to Invalidate my Patent(s)

## DECLARATION

This declaration is in support of equal justice inside the District Courts. When Google, Samsung, or Apple petitioned the PTAB to invalidate a patent(s); and receive a favorable decision, it usually means the Patent Owner or Respondent have lost patent rights to what the Patent Owner or Respondent has invented; and the patents/patent claims cannot be enforced in Court against an alleged infringer.

The number of petitions filed at the PTAB between January 1, 2019 through December 31, 2024 for Samsung Electronics is 525; for Apple is 456; and for Google is 340.

The question is, "how have the Northern District of California Court handled an unfavorable decision that not only effects the design of the Google smartphones and smartwatches, but also Samsung's and Apple's smartphones and smartwatches.

In *Golden v. Google LLC* NDC Case No. 22-5246, Golden made several attempts to enter as evidence what he believes is an unfavorable decision for Google, Samsung, and Apple that was handed down by the PTAB in the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015.

Golden's fear is the unfavorable decision will not be entered as evidence in the current case against Google, NDC Case No. 26-0831 and a jury will never get a chance to review the evidence and decide Google's alleged infringement liability. Help me expose the Northern District's of California's bias in favor of Google.

## PTAB'S Claim Term Construction

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "built in, embedded" as "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

"In the Decision to Institute, we construed certain claim terms. Those constructions are reproduced in the chart below.

| Claim Term | Construction |
|---|---|
| "built in, embedded" (claim 74) | "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device" |
| "communication device" (claim 81) | "monitoring equipment" |

Dec. to Inst. 11–16.

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "communication device" to include "monitoring equipment", "cell phones and smartphones".

"Patent Owner [] contends that [] cell phones and smart phones, [] are "species terms" that are "included in the genus 'monitoring equipment' and 'communication device' when the clause 'products grouped together by common features in the product groupings category of design similarity' is included." ... "Owner argues that "[t]he specific devices [] such as the cell phones and smart phones would be recognized by one of ordinary skill in the art as a type of communication device or monitoring equipment because cell phones and smartphones are devices that are capable of communication and are capable of receiving signals." ... "the communication device receives a signal via any of one or more products listed in any of the plurality of product grouping categories," would not impermissibly broaden the scope".

## Horizontal & Vertical Decisis: Twelve Federal Judges Infer to Say; "Infringement Occurs when a Cell Phone is Integrated with a CBRNE-H Detection Capability

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 22-1267; determined direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

"Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" ... "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" ... "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

The Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 examined and determined Golden has described how the Google "smartphone", that include the ATAK software and CBRN plugin sensors literally infringes at least claim 5 of Golden's '287 Patent; claim 23 of Golden's '439 Patent; and claim 1 of Golden's '189 Patent.

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Samsung* Case No. 23-2120; agreed with the Northern District of California Court Judge in *Golden v. Samsung* Case No. 23-0048 that direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

In *Golden v. Samsung Electronics America, Inc.* Case: 23-2120, Document 28; *OPINION* filed for the court by Prost, Circuit Judge; Taranto, Circuit Judge and Chen, Circuit Judge. Filed: 02/12/2024. "Mr. Golden's complaint alleged, in part, that Samsung's smartphones possess that claimed detector/sensor functionality on three alternative bases: (1) through the "Android Team Awareness Kit, ATAK," which is "[b]uilt on the Android operating system," involves "plug-ins" and "app specific software," was "[i]nitially created" by the "Air Force Research Laboratory" together with the "Defense Threat Reduction Agency," and is "available to warfighters throughout the DoD," Appx112 ¶ 55; Appx119, 127; (2) through add-on devices or modifications that utilize the smartphone's built-in camera, Appx111 ¶ 54, Appx124–25; and (3) through nine "standard sensors" which "can be used as 'biosensors,'" Appx126."

"Samsung moved to dismiss Mr. Golden's complaint, arguing that, among other things, Mr. Golden's complaint failed to plausibly state a patent-infringement claim. Appx146–48. More specifically, Samsung argued that Mr. Golden's complaint stated no alleged facts that went beyond allegations that Samsung was making and selling smartphones that could be modified post-sale by others to

3

perform the accused detector/sensor functionality. On that basis, Samsung said, there are no plausible allegations Samsung was engaged in directly infringing activities. Appx146–47." "The district court agreed and dismissed Mr. Golden's complaint with prejudice, concluding, in part, that "[t]he allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face." Golden, 2023 WL 3919466,

The Northern District of California Court Judge Haywood S. Gilliam, Jr. in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Government arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone. "Order Granting Motion to Dismiss with Leave to Amend" Document 41 Filed 08/10/23; the then presiding Judge Haywood S. Gilliam, Jr. agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The Northern District of California Court Judge Rita F. Lin in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Gov't arises when there's a combined ATAK software; CBRN plugins; CPU, and a Smartphone. "Order Granting Motion to Dismiss and Denying leave to File a Surreply" Document 68 Filed 04/03/24; the current presiding Judge Rita F. Lin agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The United States Court of Appeals; Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 24-2024; determined infringement occurs when a [Google] mobile, consumer, or cellular device is integrated with, or interconnected to, Draper's CBRNE detection capability.

In *Golden v. Google LLC.*, Case No. 24-2024, Dkt. 41; filed 06/25/2025, three Federal Circuit judges again confirm, infringement of Plaintiff's patented CMDC device occurs when a mobile, consumer, or cellular device, is integrated with, or interconnected to a CBRNE detection capability. The Circuit's opinion includes the following:

"We conclude that the district court did not err in finding that "Mr. Golden's five infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." Decision at *1; see also *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) (finding no infringement when the accused products "do not infringe without modification—the modification of installing the required software."). Mr. Golden's first theory of

4

infringement requires the *use of the third-party app* "ATAK-CIV" for at least two limitations of each asserted claim. App'x 300–302 ¶¶ 56 63;

**Collateral Estoppel:**

Collateral estoppel can preclude re-litigation of issues already decided by the PTAB, as affirmed by the Federal Circuit, which binds subsequent actions even if the parties differ between district court and PTAB proceedings.

Collateral estoppel is a legal doctrine that applies when "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action." In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994). The goal of collateral estoppel is to promote judicial efficiency and consistency between forums by preventing a party from relitigating the same issues in multiple forums.

The PTAB have already decided "built-in, embedded" aligns with Golden's patent specifications [the detection capability is "in, on, upon, or adjacent" the communication device]; while the PTAB's construction of "built-in, embedded" is "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

Also, nine Federal Circuit judges "infer to say" [means to deduce or conclude something based on evidence or reasoning], that infringement of Plaintiff's patented CMDC devices occurs when a CBRNE-H detection capability is "in, on, upon, adjacent, built-in, embedded, included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device", such that it is an integral part of the Google, Samsung, or Apple smartphone or smartwatch devices.[Applied Phillipps Standard]

The above undisputed facts must be entered as evidence; but as evidence that is estoppel from re-litigation or challenges. Plaintiff relies on the above fact issues to support his claim of alleged patent infringement against Google, Samsung, and Apple.

Courts of law adjudicate contested factual claims with the use of a jury. Patent infringement claims are issues-of-facts to be tried by a jury [U.S. CONS'T, 7th Amend.].

## CONCLUSION

Twelve Judges, three from the District Courts and nine from the Federal Circuit, have determined infringement of Golden's patented CMDC devices occurs when a mobile, consumer, or cellular device in integrated with, or interconnected to, a CBRNE-H detection capability.

Therefore, when the Courts combined the findings at the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267:

> "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" ... "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" ... "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

with the PTAB's final decision in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, Entered: October 1, 2015, of the term "built-in, embedded":

> "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

it clearly creates and validates infringement liability for Google, Samsung, and Apple. Please help me get this combination before a jury.

## VERIFICATION
### Pursuant to 28 U.S.C. § 1746

I am over the age of 18, competent to testify that I did not personally write or draft the contents of this document; but having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing state-ments made in *Larry Golden v. Google LLC*; Case No. 22-1267 and in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, are true, correct, and complete to the best of my understanding, knowledge, and belief, and my recommendation that the combination is presented to a jury, is made in good faith.

Executed and signed this 1___ day of February_____, 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for aforementioned described combination is presented to a jury.

s/ Cynthia Whitmire

6

Your Name: John Fillhart

Your Address: 100 Tucker Rd

Easley, SC. 29642

Phone Number: (864)554-2480

Email Address: dumplinf@hotmail.com

**Check one:**

☐ Patent Owner / Advocate for Patent Owners

☐ Respondent in an *Inter Partes Review* (IPR) at the PTAB

☒ Support the U.S. Constitution's 7th Amendment Right of a Trial by Jury

☐ Patent Litigator with an Interest of Equal Justice in the Courts

☐ Google, Samsung, or Apple Petitioned the PTAB to Invalidate my Patent(s)

### DECLARATION

This declaration is in support of equal justice inside the District Courts. When Google, Samsung, or Apple petitioned the PTAB to invalidate a patent(s); and receive a favorable decision, it usually means the Patent Owner or Respondent have lost patent rights to what the Patent Owner or Respondent has invented; and the patents/patent claims cannot be enforced in Court against an alleged infringer.

The number of petitions filed at the PTAB between January 1, 2019 through December 31, 2024 for Samsung Electronics is 525; for Apple is 456; and for Google is 340.

The question is, "how have the Northern District of California Court handled an unfavorable decision that not only effects the design of the Google smartphones and smartwatches, but also Samsung's and Apple's smartphones and smartwatches.

In *Golden v. Google LLC* NDC Case No. 22-5246, Golden made several attempts to enter as evidence what he believes is an unfavorable decision for Google, Samsung, and Apple that was handed down by the PTAB in the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015.

Golden's fear is the unfavorable decision will not be entered as evidence in the current case against Google, NDC Case No. 26-0831 and a jury will never get a chance to review the evidence and decide Google's alleged infringement liability. Help me expose the Northern District's of California's bias in favor of Google.

