Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
DeMarcus B. T. Williams (State Bar No. 329756)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
26-831@cases.warrenllp.com

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LARRY GOLDEN,<br><br>   Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>   Defendant. | Case No. 3:26-cv-00831-LJC<br><br>**DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFF LARRY GOLDEN'S MOTION FOR STAY OF THE PROCEEDINGS TO GATHER WITNESS STATEMENTS** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

     A.     Mr. Golden's Prior Litigation Against Google . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     B.     Mr. Golden Files This Action in the Western District of Texas, Which Transfers It Here .1

     C.     Mr. Golden Files His Motion to Stay . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     I.     The Court Should Deny Mr. Golden's Motion to Stay . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

          A.     A Stay Would Damage Google and the Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

          B.     Mr. Golden Has Not Shown Sufficient Hardship to Justify a Stay . . . . . . . . . . . . 3

          C.     Judicial Economy Favors Denial of Mr. Golden's Proposed Stay . . . . . . . . . . . . 3

     II.    The Court Should Defer Briefing and Resolution of Any Further Motions By Mr. Golden Until His Claims Have Survived a Motion to Dismiss . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

# TABLE OF AUTHORITIES

*Cases*                 Pages

*Cellwitch, Inc. v. Tile, Inc.*,
    No. 19-1315, 2019 WL 5394848 (N.D. Cal. Oct. 22, 2019) .................. 4

*CMAX, Inc. v. Hall*,
    300 F.2d 265 (9th Cir. 1962) .................. 2, 3

*Coursen v. A.H. Robins Co.*,
    764 F. 2d 1329 (9th Cir. 1985) .................. 4

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*,
    498 F.3d 1059 (9th Cir. 2007) .................. 2

*Dietz v. Bouldin*,
    579 U.S. 40 (2016) .................. 4

*Edwards v. Oportun, Inc.*,
    193 F. Supp. 3d 1096 (N.D. Cal. June 14, 2016) .................. 4

*Golden v. Google LLC*,
    No. 22-5246, 2023 WL 5154513 (N.D. Cal. Aug. 10, 2023) .................. 1

*Golden v. Google LLC*,
    No. 22-5246, 2024 WL 1880336 (N.D. Cal. Apr. 3, 2024) .................. 1

*Golden v. Google LLC*,
    No. 24-2024, 2025 WL 1752485 (Fed. Cir. June 25, 2025) .................. 1

*Hamzeh v. Pharmavite LLC*,
    No. 24-472, 2025 WL 1883909 (N.D. Cal. July 8, 2025) .................. 2-4

*James v. Hunt*,
    761 F. App'x 975 (11th Cir. 2018) .................. 4

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) .................. 2-4

*Link v. Wabash R.R. Co.*,
    370 U.S. 626 (1962) .................. 4

*Lockyer v. Mirant Corp.*,
    398 F.3d 1098 (9th Cir. 2005) .................. 3

*Vance v. Google LLC*,
    No. 20-4696, 2021 WL 534363 (N.D. Cal. Feb 12, 2021) .................. 3

*Statutes and Rules*

Fed. R. Civ. P. 12 .................. 3

# TABLE OF AUTHORITIES
*(continued)*

*Statutes and Rules*                                                                                      Pages

Fed. R. Civ. P. 26 ............................................................. 2

*Other Proceedings*

*Golden v. Apple, Inc.*,
    No. 22-4152, Docket No. 15 (N.D. Cal. Sept. 8, 2022) ................................. 5

*Golden v. Google LLC*,
    No. 22-5246, Docket No. 1 (N.D. Cal. Sept. 14, 2022) ................................. 1

*Golden v. Google LLC*,
    No. 22-5246, Docket No. 42 (N.D. Cal. Aug. 23, 2023) ................................. 1

*Golden v. Google LLC*,
    No. 22-5246, Docket No. 57 (N.D. Cal. Dec. 5, 2023) .................................. 4

*Golden v. Intel Corp.*,
    No. 22-3828, Docket No. 18 (N.D. Cal. Sept. 1, 2022) ................................. 5

