# EXHIBIT 6

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/065,837 | 03/31/2011 | Larry Golden | | 4787 |

96964        7590        07/18/2011

Larry Golden
522 Peach Grove Place
Mauldin, SC 29662

| EXAMINER |
|---|
| TRIEU, VAN THANH |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2612 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 07/18/2011 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| ***Office Action Summary*** | 13/065,837 | GOLDEN, LARRY |
| | **Examiner** | **Art Unit** |
| | VAN TRIEU | 2612 |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>31 March 2011</u>.

2a)☐ This action is **FINAL.**     2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-98</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1-98</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☒ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All   b)☐ Some * c)☐ None of:

        1.☐ Certified copies of the priority documents have been received.

        2.☐ Certified copies of the priority documents have been received in Application No. _____.

        3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☒ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date <u>3/31/11</u>.

4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application

6)☐ Other: _____ .

Application/Control Number: 13/065,837                                    Page 2
Art Unit: 2612

## *REISSUE  APPLICATIONS*

## Oath/Declaration

1.    The reissue oath/declaration filed with this application is defective because it fails to contain the statement required under 37 CFR 1.175(a)(1) as to applicant's belief that the original patent is wholly or partly inoperative or invalid.  See 37 CFR 1.175(a)(1) and see MPEP § 1414.

The declaration is defective for the following reasons:

    (a)    Must state applicant's country of citizenship.  See 35 USC 115 and 37 CFR 1.63(a)(2)

    (b)    Must state the person making the oath or declaration believes the named inventor to be the original and first inventor of the invention claimed.  see 37 CFR 1.63(a)(4)

    (C)    Must state person signing has reviewed and understands the contents of the specification including the claims, as amended by an amendment specifically referred to in the declaration. see 37 CFR 1.63(b)(2)

    (d)    Must state person signing acknowledges the duty to disclose to the office all information known to the person to be material to patentability as defined in 37 CFR 1.56.  see 37 CFR 1.63(b)(3)

Application/Control Number: 13/065,837                                      Page 3
Art Unit: 2612

2.      The reissue oath/declaration filed with this application is defective because it fails

to identify at least one error which is relied upon to support the reissue application.  See

37 CFR 1.175(a)(1) and MPEP § 1414.

        (e)      The declaration states the specification is defective.  However, there

appears to be no amendments to the specification (other than to add certificate of

correction info.) correcting any errors. All corrections appear to be with respect to the

claims.  Therefore, statement is improper.


3.      The reissue oath/declaration filed with this application is defective because the

error which is relied upon to support the reissue application is not an error upon which a

reissue can be based.  See 37 CFR 1.175(a)(1) and MPEP § 1414.

        (f)      Error identified in declaration that is being corrected is in relation to the

specification and not with respect to the claims.  See item (e) above.  Error appears to

be mostly narrative without actually pointing out an error that is being corrected.


4.      The reissue oath/declaration filed with this application is defective because none

of the errors which are relied upon to support the reissue application are errors upon

which a reissue can be based.  See 37 CFR 1.175(a)(1) and MPEP § 1414.

        (g)      The without deceptive intent statement is flawed and therefore improper.

One statement only refers to errors with respect to the specification.  The other

statement in the other declaration only refers to errors with respect to the claims.  Very

confusing.  The statement must state "all error being corrected in the reissue application

Application/Control Number: 13/065,837                                    Page 4
Art Unit: 2612

up to the time of the filing of the oath or declaration arose without deceptive intention on

the part of the applicant".  see MPEP 1414.


The reissue oath/declaration filed with this application is defective (see 37 CFR 1.175

and MPEP § 1414) because of the following:

5.      In accordance with 37 CFR 1.175(b)(1), a supplemental reissue oath/declaration

under 37 CFR 1.175(b)(1) must be received before this reissue application can be

allowed.

        Claims 1-98 are rejected as being based upon a defective reissue

oath/declaration under 35 U.S.C. 251. See 37 CFR 1.175. The nature of the defect is

set forth above.

        Receipt of an appropriate supplemental oath/declaration under 37 CFR

1.175(b)(1) will overcome this rejection under 35 U.S.C. 251. An example of acceptable

language to be used in the supplemental oath/declaration is as follows:

> "Every error in the patent which was corrected in the present reissue application, and is not covered by
> a prior oath/declaration submitted in this application, arose without any deceptive intention on the part
> of the applicant."

See MPEP § 1414.01.


