Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
DeMarcus B.T. Williams (State Bar No. 329756)
26-831@cases.warrenllp.com
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GOLDEN,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC<br><br>    Defendant. | Case No. 3:26-cv-00831-JD<br><br>**REPLY IN SUPPORT OF DEFENDANT GOOGLE LLC'S MOTION TO DISMISS** |

# **TABLE OF CONTENTS**

*Page*

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    The Court Should Dismiss Counts I, II, and VII of Plaintiff's Amended Complaint . . . . . . . . . . . 1

    A.    Res Judicata and the *Kessler* Doctrine Bars Counts I, II, and VII . . . . . . . . . . . . . . . . . . 1

    B.    Counts I, II, and VII Fail to State a Claim of Infringement . . . . . . . . . . . . . . . . . . . . . . . 2

II.    The Court Should Dismiss Counts III through VI of Plaintiff's Amended Complaint . . . . . . . . . .2

    A.    The '761, '898, and RE'891 Patents Claim Patent-Ineligible Subject Matter . . . . . . . . . . 2

        1.    The Court Can And Should Determine Patent Eligibility at This Stage . . . . . . . . .4

        2.    Third-Party Claims Cannot Save Plaintiff's Patents . . . . . . . . . . . . . . . . . . . . . . . .5

        3.    Novelty and Non-Obviousness Are Irrelevant to the 101 Analysis . . . . . . . . . . . 7

    B.    The Court Should Dismiss Count III of Plaintiff's Amended Complaint . . . . . . . . . . . . . .9

    C.    Counts IV Through VI Admit That Google Does Not Infringe . . . . . . . . . . . . . . . . . . . . 9

III.    The Court Should Deny Leave to Amend . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

REPLY IN SUPPORT OF MOTION TO DISMISS

## TABLE OF AUTHORITIES

*Cases*                                                                                          *Page*

*Aatrix Software, Inc. v. Green Shades Software, Inc.,*
    882 F.3d 1121 (Fed. Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Accenture Global Servs., GmbH v. Guidewire Software, Inc.,*
    728 F.3d 1336 (Fed. Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Agredano v. Cap. One, Nat'l Ass'n,*
    No. 18-6865, 2019 WL 1570249 (N.D. Cal. Apr. 11, 2019) . . . . . . . . . . . . . . . . . . . . . 9, 10

*AI Visualize, Inc. v. Nuance Commc'ns, Inc.,*
    97 F.4th 1371 (Fed. Cir. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Alice Corp. v. CLS Bank Int'l,*
    573 U.S. 208 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Allen v. United Fin. Mortg. Corp.,*
    No. 09-2507, 2010 WL 1135787 (N.D. Cal. Mar. 22, 2010) . . . . . . . . . . . . . . . . . . . . . . 1

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*In re Bilski,*
    545 F.3d at 958 (Fed. Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Bilski v. Kappos,*
    561 U.S. 593 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Bridgewater v. Hayes Valley Ltd. P'ship,*
    No. 10-3022, 2011 WL 635268 (N.D. Cal. Feb. 11, 2011) . . . . . . . . . . . . . . . . . . . . . . . 1

*Broam v. Bogan,*
    320 F.3d 1023 (9th Cir.2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Brunswick Corp. v. Volvo Penta of the Americas, LLC,*
    640 F. Supp. 3d 498 (E.D. Va. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*ChargePoint, Inc. v. SemaConnect, Inc.,*
    920 F.3d 759 (Fed. Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6-7

*Credit Acceptance Corp. v. Westlake Servs.,*
    859 F.3d 1044 (Fed. Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Cyberfone Sys., LLC v. CNN Interactive Grp., Inc.,*
    558 Fed. Appx. 988 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*CyberSource Corp. v. Retail Decisions, Inc.,*
    654 F.3d 1366 (Fed. Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

