Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
DeMarcus B.T. Williams (State Bar No. 329756)
26-831@cases.warrenllp.com
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GOLDEN,<br><br>　　Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 3:26-cv-00831-JD

**CASE MANAGEMENT STATEMENT
OF DEFENDANT GOOGLE LLC**

Date: April 30, 2026
Time: 11:00 a.m.
Place: Courtroom 11
Judge: Hon. James J. Donato

Under Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1(b), the Standing Order for All Judges of the Northern District of California for Contents of Joint Case Management Statement, and this Court's Case Management Scheduling Order of February 20, 2026, Google LLC ("Google") submits this Case Management Statement.

Under the Standing Order For Civil Cases Before Judge James Donato, in a good faith effort to file a joint case management statement, Google prepared a draft joint statement and shared it with plaintiff Larry Golden. Mr. Golden did not respond to Google's draft.

**I.    Jurisdiction and Service**

This action arises under 35 U.S.C. § 271. On September 18, 2025, Mr. Golden served defendant Google. This Court has subject matter and personal jurisdiction.

//

//

//

## II.   Facts

### A.   Brief Chronology

On September 18, 2025, Mr. Golden filed this action in the Western District of Texas, claiming infringement of U.S. Patent Nos. 8,334,761 ("'761 patent"); 10,163,287 ("'287 patent"); 10,984,619 ("'619 patent"); 11,645,898 ("'898 patent"); and RE43,891 ("'891 patent"). Compl. at 1. On December 1, 2025, Google moved to dismiss the complaint. Docket No. 13. On December 10, 2025, Google moved to transfer to this Court. Docket No. 15. On December 23, 2025, Mr. Golden filed an amended complaint. Docket No. 18. On January 6, 2026, Google moved to dismiss the amended complaint. Docket No. 22. On January 22, 2026, the Western District of Texas granted Google's motion to transfer. Docket No. 30. On February 5, 2026, Mr. Golden filed a motion to stay. Docket No. 33. On February 27, 2026, Google moved to dismiss Mr. Golden's amended complaint. Docket No. 54.

### B.   Principal Factual Issues in Dispute

Google is aware of the following principal factual issues in dispute:

1. Whether the asserted claims are valid are enforceable;

2. Whether Google has infringed asserted claims of the patents-in-suit;

3. The appropriate damages for any infringement; and

4. Whether any other forms of relief are due to any party.

## III.   Legal Issues

Google is aware of the following principal legal issues in dispute:

1. The proper construction of any disputed claim terms;

2. Whether this case is exceptional under 35 U.S.C. § 285;

3. Whether any party is entitled to attorneys' fees and costs under 35 U.S.C. § 285; and

4. Whether any other forms of relief are due to any party.

## IV.   Motions

### A.   Prior Motions

On October 8, 2025, Google moved for an extension to respond to Mr. Golden's complaint and "an order deferring briefing and resolution of further motions by Mr. Golden until his claims have survived a motion to dismiss." Docket No. 5 at 1. On October 11, 2025, the Western District of Texas

CASE MANAGEMENT STATEMENT OF DEFENDANT GOOGLE LLC

extended Google's deadline to respond to Mr. Golden's complaint to December 1, 2025, and denied the other relief "with leave to seek anew after Google responds."

On October 14, 2025, Mr. Golden moved for partial summary judgment. Docket No. 10. On October 21, 2025, the Western District of Texas denied this motion. Docket No. 12.

On December 1, 2025, Google moved to dismiss Mr. Golden's complaint. Docket No. 13. On December 23, 2025, Mr. Golden amended his complaint, and the Western District of Texas entered an order noting the mootness of this motion in light of this amended complaint.

On December 8, 2025, Mr. Golden moved for permanent injunctive relief. Docket No. 14. On January 22, 2026, the Western District of Texas denied this motion with leave to refile in this Court. Docket No. 30.