1

## PTAB'S Claim Term Construction

"In the *United States Department of Homeland Security v. Larry Golden*
"Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the
PTAB construed "built in, embedded" as "something is included within,
incorporated into, disposed within, affixed to, connected to, or mounted to another
device, such that it is an integral part of the device".

"In the Decision to Institute, we construed certain claim terms. Those
constructions are reproduced in the chart below.

| Claim Term | Construction |
|---|---|
| "built in, embedded" (claim 74) | "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device" |
| "communication device" (claim 81) | "monitoring equipment" |

Dec. to Inst. 11–16.

"In the *United States Department of Homeland Security v. Larry Golden* "Final
Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB
construed "communication device" to include "monitoring equipment", "cell
phones and smartphones".

"Patent Owner [] contends that [] cell phones and smart phones, []
are "species terms" that are "included in the genus 'monitoring
equipment' and 'communication device' when the clause 'products
grouped together by common features in the product groupings
category of design similarity' is included." ... "Owner argues that
"[t]he specific devices [] such as the cell phones and smart phones
would be recognized by one of ordinary skill in the art as a type of
communication device or monitoring equipment because cell
phones and smartphones are devices that are capable of
communication and are capable of receiving signals." ... "the
communication device receives a signal via any of one or more
products listed in any of the plurality of product grouping
categories," would not impermissibly broaden the scope".

## Horizontal & Vertical Decisis: Twelve Federal Judges Infer to Say; "Infringement Occurs when a Cell Phone is Integrated with a CBRNE-H Detection Capability

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 22-1267; determined direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

"Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" … "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

The Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 examined and determined Golden has described how the Google "smartphone", that include the ATAK software and CBRN plugin sensors literally infringes at least claim 5 of Golden's '287 Patent; claim 23 of Golden's '439 Patent; and claim 1 of Golden's '189 Patent.

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Samsung* Case No. 23-2120; agreed with the Northern District of California Court Judge in *Golden v. Samsung* Case No. 23-0048 that direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

In *Golden v. Samsung Electronics America, Inc*. Case: 23-2120, Document 28; *OPINION* filed for the court by Prost, Circuit Judge; Taranto, Circuit Judge and Chen, Circuit Judge. Filed: 02/12/2024. "Mr. Golden's complaint alleged, in part, that Samsung's smartphones possess that claimed detector/sensor functionality on three alternative bases: (1) through the "Android Team Awareness Kit, ATAK," which is "[b]uilt on the Android operating system," involves "plug-ins" and "app specific software," was "[i]nitially created" by the "Air Force Research Laboratory" together with the "Defense Threat Reduction Agency," and is "available to warfighters throughout the DoD," Appx112 ¶ 55; Appx119, 127; (2) through add-on devices or modifications that utilize the smartphone's built-in camera, Appx111 ¶ 54, Appx124–25; and (3) through nine "standard sensors" which "can be used as 'biosensors,'" Appx126."

"Samsung moved to dismiss Mr. Golden's complaint, arguing that, among other things, Mr. Golden's complaint failed to plausibly state a patent-infringement claim. Appx146–48. More specifically, Samsung argued that Mr. Golden's complaint stated no alleged facts that went beyond allegations that Samsung was making and selling smartphones that could be modified post-sale by others to

3

perform the accused detector/sensor functionality. On that basis, Samsung said, there are no plausible allegations Samsung was engaged in directly infringing activities. Appx146–47." "The district court agreed and dismissed Mr. Golden's complaint with prejudice, concluding, in part, that "[t]he allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face." Golden, 2023 WL 3919466,

The Northern District of California Court Judge Haywood S. Gilliam, Jr. in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Government arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone. "Order Granting Motion to Dismiss with Leave to Amend" Document 41 Filed 08/10/23; the then presiding Judge Haywood S. Gilliam, Jr. agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The Northern District of California Court Judge Rita F. Lin in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Gov't arises when there's a combined ATAK software; CBRN plugins; CPU, and a Smartphone. "Order Granting Motion to Dismiss and Denying leave to File a Surreply" Document 68 Filed 04/03/24; the current presiding Judge Rita F. Lin agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The United States Court of Appeals; Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 24-2024; determined infringement occurs when a [Google] mobile, consumer, or cellular device is integrated with, or interconnected to, Draper's CBRNE detection capability.

In *Golden v. Google LLC.*, Case No. 24-2024, Dkt. 41; filed 06/25/2025, three Federal Circuit judges again confirm, infringement of Plaintiff's patented CMDC device occurs when a mobile, consumer, or cellular device, is integrated with, or interconnected to a CBRNE detection capability. The Circuit's opinion includes the following:

"We conclude that the district court did not err in finding that "Mr. Golden's five infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." Decision at *1; see also *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) (finding no infringement when the accused products "do not infringe without modification—the modification of installing the required software."). Mr. Golden's first theory of

4

infringement requires the *use of the third-party app* "ATAK-CIV" for at least two limitations of each asserted claim. App'x 300–302 ¶¶ 56 63;

**Collateral Estoppel:**

Collateral estoppel can preclude re-litigation of issues already decided by the PTAB, as affirmed by the Federal Circuit, which binds subsequent actions even if the parties differ between district court and PTAB proceedings.

Collateral estoppel is a legal doctrine that applies when "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action." In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994). The goal of collateral estoppel is to promote judicial efficiency and consistency between forums by preventing a party from relitigating the same issues in multiple forums.

The PTAB have already decided "built-in, embedded" aligns with Golden's patent specifications [the detection capability is "in, on, upon, or adjacent" the communication device]; while the PTAB's construction of "built-in, embedded" is "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

Also, nine Federal Circuit judges "infer to say" [means to deduce or conclude something based on evidence or reasoning], that infringement of Plaintiff's patented CMDC devices occurs when a CBRNE-H detection capability is "in, on, upon, adjacent, built-in, embedded, included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device", such that it is an integral part of the Google, Samsung, or Apple smartphone or smartwatch devices.[Applied Phillipps Standard]

The above undisputed facts must be entered as evidence; but as evidence that is estoppel from re-litigation or challenges. Plaintiff relies on the above fact issues to support his claim of alleged patent infringement against Google, Samsung, and Apple.

Courts of law adjudicate contested factual claims with the use of a jury. Patent infringement claims are issues-of-facts to be tried by a jury [U.S. CONS'T, 7th Amend.].

## CONCLUSION

Twelve Judges, three from the District Courts and nine from the Federal Circuit, have determined infringement of Golden's patented CMDC devices occurs when a mobile, consumer, or cellular device in integrated with, or interconnected to, a CBRNE-H detection capability.

Therefore, when the Courts combined the findings at the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267:

> "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" ... "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" ... "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

with the PTAB's final decision in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, Entered: October 1, 2015, of the term "built-in, embedded":

> "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

it clearly creates and validates infringement liability for Google, Samsung, and Apple. Please help me get this combination before a jury.

## **VERIFICATION**
### **Pursuant to 28 U.S.C. § 1746**

I am over the age of 18, competent to testify that I did not personally write or draft the contents of this document; but having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements made in *Larry Golden v. Google LLC*; Case No. 22-1267 and in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, are true, correct, and complete to the best of my understanding, knowledge, and belief, and my recommendation that the combination is presented to a jury, is made in good faith.

Executed and signed this 1st  day of February          , 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for aforementioned described combination is presented to a jury.

s/ John Fillhart

Your Name: Sarah E. Williams

Your Address: 300 East Florida Street

Clinton, SC 29325

Phone Number: (864) 923-3017

Email Address: karyke656@bellsouth.net

**Check one:**

☐ Patent Owner / Advocate for Patent Owners

☐ Respondent in an *Inter Partes Review* (IPR) at the PTAB

☑ Support the U.S. Constitution's 7th Amendment Right of a Trial by Jury

☐ Patent Litigator with an Interest of Equal Justice in the Courts

☐ Google, Samsung, or Apple Petitioned the PTAB to Invalidate my Patent(s)

## DECLARATION

This declaration is in support of equal justice inside the District Courts. When Google, Samsung, or Apple petitioned the PTAB to invalidate a patent(s); and receive a favorable decision, it usually means the Patent Owner or Respondent have lost patent rights to what the Patent Owner or Respondent has invented; and the patents/patent claims cannot be enforced in Court against an alleged infringer.

The number of petitions filed at the PTAB between January 1, 2019 through December 31, 2024 for Samsung Electronics is 525; for Apple is 456; and for Google is 340.

The question is, "how have the Northern District of California Court handled an unfavorable decision that not only effects the design of the Google smartphones and smartwatches, but also Samsung's and Apple's smartphones and smartwatches.

In *Golden v. Google LLC* NDC Case No. 22-5246, Golden made several attempts to enter as evidence what he believes is an unfavorable decision for Google, Samsung, and Apple that was handed down by the PTAB in the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015.

Golden's fear is the unfavorable decision will not be entered as evidence in the current case against Google, NDC Case No. 26-0831 and a jury will never get a chance to review the evidence and decide Google's alleged infringement liability. Help me expose the Northern District's of California's bias in favor of Google.

1

## PTAB'S Claim Term Construction

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "built in, embedded" as "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

"In the Decision to Institute, we construed certain claim terms. Those constructions are reproduced in the chart below.

| Claim Term | Construction |
|---|---|
| "built in, embedded" (claim 74) | "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device" |
| "communication device" (claim 81) | "monitoring equipment" |

Dec. to Inst. 11–16.

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "communication device" to include "monitoring equipment", "cell phones and smartphones".

"Patent Owner [] contends that [] cell phones and smart phones, [] are "species terms" that are "included in the genus 'monitoring equipment' and 'communication device' when the clause 'products grouped together by common features in the product groupings category of design similarity' is included." ... "Owner argues that "[t]he specific devices [] such as the cell phones and smart phones would be recognized by one of ordinary skill in the art as a type of communication device or monitoring equipment because cell phones and smartphones are devices that are capable of communication and are capable of receiving signals." ... "the communication device receives a signal via any of one or more products listed in any of the plurality of product grouping categories," would not impermissibly broaden the scope".