*Golden v. Intel Corp.*,
    No. 22-3828, Docket No. 27 (N.D. Cal. Nov. 8, 2022) .................................. 5

*Golden v. Qualcomm, Inc.*,
    No. 22-3283, Docket No. 22 (N.D. Cal. Aug. 1, 2022) .................................. 5

*Golden v. Qualcomm, Inc.*,
    No. 22-3283, Docket No. 34 (N.D. Cal. Aug. 23, 2022) ................................. 5

*Golden v. Samsung Elecs. Am., Inc.*,
    No. 23-48, Docket No. 20 (N.D. Cal. Feb. 28, 2023) ................................... 5

*Golden v. United States*,
    No. 23-811, Docket No. 9 (Fed. Cl. June 20, 2023) .................................... 5

– iii –                                                                         Case No. 3:26-cv-00831-LJC
DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR STAY

# INTRODUCTION

The Court should quickly deny Mr. Golden's pending motion for a stay. Although styled as seeking only a stay, this motion appears also to seek additional relief including at least postponement of Google's forthcoming motion to dismiss; early commencement of discovery in this action; phasing of that discovery; and even compelling further actions from Google including identification of expert witnesses and production of expert witness reports, long before a party could reasonably identify any expert witness and, since no discovery has occurred and the pleadings are not even set, even longer before any expert witness could ever prepare a report. The Court should deny the motion.

# BACKGROUND

**A.  Mr. Golden's Prior Litigation Against Google**

In September 2022, Mr. Golden filed suit claiming infringement by Google of U.S. Patent Nos. 10,163,287, 9,589,439, and 9,096,189. *Golden v. Google LLC*, No. 22-5246, Docket No. 1 (N.D. Cal. Sept. 14, 2022). This Court granted Google's first motion to dismiss with leave to amend. *Id.*, 2023 WL 5154513 (N.D. Cal. Aug. 10, 2023). Mr. Golden filed an Amended Complaint, adding an additional patent, U.S. Patent No. 10,984,619. *Id.,* Docket No. 42 (N.D. Cal. Aug. 23, 2023). On April 3, 2024, the Court again granted Google's motion to dismiss, finding no direct infringement. *Id.*, 2024 WL 1880336 (N.D. Cal. Apr. 3, 2024). The Court held that infringement of the patents-in-suit would require "the accused products be modified in some way." *Id.* at *1. In June 2025, the Federal Circuit affirmed this dismissal. *Golden v. Google LLC*, No. 24-2024, 2025 WL 1752485, at *3 (Fed. Cir. June 25, 2025).

**B.  Mr. Golden Files This Action in the Western District of Texas, Which Transfers It Here**

On September 18, 2025, Mr. Golden filed this action in the Western District of Texas. *Golden v. Google LLC*, No. 25-434 (W.D. Tex. Sept. 18, 2025). On December 10, Google moved to transfer to this Court. Docket No. 15. On December 23, Mr. Golden filed an amended complaint. Docket No. 18. On January 6, 2026, Google moved to dismiss. Docket No. 22. On January 22, the Western District of Texas held a hearing on Google's motion to transfer, and granted the motion from the bench. Docket Nos. 29, 30. During this hearing, the Court asked the parties about the districts' relative convenience for potential witnesses. Mr. Golden confirmed that he had no witnesses in the Western District of Texas. Ex. A at 15:17-20. The Court asked counsel for Google "how many Bay Area witnesses that you would

anticipate would need to testify of this matter to actually proceed to trial?" *Id.* at 14:11-14. Counsel for Google responded: "I don't know because I don't fully understand the plaintiff's allegations, but in a typical patent case, there would be three or four witnesses." *Id.* at 14:15-18.