### Specification and Claims

        The preliminary amendment to the claims filed 3/31/11 are improper under 37

CFR 1.173(b).  Any language added to the patent claims must be always shown as

underlined.  Any newly added claims (11-98) to the patent must always be shown as

Application/Control Number: 13/065,837                                          Page 5
Art Unit: 2612

underlined in their entirety.  Any language deleted from the patent claims must always

be shown in brackets.  There can be no strike through or double bracketing

### *Election/Restrictions*

6.      Restriction to one of the following inventions is required under 35 U.S.C. 121:

   I.      Claims 1-33 and 92-98, drawn to the "Vehicle's stall to stop or vehicle slow

          down system", classified in class 340, subclass 11 and 16.

   II.     Claims 34-91, drawn to the "multi-sensor detection system for monitoring

          products and for detecting explosive, nuclear, contraband, chemical,

          biological, and radiological agents and compounds so that terrorist

          activity", classified in class 340, subclass 521 and 522.


7.      Inventions I and II are related as combination and subcombination.  Inventions in

this relationship are distinct if it can be shown that (1) the combination as claimed does

not require the particulars of the subcombination as claimed for patentability, and (2)

that the subcombination has utility by itself or in other combinations (MPEP §

806.05(c)).  In the instant case, the combination as claimed does not require the

particulars of the subcombination as claimed because apparatus and methods for

preventing, protecting and escaping from detected terrorist activities.  The

subcombination has separate utility such as the vehicle stall to stop or vehicle slow

down functions.

Application/Control Number: 13/065,837                                Page 6
Art Unit: 2612

     The examiner has required restriction between combination and subcombination inventions. Where applicant elects a subcombination, and claims thereto are subsequently found allowable, any claim(s) depending from or otherwise requiring all the limitations of the allowable subcombination will be examined for patentability in accordance with 37 CFR 1.104. See MPEP § 821.04(a). Applicant is advised that if any claim presented in a continuation or divisional application is anticipated by, or includes all the limitations of, a claim that is allowable in the present application, such claim may be subject to provisional statutory and/or nonstatutory double patenting rejections over the claims of the instant application.

8.     Restriction for examination purposes as indicated is proper because all these inventions listed in this action are independent or distinct for the reasons given above and there would be a serious search and/or examination burden if restriction were not required because at least the following reason(s) apply:

     The confliction of classifications and searches..

     **Applicant is advised that the reply to this requirement to be complete <u>must</u> include (i) an election of a invention to be examined** even though the requirement may be traversed (37 CFR 1.143) **and (ii) identification of the claims encompassing the elected invention**.

     The election of an invention may be made with or without traverse. To reserve a right to petition, the election must be made with traverse. If the reply does not distinctly and specifically point out supposed errors in the restriction requirement, the election

Application/Control Number: 13/065,837                                    Page 7
Art Unit: 2612

shall be treated as an election without traverse. Traversal must be presented at the time

of election in order to be considered timely. Failure to timely traverse the requirement

will result in the loss of right to petition under 37 CFR 1.144. If claims are added after

the election, applicant must indicate which of these claims are readable upon the

elected invention.

Should applicant traverse on the ground that the inventions are not patentably

distinct, applicant should submit evidence or identify such evidence now of record

showing the inventions to be obvious variants or clearly admit on the record that this is

the case. In either instance, if the examiner finds one of the inventions unpatentable

over the prior art, the evidence or admission may be used in a rejection under 35 U.S.C.

103(a) of the other invention.

9.      Claims 11, 13, 15-21 and 34-76 provisionally rejected under 35 U.S.C. 101 as

claiming the same invention as that of claims 1-44 of copending Application No.

12/657,356.  This is a provisional double patenting rejection since the conflicting claims

have not in fact been patented.

### Conclusion

10.     The art rejections are not made at this time.  However, the art rejections will be

provided after all of the corrections listed above and the selection of restricted claims

are received by the U.S. Patent Office.

Application/Control Number: 13/065,837                                      Page 8
Art Unit: 2612

11.    Any inquiry concerning this communication or earlier communications from
examiner should be directed to primary examiner **Van Trieu** whose telephone number
is (571) 272-2972.  The examiner can normally be reached on Mon-Fri from 8:00 AM to
3:00 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, **Mr. Michael Razavi** can be reached on (571) 272-7664.

Information regarding the status of an application may be obtained from the
Patent Application Information Retrieval (PAIR) system. Status information for published
applications may be obtained from either Private PAIR or Public PAIR. Status
information for unpublished applications is available through Private PAIR only. For
more information about the PAIR system, see http://pair-direct.uspto.gov. Should you
have questions on access to the Private PAIR system, contact the Electronic Business
Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO
Customer Service Representative or access to the automated information system, call
800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/Van T. Trieu/

Primary Examiner, Art Unit 2612

Date:  07/08/2011