REPLY IN SUPPORT OF MOTION TO DISMISS

## TABLE OF AUTHORITIES
*(Continued)*

*Cases*             *Page*

*Diamond v. Diehr*,
    450 U.S. 175 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*DriverDo, LLC v. Soc. Auto Transp., Inc.*,
    787 F. Supp. 3d 153 (E.D. Va. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*,
    955 F.3d 1317 (Fed. Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Ferguson*,
    558 F.3d 1359 (Fed. Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Firsov v. Skyscanner, Inc.*,
    No. 25-3198, 2025 WL 1900328 (N.D. Cal. June 27, 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Gardner v. Martino*,
    563 F.3d 981 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Genetic Techs. Ltd. v. Merial L.L.C.*,
    818 F.3d 1369 (Fed. Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*GoDaddy.com LLC v. RPost Commc'ns Ltd.*,
    No. 14-126, 2016 WL 3165536 (D. Ariz. June 7, 2016),
    *aff'd* 685 F. App'x 992 (Fed. Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hewlett Packard Co. v. ServiceNow, Inc.*,
    No. 14-570, 2015 WL 1133244 (N.D. Cal. Mar. 10, 2015) . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Homsy v. Bank of Am., N.A.*,
    No. 13-1608, 2013 WL 2422781 (N.D.Cal. June 3, 2013) . . . . . . . . . . . . . . . . . . . . . . 2

*Lamoon, Inc. v. Lamour Nail Prods., Inc.*,
    373 F. App'x 795 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*LaVoult.com, LLC v. Meta Platforms, Inc.*,
    777 F. Supp. 3d 1072 (N.D. Cal. 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Lopez v. Smith*,
    203 F.3d 1122 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Microsoft Corp. v. I4I Ltd. P'ship*,
    564 U.S. 91(2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Monzon v. S. Wine & Spirits of California*,
    834 F. Supp. 2d 934 (N.D. Cal. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Moore v. Apple, Inc.*,
    73 F. Supp. 3d 1191 (N.D. Cal. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 8, 9

REPLY IN SUPPORT OF MOTION TO DISMISS

## TABLE OF AUTHORITIES
*(Continued)*

*Cases*                                                                 *Page*

*Nan Hui Chen v. Deutsche Bank Nat'l Tr. Co.*,
    No. 13-3352, 2014 WL 6668785 (N.D. Cal. Nov. 24, 2014),
    *aff'd* 713 F. App'x 579 (9th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Neptune Generics, LLC v. Eli Lilly & Co.*,
    921 F.3d 1372 (Fed. Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Protegrity USA, Inc. v. Netskope, Inc.*,
    No. 15-2515, 2015 WL 6126599 (N.D. Cal. Oct. 19, 2015) . . . . . . . . . . . . . . . . . . . . . . . 5

*Qureshi v. Countrywide Home Loans, Inc.*,
    No. 09-4198, 2010 WL 841669 (N.D.Cal. Mar. 10, 2010) . . . . . . . . . . . . . . . . . . . . . . . . 2

*Receivership Est. of AudienceScience Inc. v. Google LLC*,
    No. 22-4756, 2024 WL 1975473 (N.D. Cal. May 2, 2024) . . . . . . . . . . . . . . . . . . . . . . . 5

*RFC Lenders of Texas, LLC v. Smart Chem. Sols., LLC*,
    743 F. Supp. 3d 911 (W.D. Tex. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Swanson v. U.S. Forest Serv.*,
    87 F.3d 339 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Thales Visionix Inc. v. United States*,
    850 F.3d 1343 (Fed. Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Trinity Info Media, LLC v. Covalent, Inc.*,
    72 F.4th 1355 (Fed. Cir. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*US Pat. No. 7,679,637 LLC v. Google LLC*,
    713 F. Supp. 3d 1024 (W.D. Wash. 2024), *aff'd* 164 F.4th 1373 (Fed. Cir. 2026) . . . . . . . . . . . . . . . 6

*UTTO Inc. v. Metrotech Corp.*,
    119 F.4th 984 (Fed. Cir. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Va. Innovation Scis. Inc. v. Amazon.com, Inc.*,
    227 F. Supp. 3d 582 (E.D. Va. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*W. Digital Techs., Inc. v. Viasat, Inc.*,
    No. 22-4376, 2023 WL 7739816 (N.D. Cal. Nov. 15, 2023) . . . . . . . . . . . . . . . . . . . . . . . 4

*Statutes and Rules*

35 U.S.C. § 101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-8

35 U.S.C. § 112 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

35 U.S.C. § 102 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-8

35 U.S.C. § 103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-8

REPLY IN SUPPORT OF MOTION TO DISMISS

# TABLE OF AUTHORITIES
*(Continued)*

*Statutes and Rules*                                                                                          *Page*