On December 10, 2025, Google moved to transfer this action from the Western District of Texas to this Court. Docket No. 15. On January 22, 2026, the Western District of Texas granted this motion. Docket No. 30.

On January 6, 2026, Google moved to dismiss Mr. Golden's amended complaint. Docket No. 22. On January 22, 2026, the Western District of Texas denied this motion with leave to refile in this Court. Docket No. 30.

On February 6, 2026, Google filed an administrative motion to consider whether this action is related to *Golden v. Google LLC*, No. 3:22-cv-05246-RFL (N.D. Cal. Sept. 14, 2022). Docket No. 39. On February 18, 2026, the Court found these cases not related. Docket No. 46.

On February 6, 2026, Google filed an administrative motion for a scheduling order setting a deadline of February 27, 2026, for Google's motion to dismiss. Docket No. 38. On February 11, 2026, the Court granted this motion. Docket No. 42.

**B.     Pending Motions**

On February 5, 2026, Mr. Golden moved to stay. Docket No. 33.

On February 27, 2026, Google moved to dismiss the amended complaint. Docket No. 54.

**C.     Anticipated Motions**

Google cannot predict its future motions with certainty, but anticipates seeking a protective order governing confidentiality in this action, and other dispositive and non-dispositive motions.

## V.   Amendment of Pleadings

Google has moved to dismiss the amended complaint.  Docket No. 54; *see supra* § IV.B.  Mr. Golden has sought leave to amend if the Court grants Google's motion.  Docket No. 56 at 26.

## VI.   Evidence Preservation

Google has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and discussed the obligation to preserve evidence with Mr. Golden.

## VII.   Disclosures

Google served today its initial disclosures under Fed. R. Civ. P. 26(a)(1).

## VIII.   Discovery

No party has taken discovery.  Google anticipates that the scope of discovery will address the disputed legal and factual issues set forth above.  Google proposes to proceed with discovery in accordance with the limitations of the Federal Rules of Civil Procedure and this Court's Local Rules.

## IX.   Class Action

This is not a class action.

## X.   Related Cases

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

## XI.   Relief

The amended complaint requests that this Court grant the following relief:  (1) "A judgement in favor of Golden that the defendant has infringed under 35 U.S.C. § 271(g) infringed claims of the '898 Patent, '619 Patent, the '287 Patent, the '891 Patent, and the '761 Patent as aforesaid;" (2) "A permanent injunction enjoining the defendant, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, and all others acting in active concert or privity therewith from joint and/or direct infringement of the '898, '619, '287, '891, '761 patents as aforesaid pursuant to 35 U.S.C. § 283;" (3) "A judgment and order requiring the defendant to pay Golden its damages with pre- and post-judgment interest thereon pursuant to 35 U.S.C. § 284;" (4) enjoinment of Google's infringement of the '898, '619, '287, '891, and '761 patents" and (5) "Any and all further relief to which the Court may deem Golden entitled."  Docket No. 18 at 38-39.

Google has moved to dismiss the amended complaint without leave to amend.  Docket No. 54.

**XII.   Settlement and Alternative Dispute Resolution**

On April 9, 2026, Google filed its ADR Certification by Parties and Counsel.  Docket No. 60. Google respectfully submits that settlement discussions are more likely to be productive after the Court rules on the pending motions.

**XIII.   Other References**

This action is not suitable for reference to binding arbitration, a special master, or Judicial Panel on Multidistrict Litigation.

**XIV.   Narrowing of Issues**

This Court's ruling on the motions before it, as well as fact discovery and claim construction, will likely narrow the issues in this case.

**XV.   Scheduling**

Given the dispositive nature of Google's motion to dismiss, and the possibility that its resolution will moot the parties' performance of their obligations under the Patent Local Rules, Google respectfully requests that the Court reset the deadlines for disclosures under Patent Local Rules 3-1 and 3-2 for at least four weeks after the Court rules on Google's motion to dismiss, and reset the deadlines for disclosure under Patent Local Rules 3-3 and 3-4 for 45 days after the disclosures under Patent Local Rule 3-1 and 3-2, following the default schedule of the Patent Local Rules.