## Horizontal & Vertical Decisis: Twelve Federal Judges Infer to Say; "Infringement Occurs when a Cell Phone is Integrated with a CBRNE-H Detection Capability

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 22-1267; determined direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

> "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" … "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

The Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 examined and determined Golden has described how the Google "smartphone", that include the ATAK software and CBRN plugin sensors literally infringes at least claim 5 of Golden's '287 Patent; claim 23 of Golden's '439 Patent; and claim 1 of Golden's '189 Patent.

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Samsung* Case No. 23-2120; agreed with the Northern District of California Court Judge in *Golden v. Samsung* Case No. 23-0048 that direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

In *Golden v. Samsung Electronics America, Inc.* Case: 23-2120, Document 28; *OPINION* filed for the court by Prost, Circuit Judge; Taranto, Circuit Judge and Chen, Circuit Judge. Filed: 02/12/2024. "Mr. Golden's complaint alleged, in part, that Samsung's smartphones possess that claimed detector/sensor functionality on three alternative bases: (1) through the "Android Team Awareness Kit, ATAK," which is "[b]uilt on the Android operating system," involves "plug-ins" and "app specific software," was "[i]nitially created" by the "Air Force Research Laboratory" together with the "Defense Threat Reduction Agency," and is "available to warfighters throughout the DoD," Appx112 ¶ 55; Appx119, 127; (2) through add-on devices or modifications that utilize the smartphone's built-in camera, Appx111 ¶ 54, Appx124–25; and (3) through nine "standard sensors" which "can be used as 'biosensors,'" Appx126."

"Samsung moved to dismiss Mr. Golden's complaint, arguing that, among other things, Mr. Golden's complaint failed to plausibly state a patent-infringement claim. Appx146–48. More specifically, Samsung argued that Mr. Golden's complaint stated no alleged facts that went beyond allegations that Samsung was making and selling smartphones that could be modified post-sale by others to

perform the accused detector/sensor functionality. On that basis, Samsung said, there are no plausible allegations Samsung was engaged in directly infringing activities. Appx146–47." "The district court agreed and dismissed Mr. Golden's complaint with prejudice, concluding, in part, that "[t]he allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face." Golden, 2023 WL 3919466,

The Northern District of California Court Judge Haywood S. Gilliam, Jr. in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Government arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone. "Order Granting Motion to Dismiss with Leave to Amend" Document 41 Filed 08/10/23; the then presiding Judge Haywood S. Gilliam, Jr. agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The Northern District of California Court Judge Rita F. Lin in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Gov't arises when there's a combined ATAK software; CBRN plugins; CPU, and a Smartphone. "Order Granting Motion to Dismiss and Denying leave to File a Surreply" Document 68 Filed 04/03/24; the current presiding Judge Rita F. Lin agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The United States Court of Appeals; Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 24-2024; determined infringement occurs when a [Google] mobile, consumer, or cellular device is integrated with, or interconnected to, Draper's CBRNE detection capability.

In *Golden v. Google LLC*., Case No. 24-2024, Dkt. 41; filed 06/25/2025, three Federal Circuit judges again confirm, infringement of Plaintiff's patented CMDC device occurs when a mobile, consumer, or cellular device, is integrated with, or interconnected to a CBRNE detection capability. The Circuit's opinion includes the following:

"We conclude that the district court did not err in finding that "Mr. Golden's five infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." Decision at *1; see also *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) (finding no infringement when the accused products "do not infringe without modification—the modification of installing the required software."). Mr. Golden's first theory of

4

infringement requires the *use of the third-party app* "ATAK-CIV" for at least two limitations of each asserted claim. App'x 300–302 ¶¶ 56 63;

**Collateral Estoppel:**

Collateral estoppel can preclude re-litigation of issues already decided by the PTAB, as affirmed by the Federal Circuit, which binds subsequent actions even if the parties differ between district court and PTAB proceedings.

Collateral estoppel is a legal doctrine that applies when "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action." In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994). The goal of collateral estoppel is to promote judicial efficiency and consistency between forums by preventing a party from relitigating the same issues in multiple forums.

The PTAB have already decided "built-in, embedded" aligns with Golden's patent specifications [the detection capability is "in, on, upon, or adjacent" the communication device]; while the PTAB's construction of "built-in, embedded" is "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

Also, nine Federal Circuit judges "infer to say" [means to deduce or conclude something based on evidence or reasoning], that infringement of Plaintiff's patented CMDC devices occurs when a CBRNE-H detection capability is "in, on, upon, adjacent, built-in, embedded, included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device", such that it is an integral part of the Google, Samsung, or Apple smartphone or smartwatch devices.[Applied Phillipps Standard]

The above undisputed facts must be entered as evidence; but as evidence that is estoppel from re-litigation or challenges. Plaintiff relies on the above fact issues to support his claim of alleged patent infringement against Google, Samsung, and Apple.

Courts of law adjudicate contested factual claims with the use of a jury. Patent infringement claims are issues-of-facts to be tried by a jury [U.S. CONS'T, 7th Amend.].

## CONCLUSION

Twelve Judges, three from the District Courts and nine from the Federal Circuit, have determined infringement of Golden's patented CMDC devices occurs when a mobile, consumer, or cellular device in integrated with, or interconnected to, a CBRNE-H detection capability.

Therefore, when the Courts combined the findings at the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267:

> "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" ... "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" ... "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straightforward manner."

with the PTAB's final decision in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, Entered: October 1, 2015, of the term "built-in, embedded":

> "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

it clearly creates and validates infringement liability for Google, Samsung, and Apple. Please help me get this combination before a jury.

## VERIFICATION
### Pursuant to 28 U.S.C. § 1746

I am over the age of 18, competent to testify that I did not personally write or draft the contents of this document; but having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements made in *Larry Golden v. Google LLC*; Case No. 22-1267 and in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, are true, correct, and complete to the best of my understanding, knowledge, and belief, and my recommendation that the combination is presented to a jury, is made in good faith.

Executed and signed this <u>1st</u> day of <u>February</u>, 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for aforementioned described combination is presented to a jury.



s/

6

Your Name: V. Elaine Durrah

Your Address: 116 Skyway Court

Lyman, SC 29365

Phone Number: 864-630-4051

Email Address: vedurrah50@gmail.com

**Check one:**

☐ Patent Owner / Advocate for Patent Owners

☐ Respondent in an *Inter Partes Review* (IPR) at the PTAB

☑ Support the U.S. Constitution's 7th Amendment Right of a Trial by Jury

☐ Patent Litigator with an Interest of Equal Justice in the Courts

☐ Google, Samsung, or Apple Petitioned the PTAB to Invalidate my Patent(s)

## DECLARATION

This declaration is in support of equal justice inside the District Courts. When Google, Samsung, or Apple petitioned the PTAB to invalidate a patent(s); and receive a favorable decision, it usually means the Patent Owner or Respondent have lost patent rights to what the Patent Owner or Respondent has invented; and the patents/patent claims cannot be enforced in Court against an alleged infringer.

The number of petitions filed at the PTAB between January 1, 2019 through December 31, 2024 for Samsung Electronics is 525; for Apple is 456; and for Google is 340.

The question is, "how have the Northern District of California Court handled an unfavorable decision that not only effects the design of the Google smartphones and smartwatches, but also Samsung's and Apple's smartphones and smartwatches.

In *Golden v. Google LLC* NDC Case no. 22-5246, Golden made several attempts to enter as evidence what he believes is an unfavorable decision for Google, Samsung, and Apple that was handed down by the PTAB in the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015.

Golden's fear is the unfavorable decision will not be entered as evidence in the current case against Google, NDC Case No. 26-0831 and a jury will never get a chance to review the evidence and decide Google's alleged infringement liability. Help me expose the Northern District's of California's bias in favor of Google.

1

## PTAB'S Claim Term Construction

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "built in, embedded" as "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

"In the Decision to Institute, we construed certain claim terms. Those constructions are reproduced in the chart below.

| Claim Term | Construction |
| --- | --- |
| "built in, embedded" (claim 74) | "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device" |
| "communication device" (claim 81) | "monitoring equipment" |

Dec. to Inst. 11–16.

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "communication device" to include "monitoring equipment", "cell phones and smartphones".

"Patent Owner [] contends that [] cell phones and smart phones, [] are "species terms" that are "included in the genus 'monitoring equipment' and 'communication device' when the clause 'products grouped together by common features in the product groupings category of design similarity' is included." ... "Owner argues that "[t]he specific devices [] such as the cell phones and smart phones would be recognized by one of ordinary skill in the art as a type of communication device or monitoring equipment because cell phones and smartphones are devices that are capable of communication and are capable of receiving signals." ... "the communication device receives a signal via any of one or more products listed in any of the plurality of product grouping categories," would not impermissibly broaden the scope".

## Horizontal & Vertical Decisis: Twelve Federal Judges Infer to Say; "Infringement Occurs when a Cell Phone is Integrated with a CBRNE-H Detection Capability

2

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 22-1267; determined direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

> "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" ... "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" ... "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

The Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 examined and determined Golden has described how the Google "smartphone", that include the ATAK software and CBRN plugin sensors literally infringes at least claim 5 of Golden's '287 Patent; claim 23 of Golden's '439 Patent; and claim 1 of Golden's '189 Patent.