### C. Mr. Golden Files His Motion to Stay

On February 5, Mr. Golden filed this motion. Docket No. 33. Although styled as a motion to stay, the motion seeks to bar Google from moving to dismiss; to open discovery before the time for doing so under Rule 26; to phase discovery to commence with identification of expert witnesses; and to compel Google's production of expert witness reports before fact discovery. *See generally* Mot. Mr. Golden's references to "witnesses" appear to arise from a misunderstanding of the hearing before the Western District of Texas, in which counsel for Google noted that "in a typical patent case, there would be three or four witnesses." Ex. A at 14:15-18. Mr. Golden treats this statement as a waiver of Google's right to move to dismiss, Mot. at 22, and as a rationale to support his motion for a stay. *Id.* at 31.

## ARGUMENT

### I. The Court Should Deny Mr. Golden's Motion to Stay

"A district court's 'power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Hamzeh v. Pharmavite LLC*, No. 24-472, 2025 WL 1883909, at *1 (N.D. Cal. July 8, 2025) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "To determine whether a *Landis* stay is warranted, courts consider: (1) 'the possible damage which may result from the granting of a stay,' (2) 'the hardship or inequity which a party may suffer in being required to go forward,' and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Hamzeh*, 2025 WL 1883909, at *1 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "The decision whether to grant a *Landis* stay is ultimately within the Court's discretion." *Hamzeh*, 2025 WL 1883909, at *1 (citing *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)).

#### A. A Stay Would Damage Google and the Court

The Court first considers "the possible damage which may result from the granting of a stay." *Hamzeh*, 2025 WL 1883909, at *1 (quoting *CMAX, Inc.*, 300 F.2d at 268). In this action, substantial

damage would result to Google and the Court. Mr. Golden's motion seeks to bar Google from filing its motion to dismiss, which it will otherwise do next week. *See* Docket No. 42. Granting Mr. Golden's motion will significantly prejudice Google by preventing it from responding under Rule 12, and by requiring Google to engage in discovery contrary to the Federal Rules. And granting Mr. Golden's requested stay would further harm the Court, by requiring it to supervise aspects of litigation that Google's motion to dismiss would obviate.

### B. Mr. Golden Has Not Shown Sufficient Hardship to Justify a Stay

The Court must consider "the hardship or inequity which a party may suffer in being required to go forward." *Hamzeh*, 2025 WL 1883909, at *1 (quoting *CMAX, Inc.*, 300 F.2d at 268). "'[I]f there is even a fair possibility that the stay for which [the requesting party] prays will work damage to [someone] else,' then the party seeking a stay 'must make out a clear case of hardship or inequity in being required to go forward.'" *Hamzeh*, 2025 WL 1883909, at *1 (alterations in original) (quoting *Landis*, 299 U.S. at 255). Mr. Golden has not attempted to make this "clear case" and cannot do so, because the only "hardship or inequity" he could face from this action proceeding is the litigation of this action—for which Mr. Golden, plaintiff here, volunteered. Even for a defendant, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 255). Certainly it cannot for a plaintiff.

### C. Judicial Economy Favors Denial of Mr. Golden's Proposed Stay

Under the third factor, the Court must consider whether a stay would promote "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Hamzeh*, 2025 WL 1883909, at *1 (quoting *CMAX, Inc.*, 300 F.2d at 268). This factor favors denial of Mr. Golden's motion. Should the Court deny Mr. Golden's motion and allow the normal process of litigation to proceed, Google will file its motion to dismiss the complaint. *See* Docket No. 42. That motion will clarify and simplify the issues before the Court and would, if granted, resolve this matter. "Judicial economy . . . is the primary basis courts consider when ruling on motions to stay." *Hamzeh*, 2025 WL 1883909, at *1 (quoting *Vance v. Google LLC*, No. 20-4696, 2021 WL 534363, at *6 (N.D. Cal. Feb. 12, 2021)). In these circumstances, should

the Court grant Mr. Golden's motion, it would upend the usual order of litigation and could prolong an action that Google's motion to dismiss would otherwise resolve—a recipe for judicial *in*efficiency. "And here, the possibility of further protracting this matter counsels against a stay." *Hamzeh*, 2025 WL 1883909, at *1 (citing *Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1101 (N.D. Cal. June 14, 2016)).