35 U.S.C. § 271 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

35 U.S.C. § 282 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

35 U.S.C. § 311(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Cal. R. Ct. 3.300 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Other Authorities*

MPEP § 2106.06(b) (9th ed. Rev. 01, Nov. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

REPLY IN SUPPORT OF MOTION TO DISMISS

**INTRODUCTION**

Google's motion to dismiss established that plaintiff's amended complaint does not state a claim. In his response, plaintiff largely fails to respond to Google's arguments for dismissal of his amended complaint. Where plaintiff does address Google's arguments, he submits information that is incorrect, irrelevant, or both, or confirms that Google's points are correct. The Court should dismiss this action.

**ARGUMENT**

**I.    The Court Should Dismiss Counts I, II, and VII of Plaintiff's Amended Complaint**

    **A.    Res Judicata and the *Kessler* Doctrine Bars Counts I, II, and VII**

Google's motion to dismiss explained that the Court should dismiss Counts I, II, and VII of the amended complaint under res judicata and the *Kessler* doctrine. Mot. §§ I.A, I.B. Plaintiff largely ignores these arguments; where plaintiff does engage with Google's motion, his arguments support Google's motion. Plaintiff first argues that res judicata and the *Kessler* doctrine do not apply because the judge presiding over his previous case declined to find these two cases related. *See* Opp. at 3-4. In doing so, plaintiff cites Cal. R. Ct. 3.300, but "[t]hese rules apply only to California state court, not the federal court." *Id.* at 3; *Firsov v. Skyscanner, Inc.*, No. 25-3198, 2025 WL 1900328, at *2 (N.D. Cal. June 27, 2025). In any event, whether cases are related "is left to the discretion of the judge in the first-filed case," *Bridgewater v. Hayes Valley Ltd. P'ship*, No. 10-3022, 2011 WL 635268, at *8 (N.D. Cal. Feb. 11, 2011), and that discretionary decision cannot have any bearing on the legal question before this Court of whether Counts I, II, and VII are barred under res judicata and the *Kessler* doctrine. Next, plaintiff claims to have "outlined various means of direct infringement (i.e., direct infringement under 35 U.S.C. §§ 271(a) & 271(g); direct infringement under the doctrine of equivalents; and joint or divided (direct) infringement), that Plaintiff believes Google is liable for the misconduct alleged," but does not say where in his complaint he did so, instead reciting at length his prior history of litigation. Opp. at 5; *see also id.*. at 5-12. Whatever this shows, it does not show the elements of his claims. Finally, he recites 35 U.S.C. §§ 282(a) and 282(g), Opp. at 5, but "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to defeat a motion for dismissal." *Allen v. United Fin. Mortg. Corp.*, No. 09-2507, 2010 WL 1135787, at *5 (N.D. Cal. Mar. 22, 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court should dismiss Counts I, II, and VII.

**B.      Counts I, II, and VII Fail to State a Claim of Infringement**

Google's motion to dismiss explained that the Court should also dismiss Counts I and II for failure to state a claim of joint infringement (Mot. § I.C), and Count VII for failure to state a claim of infringement.  Mot. § I.D.  Plaintiff's only response to Google's explanations is to state that he has "plead 'enough fact[s] to raise a reasonable expectation that discovery will reveal that the defendant is liable for the misconduct alleged.'"  Opp. at 16 (alteration in original).  But plaintiff cites no facts to support this statement, just as he cites none in his complaint.  *See* Mot. §§ I.C, I.D.  Plaintiff's failure to address Google's arguments is fatal.  "Such a failure in an opposition brief constitutes abandonment of the claim." *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1205 (N.D. Cal. 2014) (citing *Qureshi v. Countrywide Home Loans, Inc.*, No. 09-4198, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010)).  "Moreover, where a plaintiff 'simply fails to address a particular claim in its opposition to a motion to dismiss that claim, courts generally dismiss it with prejudice.'" *Moore*, 73 F. Supp. 3d at 1205 (quoting *Hamsy v. Bank of Am., N.A.*, No. 13-1608, 2013 WL 2422781, at *5 (N.D.Cal. June 3, 2013)).  The Court should do so here.