**XVI.   Trial**

This case will try to a jury.  Google anticipates a trial length of no more than five days, including jury selection.

**XVII.   Disclosure of Non-Party Interested Entities**

Mr. Golden has no non-party interested entities in this litigation.

On February 10, 2026, Google filed its certificate of interested entities under Fed. R. Civ. P. 7.1 and Civ. L.R. 3-15.  Docket No. 40.  Under Fed. R. Civ. P. 7.1, Google disclosed that Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company, and that no publicly traded company owns more than 10% of Alphabet Inc.'s stock.

//

Under Civ. L.R. 3-15, Google certified that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Google LLC

XXVI Holdings Inc., Holding Company of Google LLC

Alphabet Inc., Holding Company of XXVI Holdings Inc.

## XVIII. Professional Conduct

Google has reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XIX. Other Matters that Facilitate Just, Speedy, or Inexpensive Disposition

Ruling on the pending motions will facilitate the just, speedy and inexpensive disposition of this matter.

## XX. Proposed Modifications to Patent Local Rules (Patent L.R. 2-1(b)(1))

For the reasons Google has explained above, *see supra* § XV, Google respectfully requests that the Court reset the deadlines for disclosures under Patent Local Rules 3-1, 3-2 for at least four weeks after the Court rules on Google's motion to dismiss, and reset the deadlines for disclosure under Patent Local Rules 3-3 and 3-4 for 45 days after the disclosures under Patent Local Rule 3-1 and 3-2, following the default schedule of the Patent Local Rules.

## XXI. Scope and Timing of Claim Construction Discovery (Patent L.R. 2-1(b)(2))

Google proposes to proceed with claim construction discovery under the Patent Local Rules.

## XXII. Proposed Format of Claim Construction Hearing (Patent L.R. 2-1(b)(3))

Google requests a hearing before the Court on any claim terms in dispute.

## XXIII. How Parties Intend to Educate the Court on Technology (Patent L.R. 2-1(b)(4))

Google proposes to provide a technology tutorial in the form preferred by the Court.

## XXIV. Non-binding, Good-Faith Estimate of Damages Range (Patent L.R. 2-1(b)(5))

Mr. Golden claims total damages of $500 billion.  Docket No. 27 at 25.

CASE MANAGEMENT STATEMENT OF DEFENDANT GOOGLE LLC

Google believes that Mr. Golden's amended complaint fails to state a claim, for at least those reasons described in Google's motion to dismiss.  Further, Google does not infringe the asserted patents, and the patents are invalid and unenforceable, and thus a damages award would be inappropriate.

Date:  April 23, 2026

Respectfully submitted,

Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
DeMarcus B.T. Williams (State Bar No. 329756)
26-831@cases.warrenllp.com
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendant Google LLC*

### CERTIFICATE OF SERVICE

I, DeMarcus B. T. Williams, declare under 28 U.S.C. § 1746:

I am an attorney at Warren LLP and admitted to practice before this Court and the State of California.  My business address is 2261 Market Street, No. 606, San Francisco, California, 94114. On April 23, 2026, I served the foregoing Case Management Statement of Defendant Google LLC on plaintiff Larry Golden by First Class Mail at the following address:

Larry Golden
740 Woodruff Road, No. 1102
Greenville, South Carolina, 29607

by placing it in a sealed envelope with postage paid and placing the envelope in the exclusive custody of the United States Postal Service.  On the same day, I also sent a courtesy copy of this document by electronic mail to Mr. Golden at atpg-tech@charter.net.

I certify under penalty of perjury that the foregoing is true and correct.  Executed on April 23, 2026, at San Francisco, California.

DeMarcus B. T. Williams

CASE MANAGEMENT STATEMENT OF DEFENDANT GOOGLE LLC