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Samsung* Case No. 23-2120; agreed with the Northern District of California Court Judge in *Golden v. Samsung* Case No. 23-0048 that direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

In *Golden v. Samsung Electronics America, Inc*. Case: 23-2120, Document 28; *OPINION* filed for the court by Prost, Circuit Judge; Taranto, Circuit Judge and Chen, Circuit Judge. Filed: 02/12/2024. "Mr. Golden's complaint alleged, in part, that Samsung's smartphones possess that claimed detector/sensor functionality on three alternative bases: (1) through the "Android Team Awareness Kit, ATAK," which is "[b]uilt on the Android operating system," involves "plug-ins" and "app specific software," was "[i]nitially created" by the "Air Force Research Laboratory" together with the "Defense Threat Reduction Agency," and is "available to warfighters throughout the DoD," Appx112 ¶ 55; Appx119, 127; (2) through add-on devices or modifications that utilize the smartphone's built-in camera, Appx111 ¶ 54, Appx124–25; and (3) through nine "standard sensors" which "can be used as 'biosensors,'" Appx126."

"Samsung moved to dismiss Mr. Golden's complaint, arguing that, among other things, Mr. Golden's complaint failed to plausibly state a patent-infringement claim. Appx146–48. More specifically, Samsung argued that Mr. Golden's complaint stated no alleged facts that went beyond allegations that Samsung was making and selling smartphones that could be modified post-sale by others to

3

perform the accused detector/sensor functionality. On that basis, Samsung said, there are no plausible allegations Samsung was engaged in directly infringing activities. Appx146–47." "The district court agreed and dismissed Mr. Golden's complaint with prejudice, concluding, in part, that "[t]he allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face." Golden, 2023 WL 3919466,

The Northern District of California Court Judge Haywood S. Gilliam, Jr. in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Government arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone. "Order Granting Motion to Dismiss with Leave to Amend" Document 41 Filed 08/10/23; the then presiding Judge Haywood S. Gilliam, Jr. agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The Northern District of California Court Judge Rita F. Lin in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Gov't arises when there's a combined ATAK software; CBRN plugins; CPU, and a Smartphone. "Order Granting Motion to Dismiss and Denying leave to File a Surreply" Document 68 Filed 04/03/24; the current presiding Judge Rita F. Lin agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The United States Court of Appeals; Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 24-2024; determined infringement occurs when a [Google] mobile, consumer, or cellular device is integrated with, or interconnected to, Draper's CBRNE detection capability.

In *Golden v. Google LLC.*, Case No. 24-2024, Dkt. 41; filed 06/25/2025, three Federal Circuit judges again confirm, infringement of Plaintiff's patented CMDC device occurs when a mobile, consumer, or cellular device, is integrated with, or interconnected to a CBRNE detection capability. The Circuit's opinion includes the following:

"We conclude that the district court did not err in finding that "Mr. Golden's five infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." Decision at *1; see also *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) (finding no infringement when the accused products "do not infringe without modification—the modification of installing the required software."). Mr. Golden's first theory of

infringement requires the *use of the third-party app* "ATAK-CIV" for at least two limitations of each asserted claim. App'x 300–302 ¶¶ 56 63;

**Collateral Estoppel:**

Collateral estoppel can preclude re-litigation of issues already decided by the PTAB, as affirmed by the Federal Circuit, which binds subsequent actions even if the parties differ between district court and PTAB proceedings.

Collateral estoppel is a legal doctrine that applies when "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action." In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994). The goal of collateral estoppel is to promote judicial efficiency and consistency between forums by preventing a party from relitigating the same issues in multiple forums.

The PTAB have already decided "built-in, embedded" aligns with Golden's patent specifications [the detection capability is "in, on, upon, or adjacent" the communication device]; while the PTAB's construction of "built-in, embedded" is "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

Also, nine Federal Circuit judges "infer to say" [means to deduce or conclude something based on evidence or reasoning], that infringement of Plaintiff's patented CMDC devices occurs when a CBRNE-H detection capability is "in, on, upon, adjacent, built-in, embedded, included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device", such that it is an integral part of the Google, Samsung, or Apple smartphone or smartwatch devices.[Applied Phillipps Standard]

The above undisputed facts must be entered as evidence; but as evidence that is estoppel from re-litigation or challenges. Plaintiff relies on the above fact issues to support his claim of alleged patent infringement against Google, Samsung, and Apple.

Courts of law adjudicate contested factual claims with the use of a jury. Patent infringement claims are issues-of-facts to be tried by a jury [U.S. CONS'T, 7th Amend.].

## CONCLUSION

Twelve Judges, three from the District Courts and nine from the Federal Circuit, have determined infringement of Golden's patented CMDC devices occurs when a mobile, consumer, or cellular device in integrated with, or interconnected to, a CBRNE-H detection capability.

Therefore, when the Courts combined the findings at the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267:

> "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" … "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

with the PTAB's final decision in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, Entered: October 1, 2015, of the term "built-in, embedded":

> "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

it clearly creates and validates infringement liability for Google, Samsung, and Apple. Please help me get this combination before a jury.

## VERIFICATION
### Pursuant to 28 U.S.C. § 1746

I am over the age of 18, competent to testify that I did not personally write or draft the contents of this document; but having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements made in *Larry Golden v. Google LLC*; Case No. 22-1267 and in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, are true, correct, and complete to the best of my understanding, knowledge, and belief, and my recommendation that the combination is presented to a jury, is made in good faith.

Executed and signed this 01 day of February , 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for aforementioned described combination is presented to a jury.

s/ V. Elaine Durrah

Your Name: JAMES GUNBY

Your Address: 358 Wisewood Circle

Greenwood, South Carolina 29646

Phone Number: 864-554-3008

Email Address: jamesgunby001@gmail.com

**Check one:**

☐ Patent Owner / Advocate for Patent Owners

☐ Respondent in an *Inter Partes Review* (IPR) at the PTAB

☒ Support the U.S. Constitution's 7th Amendment Right of a Trial by Jury

☐ Patent Litigator with an Interest of Equal Justice in the Courts

☐ Google, Samsung, or Apple Petitioned the PTAB to Invalidate my Patent(s)

## DECLARATION

This declaration is in support of equal justice inside the District Courts. When Google, Samsung, or Apple petitioned the PTAB to invalidate a patent(s); and receive a favorable decision, it usually means the Patent Owner or Respondent have lost patent rights to what the Patent Owner or Respondent has invented; and the patents/patent claims cannot be enforced in Court against an alleged infringer.

The number of petitions filed at the PTAB between January 1, 2019 through December 31, 2024 for Samsung Electronics is 525; for Apple is 456; and for Google is 340.

The question is, "how have the Northern District of California Court handled an unfavorable decision that not only effects the design of the Google smartphones and smartwatches, but also Samsung's and Apple's smartphones and smartwatches.

In *Golden v. Google LLC* NDC Case No. 22-5246, Golden made several attempts to enter as evidence what he believes is an unfavorable decision for Google, Samsung, and Apple that was handed down by the PTAB in the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015.

Golden's fear is the unfavorable decision will not be entered as evidence in the current case against Google, NDC Case No. 26-0831 and a jury will never get a chance to review the evidence and decide Google's alleged infringement liability. Help me expose the Northern District's of California's bias in favor of Google.

1

**PTAB'S Claim Term Construction**

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "built in, embedded" as "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

"In the Decision to Institute, we construed certain claim terms. Those constructions are reproduced in the chart below.

| Claim Term | Construction |
|---|---|
| "built in, embedded" (claim 74) | "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device" |
| "communication device" (claim 81) | "monitoring equipment" |

Dec. to Inst. 11–16.

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "communication device" to include "monitoring equipment", "cell phones and smartphones".

"Patent Owner [] contends that [] cell phones and smart phones, [] are "species terms" that are "included in the genus 'monitoring equipment' and 'communication device' when the clause 'products grouped together by common features in the product groupings category of design similarity' is included." ... "Owner argues that "[t]he specific devices [] such as the cell phones and smart phones would be recognized by one of ordinary skill in the art as a type of communication device or monitoring equipment because cell phones and smartphones are devices that are capable of communication and are capable of receiving signals." ... "the communication device receives a signal via any of one or more products listed in any of the plurality of product grouping categories," would not impermissibly broaden the scope".

**Horizontal & Vertical Decisis: Twelve Federal Judges Infer to Say; "Infringement Occurs when a Cell Phone is Integrated with a CBRNE-H Detection Capability**

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 22-1267; determined direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

"Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" ... "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" ... "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

The Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 examined and determined Golden has described how the Google "smartphone", that include the ATAK software and CBRN plugin sensors literally infringes at least claim 5 of Golden's '287 Patent; claim 23 of Golden's '439 Patent; and claim 1 of Golden's '189 Patent.

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Samsung* Case No. 23-2120; agreed with the Northern District of California Court Judge in *Golden v. Samsung* Case No. 23-0048 that direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

In *Golden v. Samsung Electronics America, Inc*. Case: 23-2120, Document 28; *OPINION* filed for the court by Prost, Circuit Judge; Taranto, Circuit Judge and Chen, Circuit Judge. Filed: 02/12/2024. "Mr. Golden's complaint alleged, in part, that Samsung's smartphones possess that claimed detector/sensor functionality on three alternative bases: (1) through the "Android Team Awareness Kit, ATAK," which is "[b]uilt on the Android operating system," involves "plug-ins" and "app specific software," was "[i]nitially created" by the "Air Force Research Laboratory" together with the "Defense Threat Reduction Agency," and is "available to warfighters throughout the DoD," Appx112 ¶ 55; Appx119, 127; (2) through add-on devices or modifications that utilize the smartphone's built-in camera, Appx111 ¶ 54, Appx124–25; and (3) through nine "standard sensors" which "can be used as 'biosensors,'" Appx126."