All three *Landis* factors thus counsel strongly against granting Mr. Golden's motion for a stay. The Court should exercise its discretion to deny the stay.

## II. The Court Should Defer Briefing and Resolution of Any Further Motions By Mr. Golden Until His Claims Have Survived a Motion to Dismiss

Google further respectfully requests that the Court defer briefing and resolution of any further motions by Mr. Golden until his claims have survived a motion to dismiss. The Supreme Court "has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–631 (1962)). "The timing of trials and control of the docket are matters left to the discretion of the district court." *Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1340 (9th Cir. 1985).

District courts routinely use this authority to structure what motions parties may file and when they may file them. *See, e.g.*, *Cellwitch, Inc. v. Tile, Inc.*, No. 19-1315, 2019 WL 5394848, at *1 (N.D. Cal. Oct. 22, 2019) ("The Court has discretion to stay discovery pending the resolution of dispositive motions, including motions to dismiss"). In *James v. Hunt*, the Eleventh Circuit held that a district court "did not abuse its discretion by staying the proceedings, filings, and discovery until ruling on the Defendants' pending motions for judgment on the pleadings and motions to dismiss," finding that the "court's decision to stay the proceedings and filings furthered the goals of controlling the case and saving the time and effort of the court, counsel, and the parties, as the Plaintiffs had filed a substantial amount of motions and other rulings, many of which were frivolous, within three months of the commencement of the lawsuit." 761 F. App'x 975, 981 (11th Cir. 2018). In Mr. Golden's previous action against Google, this District used this authority to bar Mr. Golden from filing motions until his complaint survived the pleading stage. *Golden v. Google LLC*, No. 22-5246, Docket No. 57 (N.D. Cal. Dec. 5, 2023).

This Court should do the same. Mr. Golden's pending motion is a needless waste of the Court's resources. Over the course of his litigation campaign, *see supra* § A, Mr. Golden has unsuccessfully filed other motions while his complaints remained in the pleading stage. *Golden v. Qualcomm, Inc.*, No. 22-3283, Docket No. 22 (N.D. Cal. Aug. 1, 2022) (motion for summary judgment filed before resolution of motion to dismiss); *id.*, Docket No. 34 (N.D. Cal Aug. 23, 2022) (motion for permanent injunction filed before resolution of motion to dismiss); *Golden v. Intel Corp.*, No. 22-3828, Docket No. 18 (N.D. Cal. Sept. 1, 2022) (motion for summary judgment filed before resolution of motion to dismiss); *Golden v. Apple, Inc.*, No. 22-4152, Docket No. 15 (N.D. Cal. Sept. 8, 2022) (motion for summary judgment filed before resolution of motion to dismiss); *Golden v. Intel Corp.*, No. 22-3828, Docket No. 27 (N.D. Cal. Nov. 8, 2022) (motion for permanent injunction filed before resolution of motion to dismiss); *Golden v. Samsung Elecs. Am., Inc.*, No. 23-48, Docket No. 20 (N.D. Cal. Feb. 28, 2023) (motion for summary judgment filed before resolution of motion to dismiss); *Golden v. United States*, No. 23-811, Docket No. 9 (Fed. Cl. June 20, 2023) (motion for summary judgment filed before resolution of motion to dismiss). In each of these cases, the Court not only denied Mr. Golden's early motions for summary judgment or permanent injunction or both, but also dismissed Mr. Golden's complaint and was affirmed by the Court of Appeals. This Court should avoid unnecessary waste of judicial resources by ordering that Mr. Golden may bring any further motions once his complaint has survived a motion to dismiss.

## CONCLUSION

Google respectfully requests that this Court deny Mr. Golden's motion for a stay, and order that Mr. Golden may bring any further motions once his complaint has survived a motion to dismiss.

Date: February 19, 2026

Respectfully submitted,

Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
DeMarcus B. T. Williams (State Bar No. 329756)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
26-831@cases.warrenllp.com

*Attorneys for Defendant Google LLC*