**II.      The Court Should Dismiss Counts III through VI of Plaintiff's Amended Complaint**

**A.      The '761, '898, and RE'891 Patents Claim Patent-Ineligible Subject Matter**

Google's motion explained that the Court should dismiss Counts III through VI of the amended complaint because the asserted patents fail both steps of the *Alice* test and thus claim patent- ineligible subject matter.  Mot. § II.A.  The patents share largely common specifications and the claims substantially overlap.  Mot. § II.A.1.  Taking the most careful reading of what each recites, the '761, '898, and RE'891 patent claims fall into two categories:  "driving hazard claims" and "remote communication claims."  Mot. §§ II.A.2, II.A.3.  Both categories of claims are directed to abstract ideas, and fail to recite any inventive concept, and are accordingly ineligible under *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208 (2014).[1]  Mot. §§ II.A.2, II.A.3.

---

[1] Google's motion explained that claim 1 of the '898 patent is representative of the driving hazard claims, and that claim 1 of the '761 patent is representative of the remote communication claims.  *See* Mot. §§ II.A.2, II.A.3.  Plaintiff does not dispute this, and so the Court can and should treat them as representative for the purpose of determining patent eligibility under *Alice*.  *See LaVoult.com, LLC v. Meta Platforms, Inc.*, 777 F. Supp. 3d 1072, 1077 (N.D. Cal. 2025) (citing *AI Visualize, Inc. v. Nuance Commc'ns, Inc.*, 97 F.4th 1371, 1375 (Fed. Cir. 2024)).

Google's motion further explained in detail how the driving hazard claims and the remote communication claims fail both *Alice* steps.  Mot. §§ II.A.2, II.A.3.  The driving hazard claims recite a computer slowing or stopping a car if something more or less distressing happens, such as "a nuclear hazard" or "lane departure."  *Id.* at 12:11-18.  These claims are directed to the abstract idea of reacting to vehicular hazards, a fundamental human activity that has been performed manually, atop all manner of vehicles from bicycles to buggies, since the earliest civilizations.  *See id.* at 15:10-12.  The Federal Circuit has held that "automation of manual processes using generic computers does not constitute a patentable improvement in computer technology."  *Credit Acceptance Corp. v. Westlake Servs.*, 859 F.3d 1044, 1055 (Fed. Cir. 2017); *see* Mot. at 15:8-10.  The Federal Circuit has likewise held that performing human functions of "detecting" and "transmitting a signal" are abstract concepts that can be carried out by humans.  *RFC Lenders of Texas, LLC v. Smart Chem. Sols, LLC*, 743 F. Supp. 3d 911, 920-21 (W.D. Tex. 2024); *see* Mot. at 15:20-26.  The remote communication claims are directed to the concept of communicating over a network for device interaction, which the Federal Circuit has clearly and repeatedly held to be an abstract idea.  *See, e.g.*, *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 768-70 (Fed. Cir. 2019); *see also* Mot. at 19:4-5.  All of the claims in both categories are directed to the ideas themselves, use entirely results-focused language, and fail to provide any details on how those results are or even should be achieved.  *See* Mot. at 11:3-6; *see also id.* §§ II.A.2.ii, II.A.3.ii.  Google's motion further explained that both categories of claims lack any inventive concept, but disclose only "generalized software components arranged to implement an abstract concept on a computer."  *Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1345 (Fed. Cir. 2013); Mot. §§ II.A.2.ii, II.A.3.ii.  More specifically, the claims recite generic components with "processing instruction to" or else "adapted to" send or receive signals, without explaining how to achieve the claimed results.  Mot. §§ II.A.2.ii, II.A.3.ii.

Plaintiff's opposition does not engage with any of Google's arguments.  Plaintiff does not disagree with Google's recitation of the asserted claims or specifications, and does not offer any competing analysis of any claim.  Plaintiff has accordingly waived any argument that any claim asserted in this action survives any of the *Alice* factors.  *See Moore*, 73 F. Supp. 3d at 1205.  Instead of defending any claim of any patent asserted here, plaintiff makes two arguments:  that the Court cannot or should

REPLY IN SUPPORT OF MOTION TO DISMISS

not determine patent eligibility at the pleading stage, and that to answer this question the Court must consider evidence concerning non-infringement, invalidity or obviousness, or claim construction. These arguments cannot save the claims, which fail both *Alice* steps and are thus ineligible under Section 101.