"Samsung moved to dismiss Mr. Golden's complaint, arguing that, among other things, Mr. Golden's complaint failed to plausibly state a patent-infringement claim. Appx146–48. More specifically, Samsung argued that Mr. Golden's complaint stated no alleged facts that went beyond allegations that Samsung was making and selling smartphones that could be modified post-sale by others to

perform the accused detector/sensor functionality. On that basis, Samsung said, there are no plausible allegations Samsung was engaged in directly infringing activities. Appx146–47." "The district court agreed and dismissed Mr. Golden's complaint with prejudice, concluding, in part, that "[t]he allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face." Golden, 2023 WL 3919466,

The Northern District of California Court Judge Haywood S. Gilliam, Jr. in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Government arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone. "Order Granting Motion to Dismiss with Leave to Amend" Document 41 Filed 08/10/23; the then presiding Judge Haywood S. Gilliam, Jr. agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The Northern District of California Court Judge Rita F. Lin in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Gov't arises when there's a combined ATAK software; CBRN plugins; CPU, and a Smartphone. "Order Granting Motion to Dismiss and Denying leave to File a Surreply" Document 68 Filed 04/03/24; the current presiding Judge Rita F. Lin agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The United States Court of Appeals; Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 24-2024; determined infringement occurs when a [Google] mobile, consumer, or cellular device is integrated with, or interconnected to, Draper's CBRNE detection capability.

In *Golden v. Google LLC.*, Case No. 24-2024, Dkt. 41; filed 06/25/2025, three Federal Circuit judges again confirm, infringement of Plaintiff's patented CMDC device occurs when a mobile, consumer, or cellular device, is integrated with, or interconnected to a CBRNE detection capability. The Circuit's opinion includes the following:

"We conclude that the district court did not err in finding that "Mr. Golden's five infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." Decision at *1; see also *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) (finding no infringement when the accused products "do not infringe without modification—the modification of installing the required software."). Mr. Golden's first theory of

infringement requires the *use of the third-party app* "ATAK-CIV" for at least two limitations of each asserted claim. App'x 300–302 ¶¶ 56 63;

**Collateral Estoppel:**

Collateral estoppel can preclude re-litigation of issues already decided by the PTAB, as affirmed by the Federal Circuit, which binds subsequent actions even if the parties differ between district court and PTAB proceedings.

Collateral estoppel is a legal doctrine that applies when "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action." In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994). The goal of collateral estoppel is to promote judicial efficiency and consistency between forums by preventing a party from relitigating the same issues in multiple forums.

The PTAB have already decided "built-in, embedded" aligns with Golden's patent specifications [the detection capability is "in, on, upon, or adjacent" the communication device]; while the PTAB's construction of "built-in, embedded" is "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

Also, nine Federal Circuit judges "infer to say" [means to deduce or conclude something based on evidence or reasoning], that infringement of Plaintiff's patented CMDC devices occurs when a CBRNE-H detection capability is "in, on, upon, adjacent, built-in, embedded, included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device", such that it is an integral part of the Google, Samsung, or Apple smartphone or smartwatch devices.[Applied Phillipps Standard]

The above undisputed facts must be entered as evidence; but as evidence that is estoppel from re-litigation or challenges. Plaintiff relies on the above fact issues to support his claim of alleged patent infringement against Google, Samsung, and Apple.

Courts of law adjudicate contested factual claims with the use of a jury. Patent infringement claims are issues-of-facts to be tried by a jury [U.S. CONS'T, 7th Amend.].

## CONCLUSION

Twelve Judges, three from the District Courts and nine from the Federal Circuit, have determined infringement of Golden's patented CMDC devices occurs when a mobile, consumer, or cellular device in integrated with, or interconnected to, a CBRNE-H detection capability.

Therefore, when the Courts combined the findings at the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267:

> "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" ... "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" ... "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

with the PTAB's final decision in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, Entered: October 1, 2015, of the term "built-in, embedded":

> "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

it clearly creates and validates infringement liability for Google, Samsung, and Apple. Please help me get this combination before a jury.

## **VERIFICATION**
### **Pursuant to 28 U.S.C. § 1746**

I am over the age of 18, competent to testify that I did not personally write or draft the contents of this document; but having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing state-ments made in *Larry Golden v. Google LLC*; Case No. 22-1267 and in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, are true, correct, and complete to the best of my understanding, knowledge, and belief, and my recommendation that the combination is presented to a jury, is made in good faith.

Executed and signed this _3_ day of _February_, 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for aforementioned described combination is presented to a jury.

s/ _James Hunby_

6

Your Name: Carol Epps

Your Address: 90 Cherry Hill Rd

Laurens SC 29360

Phone Number: (864) 684-8164

Email Address: Cepps003@gmail.com

**Check one:**

☐ Patent Owner / Advocate for Patent Owners

☐ Respondent in an *Inter Partes Review* (IPR) at the PTAB

☐ Support the U.S. Constitution's 7th Amendment Right of a Trial by Jury
**X**

☐ Patent Litigator with an Interest of Equal Justice in the Courts

☐ Google, Samsung, or Apple Petitioned the PTAB to Invalidate my Patent(s)

## DECLARATION

This declaration is in support of equal justice inside the District Courts. When Google, Samsung, or Apple petitioned the PTAB to invalidate a patent(s); and receive a favorable decision, it usually means the Patent Owner or Respondent have lost patent rights to what the Patent Owner or Respondent has invented; and the patents/patent claims cannot be enforced in Court against an alleged infringer.

The number of petitions filed at the PTAB between January 1, 2019 through December 31, 2024 for Samsung Electronics is 525; for Apple is 456; and for Google is 340.

The question is, "how have the Northern District of California Court handled an unfavorable decision that not only effects the design of the Google smartphones and smartwatches, but also Samsung's and Apple's smartphones and smartwatches.

In *Golden v. Google LLC* NDC Case No. 22-5246, Golden made several attempts to enter as evidence what he believes is an unfavorable decision for Google, Samsung, and Apple that was handed down by the PTAB in the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015.

Golden's fear is the unfavorable decision will not be entered as evidence in the current case against Google, NDC Case No. 26-0831 and a jury will never get a chance to review the evidence and decide Google's alleged infringement liability. Help me expose the Northern District's of California's bias in favor of Google.

1

**PTAB'S Claim Term Construction**

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "built in, embedded" as "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

"In the Decision to Institute, we construed certain claim terms. Those constructions are reproduced in the chart below.

| Claim Term | Construction |
|---|---|
| "built in, embedded" (claim 74) | "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device" |
| "communication device" (claim 81) | "monitoring equipment" |

Dec. to Inst. 11–16.

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "communication device" to include "monitoring equipment", "cell phones and smartphones".

"Patent Owner [] contends that [] cell phones and smart phones, [] are "species terms" that are "included in the genus 'monitoring equipment' and 'communication device' when the clause 'products grouped together by common features in the product groupings category of design similarity' is included." ... "Owner argues that "[t]he specific devices [] such as the cell phones and smart phones would be recognized by one of ordinary skill in the art as a type of communication device or monitoring equipment because cell phones and smartphones are devices that are capable of communication and are capable of receiving signals." ... "the communication device receives a signal via any of one or more products listed in any of the plurality of product grouping categories," would not impermissibly broaden the scope".

**Horizontal & Vertical Decisis: Twelve Federal Judges Infer to Say; "Infringement Occurs when a Cell Phone is Integrated with a CBRNE-H Detection Capability**

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 22-1267; determined direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

"Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" ... "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" ... "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

The Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 examined and determined Golden has described how the Google "smartphone", that include the ATAK software and CBRN plugin sensors literally infringes at least claim 5 of Golden's '287 Patent; claim 23 of Golden's '439 Patent; and claim 1 of Golden's '189 Patent.

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Samsung* Case No. 23-2120; agreed with the Northern District of California Court Judge in *Golden v. Samsung* Case No. 23-0048 that direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

In *Golden v. Samsung Electronics America, Inc.* Case: 23-2120, Document 28; *OPINION* filed for the court by Prost, Circuit Judge; Taranto, Circuit Judge and Chen, Circuit Judge. Filed: 02/12/2024. "Mr. Golden's complaint alleged, in part, that Samsung's smartphones possess that claimed detector/sensor functionality on three alternative bases: (1) through the "Android Team Awareness Kit, ATAK," which is "[b]uilt on the Android operating system," involves "plug-ins" and "app specific software," was "[i]nitially created" by the "Air Force Research Laboratory" together with the "Defense Threat Reduction Agency," and is "available to warfighters throughout the DoD," Appx112 ¶ 55; Appx119, 127; (2) through add-on devices or modifications that utilize the smartphone's built-in camera, Appx111 ¶ 54, Appx124–25; and (3) through nine "standard sensors" which "can be used as 'biosensors,'" Appx126."

"Samsung moved to dismiss Mr. Golden's complaint, arguing that, among other things, Mr. Golden's complaint failed to plausibly state a patent-infringement claim. Appx146–48. More specifically, Samsung argued that Mr. Golden's complaint stated no alleged facts that went beyond allegations that Samsung was making and selling smartphones that could be modified post-sale by others to

3

perform the accused detector/sensor functionality. On that basis, Samsung said, there are no plausible allegations Samsung was engaged in directly infringing activities. Appx146–47." "The district court agreed and dismissed Mr. Golden's complaint with prejudice, concluding, in part, that "[t]he allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face." Golden, 2023 WL 3919466,

The Northern District of California Court Judge Haywood S. Gilliam, Jr. in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Government arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone. "Order Granting Motion to Dismiss with Leave to Amend" Document 41 Filed 08/10/23; the then presiding Judge Haywood S. Gilliam, Jr. agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The Northern District of California Court Judge Rita F. Lin in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Gov't arises when there's a combined ATAK software; CBRN plugins; CPU, and a Smartphone. "Order Granting Motion to Dismiss and Denying leave to File a Surreply" Document 68 Filed 04/03/24; the current presiding Judge Rita F. Lin agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The United States Court of Appeals; Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 24-2024; determined infringement occurs when a [Google] mobile, consumer, or cellular device is integrated with, or interconnected to, Draper's CBRNE detection capability.