### 1.    The Court Can And Should Determine Patent Eligibility at This Stage

"The Federal Circuit has repeatedly affirmed that patent eligibility under 35 U.S.C. § 101 may be properly determined at the motion to dismiss stage, 'before claim construction or significant discovery has commenced.'" *W. Digit. Techs., Inc. v. Viasat, Inc.*, No. 22-4376, 2023 WL 7739816, at *2 (N.D. Cal. Nov. 15, 2023) (quoting *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1361-62 (Fed. Cir. 2023)). Although plaintiff concedes that patent eligibility can be determined at the Rule 12(b)(6) stage (Opp. at 26), plaintiff argues that "[t]his is true only when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *Id.* (quoting *Aatrix Software, Inc. v. Green Shades Software, Inc.,* 882 F.3d 1121, 1125 (Fed. Cir. 2018)).[2] But plaintiff does not identify any allegation that, taken as true, has any bearing on the 101 analysis. Instead, plaintiff argues the need for discovery regarding the accused Waymo cars:

> Plaintiff believes *discovery* will inform the Court on whether the Google/Waymo Self-Drive Vehicle will stop or continue its route when approaching a truck carrying fuel that has just exploded [explosives hazard]; will stop or continue its route when the fuel from the exploded truck burst into a ball of fire [chemical hazard]; and, will inform the Court on whether the Google/Waymo Self-Drive Vehicle will stop or continue its route when approaching the remains of the driver of the truck and his/her work partner scattered over the highway [biological hazard].

Opp. at 20 (emphasis in original). Plaintiff does not explain why any facts about how an accused product works bear on the 101 analysis, and they do not. Neither step of the *Alice* analysis concerns any facts underlying alleged infringement. Even if Waymo systems functioned exactly as plaintiff wants them to, it would be irrelevant to the question of patentability. The question of whether the patent is patent eligible under *Alice* must be answered before a question of infringement, as "a 'plausible claim for relief in a patent infringement case necessarily requires a valid patent. [Without one,] there can be no infringement.'" *DriverDo, LLC v. Soc. Auto Transp., Inc.*, 787 F. Supp. 3d 153, 162 (E.D. Va. 2024)

---

[2] Plaintiff misquotes the *Aatrix* case, which does not say "subsidiary fact questions which must be resolved by a jury" (Opp. at 26), but that "[w]hile the ultimate determination of eligibility under § 101 is a question of law, like many legal questions, there can be subsidiary fact questions which must be resolved en route to the ultimate legal determination." *Aatrix Software, Inc.*, 882 F.3d at 1128. In any event, plaintiff identifies no subsidiary facts that are relevant to the 101 inquiry in this case.

(quoting *Va. Innovation Scis. Inc. v. Amazon.com, Inc.*, 227 F. Supp. 3d 582, 591 (E.D. Va. 2017)) (alterations in original) (granting dismissal of asserted claims under § 101).  Where, as here, plaintiff "do[es] not identify any factual allegations in the Complaint or the Patents-in-Suit that preclude resolution of a § 101 motion," a 12(b) motion under Section 101 "is not premature or otherwise precluded by factual disputes."  *Receivership Est. of AudienceScience Inc. v. Google LLC*, No. 22-4756, 2024 WL 1975473, at *3 (N.D. Cal. May 2, 2024).

Plaintiff also cites *UTTO Inc. v. Metrotech Corp.*, 119 F.4th 984 (Fed. Cir. 2024) stating it held "that the district court's analysis was inadequate on the motion to dismiss record and required additional claim construction proceedings to further consider the patent specification and the role, if any, for extrinsic evidence."  Opp. at 20.  But plaintiff does not identify any claim term he believes requires construction, or what construction he believes would impact the 101 analysis, or how.  Where, as here, "a patentee fails to 'explain which terms require construction or how the analysis would change' were those constructions adopted, the Court may rule on the validity challenge prior to construing claims." *Protegrity USA, Inc. v. Netskope, Inc.*, No. 15-2515, 2015 WL 6126599, at *3 (N.D. Cal. Oct. 19, 2015) (citing *Cyberfone Sys., LLC v. CNN Interactive Grp., Inc.*, 558 Fed. Appx. 988, 991 n.1 (Fed. Cir. 2014)) (finding asserted claims unpatentable under § 101).  Plaintiff has failed to provide any fact or reason why the Court cannot determine eligibility of the '761, '898, and RE'891 patents on this motion, and none exists; to the contrary, the specifications and claims establish why it should do so.