In *Golden v. Google LLC*., Case No. 24-2024, Dkt. 41; filed 06/25/2025, three Federal Circuit judges again confirm, infringement of Plaintiff's patented CMDC device occurs when a mobile, consumer, or cellular device, is integrated with, or interconnected to a CBRNE detection capability. The Circuit's opinion includes the following:
 "We conclude that the district court did not err in finding that "Mr. Golden's five infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." Decision at *1; see also *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) (finding no infringement when the accused products "do not infringe without modification—the modification of installing the required software."). Mr. Golden's first theory of

4

infringement requires the *use of the third-party app* "ATAK-CIV" for at least two limitations of each asserted claim. App'x 300–302 ¶¶ 56 63;

**Collateral Estoppel:**

Collateral estoppel can preclude re-litigation of issues already decided by the PTAB, as affirmed by the Federal Circuit, which binds subsequent actions even if the parties differ between district court and PTAB proceedings.

Collateral estoppel is a legal doctrine that applies when "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action." In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994). The goal of collateral estoppel is to promote judicial efficiency and consistency between forums by preventing a party from relitigating the same issues in multiple forums.

The PTAB have already decided "built-in, embedded" aligns with Golden's patent specifications [the detection capability is "in, on, upon, or adjacent" the communication device]; while the PTAB's construction of "built-in, embedded" is "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

Also, nine Federal Circuit judges "infer to say" [means to deduce or conclude something based on evidence or reasoning], that infringement of Plaintiff's patented CMDC devices occurs when a CBRNE-H detection capability is "in, on, upon, adjacent, built-in, embedded, included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device", such that it is an integral part of the Google, Samsung, or Apple smartphone or smartwatch devices.[Applied Phillipps Standard]

The above undisputed facts must be entered as evidence; but as evidence that is estoppel from re-litigation or challenges. Plaintiff relies on the above fact issues to support his claim of alleged patent infringement against Google, Samsung, and Apple.

Courts of law adjudicate contested factual claims with the use of a jury. Patent infringement claims are issues-of-facts to be tried by a jury [U.S. CONS'T, 7th Amend.].

## CONCLUSION

Twelve Judges, three from the District Courts and nine from the Federal Circuit, have determined infringement of Golden's patented CMDC devices occurs when a mobile, consumer, or cellular device in integrated with, or interconnected to, a CBRNE-H detection capability.

Therefore, when the Courts combined the findings at the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267:

> "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" ... "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" ... "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

with the PTAB's final decision in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, Entered: October 1, 2015, of the term "built-in, embedded":

> "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

it clearly creates and validates infringement liability for Google, Samsung, and Apple. Please help me get this combination before a jury.

## VERIFICATION
### Pursuant to 28 U.S.C. § 1746

I am over the age of 18, competent to testify that I did not personally write or draft the contents of this document; but having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements made in *Larry Golden v. Google LLC*; Case No. 22-1267 and in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, are true, correct, and complete to the best of my understanding, knowledge, and belief, and my recommendation that the combination is presented to a jury, is made in good faith.

Executed and signed this 2___ day of February_____, 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for aforementioned described combination is presented to a jury.

s/ Carol Epps

6

Your Name: <u>EARL E. KELLEY</u>

Your Address: <u>318 SCOTCH CROSS RD. E.</u>

<u>GREENWOOD, S.C. 29646</u>

Phone Number: <u>864-941-6627</u>

Email Address: <u>kelleygoing@aol.com</u>

**Check one:**

☐ Patent Owner / Advocate for Patent Owners

☐ Respondent in an *Inter Partes Review* (IPR) at the PTAB

☑ Support the U.S. Constitution's 7th Amendment Right of a Trial by Jury

☐ Patent Litigator with an Interest of Equal Justice in the Courts

☐ Google, Samsung, or Apple Petitioned the PTAB to Invalidate my Patent(s)

## DECLARATION

This declaration is in support of equal justice inside the District Courts. When Google, Samsung, or Apple petitioned the PTAB to invalidate a patent(s); and receive a favorable decision, it usually means the Patent Owner or Respondent have lost patent rights to what the Patent Owner or Respondent has invented; and the patents/patent claims cannot be enforced in Court against an alleged infringer.

The number of petitions filed at the PTAB between January 1, 2019 through December 31, 2024 for Samsung Electronics is 525; for Apple is 456; and for Google is 340.

The question is, "how have the Northern District of California Court handled an unfavorable decision that not only effects the design of the Google smartphones and smartwatches, but also Samsung's and Apple's smartphones and smartwatches.

In *Golden v. Google LLC* NDC Case No. 22-5246, Golden made several attempts to enter as evidence what he believes is an unfavorable decision for Google, Samsung, and Apple that was handed down by the PTAB in the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015.

Golden's fear is the unfavorable decision will not be entered as evidence in the current case against Google, NDC Case No. 26-0831 and a jury will never get a chance to review the evidence and decide Google's alleged infringement liability. Help me expose the Northern District's of California's bias in favor of Google.

1

**PTAB'S Claim Term Construction**

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "built in, embedded" as "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

"In the Decision to Institute, we construed certain claim terms. Those constructions are reproduced in the chart below.

| Claim Term | Construction |
|---|---|
| "built in, embedded" (claim 74) | "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device" |
| "communication device" (claim 81) | "monitoring equipment" |

Dec. to Inst. 11–16.

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "communication device" to include "monitoring equipment", "cell phones and smartphones".

"Patent Owner [] contends that [] cell phones and smart phones, [] are "species terms" that are "included in the genus 'monitoring equipment' and 'communication device' when the clause 'products grouped together by common features in the product groupings category of design similarity' is included." ... "Owner argues that "[t]he specific devices [] such as the cell phones and smart phones would be recognized by one of ordinary skill in the art as a type of communication device or monitoring equipment because cell phones and smartphones are devices that are capable of communication and are capable of receiving signals." ... "the communication device receives a signal via any of one or more products listed in any of the plurality of product grouping categories," would not impermissibly broaden the scope".

**Horizontal & Vertical Decisis: Twelve Federal Judges Infer to Say; "Infringement Occurs when a Cell Phone is Integrated with a CBRNE-H Detection Capability**

2

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 22-1267; determined direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

"Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" … "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

The Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 examined and determined Golden has described how the Google "smartphone", that include the ATAK software and CBRN plugin sensors literally infringes at least claim 5 of Golden's '287 Patent; claim 23 of Golden's '439 Patent; and claim 1 of Golden's '189 Patent.

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Samsung* Case No. 23-2120; agreed with the Northern District of California Court Judge in *Golden v. Samsung* Case No. 23-0048 that direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

In *Golden v. Samsung Electronics America, Inc*. Case: 23-2120, Document 28; *OPINION* filed for the court by Prost, Circuit Judge; Taranto, Circuit Judge and Chen, Circuit Judge. Filed: 02/12/2024. "Mr. Golden's complaint alleged, in part, that Samsung's smartphones possess that claimed detector/sensor functionality on three alternative bases: (1) through the "Android Team Awareness Kit, ATAK," which is "[b]uilt on the Android operating system," involves "plug-ins" and "app specific software," was "[i]nitially created" by the "Air Force Research Laboratory" together with the "Defense Threat Reduction Agency," and is "available to warfighters throughout the DoD," Appx112 ¶ 55; Appx119, 127; (2) through add-on devices or modifications that utilize the smartphone's built-in camera, Appx111 ¶ 54, Appx124–25; and (3) through nine "standard sensors" which "can be used as 'biosensors,'" Appx126."

"Samsung moved to dismiss Mr. Golden's complaint, arguing that, among other things, Mr. Golden's complaint failed to plausibly state a patent-infringement claim. Appx146–48. More specifically, Samsung argued that Mr. Golden's complaint stated no alleged facts that went beyond allegations that Samsung was making and selling smartphones that could be modified post-sale by others to

perform the accused detector/sensor functionality. On that basis, Samsung said, there are no plausible allegations Samsung was engaged in directly infringing activities. Appx146–47." "The district court agreed and dismissed Mr. Golden's complaint with prejudice, concluding, in part, that "[t]he allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face." Golden, 2023 WL 3919466,

The Northern District of California Court Judge Haywood S. Gilliam, Jr. in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Government arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone. "Order Granting Motion to Dismiss with Leave to Amend" Document 41 Filed 08/10/23; the then presiding Judge Haywood S. Gilliam, Jr. agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The Northern District of California Court Judge Rita F. Lin in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Gov't arises when there's a combined ATAK software; CBRN plugins; CPU, and a Smartphone. "Order Granting Motion to Dismiss and Denying leave to File a Surreply" Document 68 Filed 04/03/24; the current presiding Judge Rita F. Lin agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The United States Court of Appeals; Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 24-2024; determined infringement occurs when a [Google] mobile, consumer, or cellular device is integrated with, or interconnected to, Draper's CBRNE detection capability.

In *Golden v. Google LLC.*, Case No. 24-2024, Dkt. 41; filed 06/25/2025, three Federal Circuit judges again confirm, infringement of Plaintiff's patented CMDC device occurs when a mobile, consumer, or cellular device, is integrated with, or interconnected to a CBRNE detection capability. The Circuit's opinion includes the following:

"We conclude that the district court did not err in finding that "Mr. Golden's five infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." Decision at *1; see also *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) (finding no infringement when the accused products "do not infringe without modification—the modification of installing the required software."). Mr. Golden's first theory of

4

infringement requires the *use of the third-party app* "ATAK-CIV" for at least two limitations of each asserted claim. App'x 300–302 ¶¶ 56 63;

**Collateral Estoppel:**

Collateral estoppel can preclude re-litigation of issues already decided by the PTAB, as affirmed by the Federal Circuit, which binds subsequent actions even if the parties differ between district court and PTAB proceedings.

Collateral estoppel is a legal doctrine that applies when "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action." In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994). The goal of collateral estoppel is to promote judicial efficiency and consistency between forums by preventing a party from relitigating the same issues in multiple forums.