### 2.      Third-Party Claims Cannot Save Plaintiff's Patents

Plaintiff quotes from various sources for the proposition that patents integrating abstract ideas may nevertheless be patentable if they require "additional steps" such as a "mathematical equation" or "improvements to technology or computer functionality."  Opp. at 17-18 (quoting *Thales Visionix Inc. v. United States*, 850 F.3d 1343 (Fed. Cir. 2017) and MPEP § 2106.06(b) (9th ed. Rev. 01, Nov. 2024)). But plaintiff does not argue that any claim in any patent asserted in *this* case requires a "mathematical equation" or say what "additional steps" might render it eligible under those cases, because the claims recite none.  Instead, plaintiff directs the Court to other patents.  Plaintiff argues that his search for "driving hazards patent claims" returned 69 results, which means that "'driving hazards claims' are not abstract ideas as Defendant alleges," listing 10 Chinese patents. Opp. at 18-19.  Plaintiff does not

REPLY IN SUPPORT OF MOTION TO DISMISS

identify what, if any, claims in any of these patents he believes relate to any claims in his own patents, because they do not. And plaintiff does not say whether any of the patents resulting from his search have been unsuccessfully challenged under Section 101. But it does not matter: even if the Court could consider the claims of unrelated, third-party patents in performing its 101 analysis, which it cannot, foreign patents are governed by the issuing country's laws, not the U.S. patent statutes. The existence of other patents is "immaterial" as "[t]he focus of the § 101 is on the claim language" of the asserted patents. *US Pat. No. 7,679,637 LLC v. Google LLC*, 713 F. Supp. 3d 1024, 1039 n.7 (W.D. Wash. 2024), *aff'd* 164 F.4th 1373 (Fed. Cir. 2026).

Plaintiff also argues that Google should not argue that communicating over a network for device interaction is an abstract idea—notwithstanding the Federal Circuit's express finding that it is (*see* Mot. § II.A.3)—because Google previously petitioned for *inter partes* review of a patent concerning smartwatch authentication owned by Smartwatch Mobile Concepts, LLC. *See* Opp. at 21-22. Plaintiff devotes substantial attention to papers filed before the P.T.A.B. (*see id.* at 21-22), and to Google's expert declaration in that proceeding (Opp. Ex. E), concluding that Google's arguments regarding invalidity of the Smartwatch Mobile Concepts patent contradict its position that communicating over a network for device interaction is an abstract idea. *See* Opp. at 21-23. Plaintiff does not explain how the claims of any patent here relate to claims concerning smartwatches. But even assuming those claims were directed to "communication over a network" or somehow otherwise related to plaintiff's claims here, Google's I.P.R. does not, and indeed *cannot*, say anything about whether that patent relates to "non-abstract ideas" under Section 101. "Congress expressly limited the scope of inter partes review to a subset of grounds that can be raised under 35 U.S.C. §§ 102 & 103." *Neptune Generics, LLC v. Eli Lilly & Co.*, 921 F.3d 1372, 1378 (Fed. Cir. 2019) (citing 35 U.S.C. § 311(b)). Google's filing of an I.P.R. is thus irrelevant to the question of eligibility of the Smartwatch Mobile Concepts patent under Section 101, and doubly irrelevant to the question of eligibility of the patents at issue here.[3]

---

[3] Plaintiff spends two pages in his opposition detailing how he believes Google Android devices communicate over the "Google Android Network." Opp. at 24-25. Plaintiff does not accuse Google Android devices of infringing any claim of the '761, '898, and RE'891 patents, and does not explain what about Android is relevant to this motion. In any event, the Federal Circuit has expressly held that claims "directed to the abstract idea of communicating over a network for device interaction" are

Absent some authority finding them eligible under *Alice*, the Court need not, and indeed cannot, consider whether any third-party patent would survive Section 101, if challenged. *See Monzon v. S. Wine & Spirits of California*, 834 F. Supp. 2d 934, 941 (N.D. Cal. 2011) (citing *Broam v. Bogan*, 320 F.3d 1023, 1026 (9th Cir. 2003)) (the Court may not "look beyond the complaint and consider new facts alleged in a plaintiff's opposition to a defendant's motion to dismiss.").