The PTAB have already decided "built-in, embedded" aligns with Golden's patent specifications [the detection capability is "in, on, upon, or adjacent" the communication device]; while the PTAB's construction of "built-in, embedded" is "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

Also, nine Federal Circuit judges "infer to say" [means to deduce or conclude something based on evidence or reasoning], that infringement of Plaintiff's patented CMDC devices occurs when a CBRNE-H detection capability is "in, on, upon, adjacent, built-in, embedded, included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device", such that it is an integral part of the Google, Samsung, or Apple smartphone or smartwatch devices.[Applied Phillipps Standard]

The above undisputed facts must be entered as evidence; but as evidence that is estoppel from re-litigation or challenges. Plaintiff relies on the above fact issues to support his claim of alleged patent infringement against Google, Samsung, and Apple.

Courts of law adjudicate contested factual claims with the use of a jury. Patent infringement claims are issues-of-facts to be tried by a jury [U.S. CONS'T, 7th Amend.].

## CONCLUSION

Twelve Judges, three from the District Courts and nine from the Federal Circuit, have determined infringement of Golden's patented CMDC devices occurs when a mobile, consumer, or cellular device in integrated with, or interconnected to, a CBRNE-H detection capability.

5

Therefore, when the Courts combined the findings at the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267:

> "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" … "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

with the PTAB's final decision in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, Entered: October 1, 2015, of the term "built-in, embedded":

> "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

it clearly creates and validates infringement liability for Google, Samsung, and Apple. Please help me get this combination before a jury.

## **VERIFICATION**
### **Pursuant to 28 U.S.C. § 1746**

I am over the age of 18, competent to testify that I did not personally write or draft the contents of this document; but having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements made in *Larry Golden v. Google LLC*; Case No. 22-1267 and in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, are true, correct, and complete to the best of my understanding, knowledge, and belief, and my recommendation that the combination is presented to a jury, is made in good faith.

Executed and signed this 2ND day of FEBRUARY , 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for aforementioned described combination is presented to a jury.

s/ EARL E. KELLEY

Your Name: Pandora McGrier

Your Address: 100 Legacy Farm Drive

Fountain Inn, SC 29644

Phone Number: 864-409-8736

Email Address: pmcgrier@yahoo.com

**Check one:**

☐ Patent Owner / Advocate for Patent Owners

☐ Respondent in an *Inter Partes Review* (IPR) at the PTAB

☑ Support the U.S. Constitution's 7th Amendment Right of a Trial by Jury

☐ Patent Litigator with an Interest of Equal Justice in the Courts

☐ Google, Samsung, or Apple Petitioned the PTAB to Invalidate my Patent(s)

## DECLARATION

This declaration is in support of equal justice inside the District Courts. When Google, Samsung, or Apple petitioned the PTAB to invalidate a patent(s); and receive a favorable decision, it usually means the Patent Owner or Respondent have lost patent rights to what the Patent Owner or Respondent has invented; and the patents/patent claims cannot be enforced in Court against an alleged infringer.

The number of petitions filed at the PTAB between January 1, 2019 through December 31, 2024 for Samsung Electronics is 525; for Apple is 456; and for Google is 340.

The question is, "how have the Northern District of California Court handled an unfavorable decision that not only effects the design of the Google smartphones and smartwatches, but also Samsung's and Apple's smartphones and smartwatches.

In *Golden v. Google LLC* NDC Case no. 22-5246, Golden made several attempts to enter as evidence what he believes is an unfavorable decision for Google, Samsung, and Apple that was handed down by the PTAB in the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015.

Golden's fear is the unfavorable decision will not be entered as evidence in the current case against Google, NDC Case No. 26-0831 and a jury will never get a chance to review the evidence and decide Google's alleged infringement liability. Help me expose the Northern District's of California's bias in favor of Google.

1

## PTAB'S Claim Term Construction

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "built in, embedded" as "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

"In the Decision to Institute, we construed certain claim terms. Those constructions are reproduced in the chart below.

| Claim Term | Construction |
|---|---|
| "built in, embedded" (claim 74) | "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device" |
| "communication device" (claim 81) | "monitoring equipment" |

Dec. to Inst. 11–16.

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "communication device" to include "monitoring equipment", "cell phones and smartphones".

"Patent Owner [] contends that [] cell phones and smart phones, [] are "species terms" that are "included in the genus 'monitoring equipment' and 'communication device' when the clause 'products grouped together by common features in the product groupings category of design similarity' is included." ... "Owner argues that "[t]he specific devices [] such as the cell phones and smart phones would be recognized by one of ordinary skill in the art as a type of communication device or monitoring equipment because cell phones and smartphones are devices that are capable of communication and are capable of receiving signals." ... "the communication device receives a signal via any of one or more products listed in any of the plurality of product grouping categories," would not impermissibly broaden the scope".

## Horizontal & Vertical Decisis: Twelve Federal Judges Infer to Say; "Infringement Occurs when a Cell Phone is Integrated with a CBRNE-H Detection Capability

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 22-1267; determined direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

"Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" … "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

The Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 examined and determined Golden has described how the Google "smartphone", that include the ATAK software and CBRN plugin sensors literally infringes at least claim 5 of Golden's '287 Patent; claim 23 of Golden's '439 Patent; and claim 1 of Golden's '189 Patent.

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Samsung* Case No. 23-2120; agreed with the Northern District of California Court Judge in *Golden v. Samsung* Case No. 23-0048 that direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

In *Golden v. Samsung Electronics America, Inc*. Case: 23-2120, Document 28; *OPINION* filed for the court by Prost, Circuit Judge; Taranto, Circuit Judge and Chen, Circuit Judge. Filed: 02/12/2024. "Mr. Golden's complaint alleged, in part, that Samsung's smartphones possess that claimed detector/sensor functionality on three alternative bases: (1) through the "Android Team Awareness Kit, ATAK," which is "[b]uilt on the Android operating system," involves "plug-ins" and "app specific software," was "[i]nitially created" by the "Air Force Research Laboratory" together with the "Defense Threat Reduction Agency," and is "available to warfighters throughout the DoD," Appx112 ¶ 55; Appx119, 127; (2) through add-on devices or modifications that utilize the smartphone's built-in camera, Appx111 ¶ 54, Appx124–25; and (3) through nine "standard sensors" which "can be used as 'biosensors,'" Appx126."

"Samsung moved to dismiss Mr. Golden's complaint, arguing that, among other things, Mr. Golden's complaint failed to plausibly state a patent-infringement claim. Appx146–48. More specifically, Samsung argued that Mr. Golden's complaint stated no alleged facts that went beyond allegations that Samsung was making and selling smartphones that could be modified post-sale by others to

3

perform the accused detector/sensor functionality. On that basis, Samsung said, there are no plausible allegations Samsung was engaged in directly infringing activities. Appx146–47." "The district court agreed and dismissed Mr. Golden's complaint with prejudice, concluding, in part, that "[t]he allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face." Golden, 2023 WL 3919466,

The Northern District of California Court Judge Haywood S. Gilliam, Jr. in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Government arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone. "Order Granting Motion to Dismiss with Leave to Amend" Document 41 Filed 08/10/23; the then presiding Judge Haywood S. Gilliam, Jr. agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The Northern District of California Court Judge Rita F. Lin in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Gov't arises when there's a combined ATAK software; CBRN plugins; CPU, and a Smartphone. "Order Granting Motion to Dismiss and Denying leave to File a Surreply" Document 68 Filed 04/03/24; the current presiding Judge Rita F. Lin agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The United States Court of Appeals; Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 24-2024; determined infringement occurs when a [Google] mobile, consumer, or cellular device is integrated with, or interconnected to, Draper's CBRNE detection capability.

In *Golden v. Google LLC.*, Case No. 24-2024, Dkt. 41; filed 06/25/2025, three Federal Circuit judges again confirm, infringement of Plaintiff's patented CMDC device occurs when a mobile, consumer, or cellular device, is integrated with, or interconnected to a CBRNE detection capability. The Circuit's opinion includes the following:
 "We conclude that the district court did not err in finding that "Mr. Golden's five infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." Decision at *1; see also *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) (finding no infringement when the accused products "do not infringe without modification—the modification of installing the required software."). Mr. Golden's first theory of

4

infringement requires the *use of the third-party app* "ATAK-CIV" for at least two limitations of each asserted claim. App'x 300–302 ¶¶ 56 63;

**Collateral Estoppel:**

Collateral estoppel can preclude re-litigation of issues already decided by the PTAB, as affirmed by the Federal Circuit, which binds subsequent actions even if the parties differ between district court and PTAB proceedings.

Collateral estoppel is a legal doctrine that applies when "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action." In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994). The goal of collateral estoppel is to promote judicial efficiency and consistency between forums by preventing a party from relitigating the same issues in multiple forums.

The PTAB have already decided "built-in, embedded" aligns with Golden's patent specifications [the detection capability is "in, on, upon, or adjacent" the communication device]; while the PTAB's construction of "built-in, embedded" is "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

Also, nine Federal Circuit judges "infer to say" [means to deduce or conclude something based on evidence or reasoning], that infringement of Plaintiff's patented CMDC devices occurs when a CBRNE-H detection capability is "in, on, upon, adjacent, built-in, embedded, included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device", such that it is an integral part of the Google, Samsung, or Apple smartphone or smartwatch devices.[Applied Phillipps Standard]

The above undisputed facts must be entered as evidence; but as evidence that is estoppel from re-litigation or challenges. Plaintiff relies on the above fact issues to support his claim of alleged patent infringement against Google, Samsung, and Apple.

Courts of law adjudicate contested factual claims with the use of a jury. Patent infringement claims are issues-of-facts to be tried by a jury [U.S. CONS'T, 7th Amend.].

## CONCLUSION

Twelve Judges, three from the District Courts and nine from the Federal Circuit, have determined infringement of Golden's patented CMDC devices occurs when a mobile, consumer, or cellular device in integrated with, or interconnected to, a CBRNE-H detection capability.

Therefore, when the Courts combined the findings at the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267:

> "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" … "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

with the PTAB's final decision in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, Entered: October 1, 2015, of the term "built-in, embedded":

> "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

it clearly creates and validates infringement liability for Google, Samsung, and Apple. Please help me get this combination before a jury.