### 3.    Novelty and Non-Obviousness Are Irrelevant to the 101 Analysis

Plaintiff next argues that "[t]he § 101 patent-eligibility inquiry is only a threshold test," and that "35 U.S.C. 101 is not the sole tool for determining patentability; 35 U.S.C. 112, 35 U.S.C. 102, and 35 U.S.C. 103 will provide additional tools for ensuring that the claim meets the conditions for patentability." Opp. at 16 (citing *Bilski v. Kappos*, 561 U.S. 593, 602 (2010)).[4]  The parties appear to agree that invalidity under Sections 102 and 103 are independent of the Section 101 analysis, and further agree that Section 101 is a threshold test of patentability.  But plaintiff misunderstands the meaning of a "threshold test":  as the Federal Circuit explains, "[w]hether a claim is drawn to patent-eligible subject matter under § 101 is a threshold inquiry, and any claim of an application failing the requirements of § 101 must be rejected **even if it meets all of the other legal requirements of patentability**.'" *In re Ferguson*, 558 F.3d 1359, 1362-63 (Fed. Cir. 2009) (quoting *In re Bilski*, 545 F.3d 943, 950 (Fed. Cir. 2008) (emphasis added).  Thus plaintiff's argument and citations support Google's position:  the Court can and indeed should determine patent eligibility, or lack thereof, before hearing arguments concerning any other requirements under the patent statutes, which are not the subject of this motion.

Plaintiff makes additional arguments concerning the question of novelty, but these arguments cannot save the patents from Google's motion, because novelty does not affect eligibility.  First, regarding the driving hazard claims, plaintiff argues that "Defendant is attempting to also invalidate Plaintiff's patents because Defendant believe[s] Plaintiff's patents are patent-ineligible subject matter.  In other words, Defendant believes there's nothing 'new' or 'novel' about Plaintiff's invention(s)."  Opp. at 19.  This is incorrect.  Google's motion does not concern whether any claim is novel or non-obvious, but

---

unpatentable. *ChargePoint*, 920 F.3d at 773.  To the extent Plaintiff's arguments are directed to infringement, they are irrelevant.  *See* § II.A.1.

[4] Plaintiff cites *Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91 (2011) for the proposition "that a party challenging the validity of a patent must present 'clear and convincing' evidence of invalidity." Opp. at 17.  But Google's motion concerns patent ineligibility, not invalidity.

whether they are directed to eligible subject matter. Even novel claims on abstract ideas are unpatentable under § 101. *E.g.*, *Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369, 1379-80 (Fed. Cir. 2016). "[W]hether a claimed process is novel or non-obvious is irrelevant to the § 101 analysis," as "such considerations are governed by 35 U.S.C. § 102 (novelty) and § 103 (non-obviousness)." *In re Bilski*, 545 F.3d at 958.

Next, plaintiff argues that Google must "produce evidence that the first horse-drawn carriages have a pre-programmed stall, stop, vehicle slow-down systems" or that "infants to elders [humans] performing the same functions as plaintiff's patented invention and Google/ Waymo's Self-Drive Vehicles." Opp. at 19-21. Plaintiff's "argument misses the point, directing itself to novelty and obviousness rather than the patentability of the subject matter." *Hewlett Packard Co. v. ServiceNow, Inc.*, No. 14-570, 2015 WL 1133244, at *10 (N.D. Cal. Mar. 10, 2015) (citing *Diamond v. Diehr*, 450 U.S. 175, 189-91 (1981)). Humans are, *themselves*, "pre-programmed" to react to hazards and signal their distress, no matter what type of vehicle they happen to be operating. Detecting and avoiding hazards and communicating distress are "pervasive in human activity" and "'can be performed in the human mind, or by a human using a pen and paper,'" rendering them ineligible abstract ideas. *Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*, 955 F.3d 1317, 1327 (Fed. Cir. 2020) (quoting *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1372 (Fed. Cir. 2011)). Reciting a vehicle that is "pre-programmed" to perform these human functions does not alter the analysis. A "component that 'can be configured' to perform a claimed function—without more—is neither sufficiently described nor sufficiently innovative to transform an abstract idea into patent-eligible subject matter." *GoDaddy.com LLC v. RPost Commc'ns Ltd.*, No. 14-126, 2016 WL 3165536, at *21 (D. Ariz. June 7, 2016), *aff'd* 685 F. App'x 992 (Fed. Cir. 2017); *see also* Mot. at 15:8 to 16:15 (citing *Hewlett Packard*, 2015 WL 1133244, at *10; *Brunswick Corp. v. Volvo Penta of the Americas, LLC*, 640 F. Supp. 3d 498, 513 (E.D. Va. 2022)). Plaintiff does not respond to Google's argument that the '898 patent claims a vehicle that can be "driverless" *or "a human controlled vehicle*," further confirming their abstract nature. Mot. at 16:13-15. "Such a failure in an opposition brief constitutes abandonment of the claim." *Moore*, 73 F. Supp. 3d at 1205. Although a self-driving car by itself "might be novel and—its implementation, at //