## VERIFICATION
### Pursuant to 28 U.S.C. § 1746

I am over the age of 18, competent to testify that I did not personally write or draft the contents of this document; but having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements made in *Larry Golden v. Google LLC*; Case No. 22-1267 and in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, are true, correct, and complete to the best of my understanding, knowledge, and belief, and my recommendation that the combination is presented to a jury, is made in good faith.

Executed and signed this 03 day of February , 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for aforementioned described combination is presented to a jury.

s/  *Pandora McGrier*

6

Your Name: _Thomas B. Mayes Jr._

Your Address: _1260 Old Gunter Rd._
_Piedmont, SC 29673_

Phone Number: _864-979-9527_

Email Address: _mazio1st@gmail.com_

**Check one:**

☐ Patent Owner / Advocate for Patent Owners

☐ Respondent in an *Inter Partes Review* (IPR) at the PTAB

☑ Support the U.S. Constitution's 7th Amendment Right of a Trial by Jury

☐ Patent Litigator with an Interest of Equal Justice in the Courts

☐ Google, Samsung, or Apple Petitioned the PTAB to Invalidate my Patent(s)

## DECLARATION

This declaration is in support of equal justice inside the District Courts. When Google, Samsung, or Apple petitioned the PTAB to invalidate a patent(s); and receive a favorable decision, it usually means the Patent Owner or Respondent have lost patent rights to what the Patent Owner or Respondent has invented; and the patents/patent claims cannot be enforced in Court against an alleged infringer.

The number of petitions filed at the PTAB between January 1, 2019 through December 31, 2024 for Samsung Electronics is 525; for Apple is 456; and for Google is 340.

The question is, "how have the Northern District of California Court handled an unfavorable decision that not only effects the design of the Google smartphones and smartwatches, but also Samsung's and Apple's smartphones and smartwatches.

In *Golden v. Google LLC* NDC Case No. 22-5246, Golden made several attempts to enter as evidence what he believes is an unfavorable decision for Google, Samsung, and Apple that was handed down by the PTAB in the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015.

Golden's fear is the unfavorable decision will not be entered as evidence in the current case against Google, NDC Case No. 26-0831 and a jury will never get a chance to review the evidence and decide Google's alleged infringement liability. Help me expose the Northern District's of California's bias in favor of Google.

1

## PTAB'S Claim Term Construction

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "built in, embedded" as "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

"In the Decision to Institute, we construed certain claim terms. Those constructions are reproduced in the chart below.

| Claim Term | Construction |
|---|---|
| "built in, embedded" (claim 74) | "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device" |
| "communication device" (claim 81) | "monitoring equipment" |

Dec. to Inst. 11–16.

"In the *United States Department of Homeland Security v. Larry Golden* "Final Written Decision" Case IPR2014-00714, Entered: October 1, 2015, the PTAB construed "communication device" to include "monitoring equipment", "cell phones and smartphones".

"Patent Owner [] contends that [] cell phones and smart phones, [] are "species terms" that are "included in the genus 'monitoring equipment' and 'communication device' when the clause 'products grouped together by common features in the product groupings category of design similarity' is included." ... "Owner argues that "[t]he specific devices [] such as the cell phones and smart phones would be recognized by one of ordinary skill in the art as a type of communication device or monitoring equipment because cell phones and smartphones are devices that are capable of communication and are capable of receiving signals." ... "the communication device receives a signal via any of one or more products listed in any of the plurality of product grouping categories," would not impermissibly broaden the scope".

## Horizontal & Vertical Decisis: Twelve Federal Judges Infer to Say; "Infringement Occurs when a Cell Phone is Integrated with a CBRNE-H Detection Capability

2

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 22-1267; determined direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

"Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" ... "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" ... "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

The Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 examined and determined Golden has described how the Google "smartphone", that include the ATAK software and CBRN plugin sensors literally infringes at least claim 5 of Golden's '287 Patent; claim 23 of Golden's '439 Patent; and claim 1 of Golden's '189 Patent.

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Samsung* Case No. 23-2120; agreed with the Northern District of California Court Judge in *Golden v. Samsung* Case No. 23-0048 that direct infringement arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone.

In *Golden v. Samsung Electronics America, Inc*. Case: 23-2120, Document 28; *OPINION* filed for the court by Prost, Circuit Judge; Taranto, Circuit Judge and Chen, Circuit Judge. Filed: 02/12/2024. "Mr. Golden's complaint alleged, in part, that Samsung's smartphones possess that claimed detector/sensor functionality on three alternative bases: (1) through the "Android Team Awareness Kit, ATAK," which is "[b]uilt on the Android operating system," involves "plug-ins" and "app specific software," was "[i]nitially created" by the "Air Force Research Laboratory" together with the "Defense Threat Reduction Agency," and is "available to warfighters throughout the DoD," Appx112 ¶ 55; Appx119, 127; (2) through add-on devices or modifications that utilize the smartphone's built-in camera, Appx111 ¶ 54, Appx124–25; and (3) through nine "standard sensors" which "can be used as 'biosensors,'" Appx126."

"Samsung moved to dismiss Mr. Golden's complaint, arguing that, among other things, Mr. Golden's complaint failed to plausibly state a patent-infringement claim. Appx146–48. More specifically, Samsung argued that Mr. Golden's complaint stated no alleged facts that went beyond allegations that Samsung was making and selling smartphones that could be modified post-sale by others to

3

perform the accused detector/sensor functionality. On that basis, Samsung said, there are no plausible allegations Samsung was engaged in directly infringing activities. Appx146–47." "The district court agreed and dismissed Mr. Golden's complaint with prejudice, concluding, in part, that "[t]he allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face." Golden, 2023 WL 3919466,

The Northern District of California Court Judge Haywood S. Gilliam, Jr. in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Government arises when there's a combined ATAK software; CBRN plugins; CPU; and a Smartphone. "Order Granting Motion to Dismiss with Leave to Amend" Document 41 Filed 08/10/23; the then presiding Judge Haywood S. Gilliam, Jr. agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The Northern District of California Court Judge Rita F. Lin in *Golden v. Google LLC* Case No. 22-5246; determined direct infringement by or for the Gov't arises when there's a combined ATAK software; CBRN plugins; CPU, and a Smartphone. "Order Granting Motion to Dismiss and Denying leave to File a Surreply" Document 68 Filed 04/03/24; the current presiding Judge Rita F. Lin agreed with the Defendant [Google] that the Google Pixel devices could only infringe Golden's asserted patents if a user were to add the additional ATAK application and CBRN plugins.

The United States Court of Appeals; Federal Circuit Judges in *Golden v. Google, LLC*, Case No. 24-2024; determined infringement occurs when a [Google] mobile, consumer, or cellular device is integrated with, or interconnected to, Draper's CBRNE detection capability.

In *Golden v. Google LLC.*, Case No. 24-2024, Dkt. 41; filed 06/25/2025, three Federal Circuit judges again confirm, infringement of Plaintiff's patented CMDC device occurs when a mobile, consumer, or cellular device, is integrated with, or interconnected to a CBRNE detection capability. The Circuit's opinion includes the following:

"We conclude that the district court did not err in finding that "Mr. Golden's five infringement "theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit." Decision at *1; see also *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014) (finding no infringement when the accused products "do not infringe without modification—the modification of installing the required software."). Mr. Golden's first theory of

infringement requires the *use of the third-party app* "ATAK-CIV" for at least two limitations of each asserted claim. App'x 300–302 ¶¶ 56 63;

**Collateral Estoppel:**

Collateral estoppel can preclude re-litigation of issues already decided by the PTAB, as affirmed by the Federal Circuit, which binds subsequent actions even if the parties differ between district court and PTAB proceedings.

Collateral estoppel is a legal doctrine that applies when "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action." In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994). The goal of collateral estoppel is to promote judicial efficiency and consistency between forums by preventing a party from relitigating the same issues in multiple forums.

The PTAB have already decided "built-in, embedded" aligns with Golden's patent specifications [the detection capability is "in, on, upon, or adjacent" the communication device]; while the PTAB's construction of "built-in, embedded" is "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

Also, nine Federal Circuit judges "infer to say" [means to deduce or conclude something based on evidence or reasoning], that infringement of Plaintiff's patented CMDC devices occurs when a CBRNE-H detection capability is "in, on, upon, adjacent, built-in, embedded, included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device", such that it is an integral part of the Google, Samsung, or Apple smartphone or smartwatch devices.[Applied Phillipps Standard]

The above undisputed facts must be entered as evidence; but as evidence that is estoppel from re-litigation or challenges. Plaintiff relies on the above fact issues to support his claim of alleged patent infringement against Google, Samsung, and Apple.

Courts of law adjudicate contested factual claims with the use of a jury. Patent infringement claims are issues-of-facts to be tried by a jury [U.S. CONS'T, 7th Amend.].

## CONCLUSION

Twelve Judges, three from the District Courts and nine from the Federal Circuit, have determined infringement of Golden's patented CMDC devices occurs when a mobile, consumer, or cellular device in integrated with, or interconnected to, a CBRNE-H detection capability.

5

Therefore, when the Courts combined the findings at the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267:

"Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" … "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straight-forward manner."

with the PTAB's final decision in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, Entered: October 1, 2015, of the term "built-in, embedded":

"something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device".

it clearly creates and validates infringement liability for Google, Samsung, and Apple. Please help me get this combination before a jury.

<u>**VERIFICATION**</u>
**Pursuant to 28 U.S.C. § 1746**

I am over the age of 18, competent to testify that I did not personally write or draft the contents of this document; but having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements made in *Larry Golden v. Google LLC*; Case No. 22-1267 and in the *United States Department of Homeland Security v. Larry Golden* Case IPR2014-00714, are true, correct, and complete to the best of my understanding, knowledge, and belief, and my recommendation that the combination is presented to a jury, is made in good faith.

Executed and signed this _4th_ day of _february_ , 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for aforementioned described combination is presented to a jury.

s/ _Thomas B. Mayes Jr._

6