least—non-obvious," courts recognize that "that doesn't make the concept of a self-driving car any less abstract." *Hewlett Packard,* 2015 WL 1133244, at *10.

Plaintiff's failure to respond to any of Google's arguments concerning the *Alice* factors "constitutes abandonment of the claim[s]." *Moore*, 73 F. Supp. 3d at 1205. As set forth in Google's motion, the '761, '898, and RE'891 patents are directed to abstract ideas, and lack any inventive concept to overcome *Alice* step two. The Court should grant Google's motion to dismiss Counts III through IV.

**B.     The Court Should Dismiss Count III of Plaintiff's Amended Complaint**

Google's motion to dismiss explained that Count III "fails to allege joint infringement for the same reasons as Claims I and II," and further "fails to allege direct infringement" by admitting that Google does not infringe. Mot. § II.C. Mr. Golden's attempts to rescue his joint infringement claims fail for the same reasons as Counts I and II, *see supra* § I.B, and his opposition does not address Google's other arguments against Count III at all. The Court should dismiss this claim. *Moore*, 73 F. Supp. 3d at 1205; *see supra.*

**C.     Counts IV Through VI Admit That Google Does Not Infringe**

As Google detailed in its motion to dismiss, the amended complaint admits that Counts IV through VI accuse non-party Waymo LLC of infringement, and thus can not stand against defendant Google LLC. Mot. § II.B. Mr. Golden does not address or even mention this point. "[W]here a plaintiff 'simply fails to address a particular claim in its opposition to a motion to dismiss that claim, courts generally dismiss it with prejudice.'" *Moore*, 73 F. Supp. 3d at 1205. The Court should do so here.

**III.     The Court Should Deny Leave to Amend**

The Court has "sound discretion to grant or deny leave to amend" plaintiff's amended complaint. *Nan Hui Chen v. Deutsche Bank Nat'l Tr. Co.*, No. 13-3352, 2014 WL 6668785, at *3 (N.D. Cal. Nov. 24, 2014), *aff'd* 713 F. App'x 579 (9th Cir. 2018) (citing *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996)). As Google explained in its motion, the Court should exercise its discretion to deny leave to amend here. Mot. § III. Plaintiff did not respond to Google's arguments or provide any justification for amendment, instead asking only to "amend the complaint in view of any deficiencies in Plaintiff's pleadings identified by the court." Opp. at 26; *see also id.* at 16. "A *pro se* litigant should be given leave to amend his complaint unless it is absolutely clear that no amendment could cure the

– 9 –                               Case No. 3:26-cv-00831-JD

deficiencies of the complaint." *Agredano v. Cap. One, Nat'l Ass'n*, No. 18-6865, 2019 WL 1570249, at *3 (N.D. Cal. Apr. 11, 2019) (citing *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc)). "A district court does not err in denying leave to amend where the amendment would be futile." *Lamoon, Inc. v. Lamour Nail Prods., Inc.*, 373 F. App'x 795, 797 (9th Cir. 2010) (quoting *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009)).  That is so here:  all seven counts of plaintiff's amended complaint "have underlying legal deficiencies that cannot be cured" and "amendment would be futile." *Lamoon*, 373 F. App'x at 797.  The Court should deny further leave to amend.

### CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court dismiss this action, and deny plaintiff further leave to amend the amended complaint.

Date:  March 20, 2026

Respectfully submitted,

Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
DeMarcus B.T. Williams (State Bar No. 329756)
26-831@cases.warrenllp.com
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendant Google LLC*