# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

Phone (864) 992-7104

Email: atpg-tech@charter.net

**FILED**

**MAY 05 2026**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

LARRY GOLDEN,

      Plaintiff,

      v.

GOOGLE LLC

      Defendants.

---

**Civil Case No: <u>3:2026cv00831-JD</u>**

**JURY TRIAL DEMANDED**

May 04, 2026

## PLAINTIFF'S MOTION TO TRANSFER CASE

Plaintiff is on the record as saying in *Golden v. Google, LLC*, WDOT Case No. 6:25-cv-00434-LS: Plaintiff decided to file the case in the U.S. District Court for the Western District of Texas-Waco Division because the U.S. District Court for the Northern District of California took pride in repeatedly depriving Plaintiff of his guaranteed constitutional right to a trial by jury on patent infringement claims that are issues-of-facts. [U.S. CONS'T. 7th Amend.]

Pursuant to the Seventh Amendment of the United States Constitution Plaintiff has the guaranteed right to a jury trial on issues-of-facts. Patent

infringement claims are issues-of-facts to be tried by a jury under the Seventh Amendment Clause of the United States Constitution. [U.S. CONS'T. 7th Amend.]

Beginning in the year 2008 and beyond, Google performed work under an implied authorization and consent for Government in the DHS S&T BAA07-10 *Cell-All Ubiquitous Biological and Chemical Sensing* initiative to avoid liability for allegedly infringing Plaintiff's patents; up and until the *Zoltek V* decision of 2012. In that decision the Supreme Court closed the loophole and ruled a third-party contractor can no longer protect themselves, nor the Government from infringement liability, by simply producing, manufacturing, or assembling at least one part of a patented process abroad.

In 2014, the United States Department of Homeland Security (DHS) and the United States Department of Justice (DOJ); "persons" not authorized to petition to have patents invalidated; in *Golden v. US* CFC 13-307C the DHS and DOJ petitioned the United States Patent Trials and Appeals Board (PTAB), on behalf of its third-party contractors (i.e., Google) to invalidate certain patent claims of Plaintiff's patents. Google waved their right to intervene to protect their interest.

In the PTAB's "Final Written Decision" (Oct. 1, 2015), the PTAB court construed the claim term "built-in, embedded" as "something [that] is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device". This construction aligns with Plaintiff's patent specifications written description of "in, on, upon, or adjacent" the monitoring device.

In 2022, on appeal to the U.S. Court of Appeals for the Federal Circuit in *Larry Golden v. Google LLC* Case No. 22-1267, the Federal Circuit concluded: "In the Google case, the district court again concluded that Mr. Golden's complaint was frivolous. Here, however, Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google [Pixel 5] Smartphone, to

2

independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to" … "[i]t attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straightforward manner. We conclude that the district court's decision in the Google case is not correct with respect to at least the three claims mapped out in the claim chart. Mr. Golden has made efforts to identify exactly how the accused products meet the limitations of his claims in this chart." The Federal Circuit determined Plaintiff have "identif[ied] exactly how the accused products meet the limitations of his claims …" to prove direct infringement.

In 2024, the U.S. District Court for the Northern District of California, in *Golden v. Google, LLC* Case No. 22-5246 construed the term "modification". The Courts determined that with "modification"; infringement of Plaintiff's communicating, monitoring, detecting, and controlling (CMDC) device occurs when there's a mobile, consumer, or cellular device that is integrated with, or interconnected to, a CBRNE-H detection capability. Nine Federal Circuit judges have confirmed this infringement theory.

In 2026, in the current case *Golden v. Google LLC* Case No. 26-0831, Plaintiff requested a jury trial to decide if it was Google who modified the "cell phone" under the DHS S&T BAA07-10 *Cell-All Ubiquitous Biological and Chemical Sensing* initiative; and if the modification was made abroad before Google shipped or imported the "modified" cell phone into the United States.

Therefore, a jury trial is the Courts only next step. There's nothing else to argue or dispute before trial. Two venues have weighed in on construction, the PTAB court and the NDC court; and, the Circuit have issued a preview of direct

3

infringement liability. Google have not disputed or offered any type of affirmative defense to the above issues-of-facts; to be tried by a jury. This Court failed to:

1. schedule a trial date for at least the allegations made by Plaintiff under 35 U.S. Code § 271(g), that Google allegedly produced, manufactured, and/or assembled Plaintiff's patented process abroad, and infringe Plaintiff's patented invention for a "modified" cell phone, when the device was shipped or imported into the United States.

2. failed to compel Google to produce evidence showing Google is not producing, manufacturing, and/or assembling Plaintiff's patented process abroad [35 U.S. Code § 271(g)]; and, if so, produce evidence showing Google is not shipping or importing the "modified" cell phones that allegedly infringes Plaintiff's patented inventions into the United States.

3. failed to compel Google to produce the fact and/or expert witnesses Google stated on the record as having to testify Google is not producing, manufacturing, and/or assembling Plaintiff's patented process abroad [35 U.S. Code § 271(g)]; and, if so, produce evidence showing Google is not shipping or importing the "modified" cell phones that allegedly infringes Plaintiff's patented inventions into the United States.

Plaintiff's believes Justice will be better served if this case is transferred back to the United States District Court for the Western District of Texas-Waco Division in the case of *Golden v. Google, LLC*, WDOT Case No. 6:25-cv-00434-LS.

**GOOGLE CLAIMED WITNESSES IN ITS MOTION TO TRANSFER**
**Under the "Interest of Justice" Provision; Google Demanded a Transfer**

Google is quoted as saying in its Motion to Transfer this case from the Western District of Texas: "Although the Court should also transfer this action based on the public and private interest factors set forth below, it may exercise its "broad

discretion in deciding whether to order a transfer" solely on this ground to ensure the "interest of justice." *Volkswagen of Am.*, 545 F.3d at 311, 313. "The 'interest of justice' of this provision is 'a term broad enough to cover the particular circumstances of each case, which in sum indicate the administration of justice will be advanced by transfer.'" *S. California*, 413 F. Supp. at 564 (quoting *Schneider v. Sears*, 265 F. Supp. 257, 263 (S.D.N.Y. 1967)). "Consideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and *witnesses* might call for a different result.'" *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220-21 (7th Cir. 1986)). The interest of justice suffices to transfer this case. [*Golden v. Google, LLC*, WDOT Case No. 6:25-cv-00434-LS Dkt. 15; Filed 12/10/25]

**Under the "Private Interest Factors"; Google Demanded a Transfer**

Google is quoted as saying in its Motion to Transfer this case from the Western District of Texas: "If the destination venue would have been a proper venue, then '[t]he determination of "convenience" turns on a number of public and private interest factors, none of which can be said to be of dispositive weight.'" *Proven Networks, LLC v. NetApp, Inc.*, No. 20-369, 2021 WL 4875404, at *1 (W.D. Tex. Oct. 19, 2021) (alteration in original) (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)). "The private-interest factors are: '(1) the relative ease of access to source of proof; (2) the availability of compulsory process to secure the attendance of *witnesses*; (3) the cost of attendance for willing *witnesses*; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Relink US LLC v. Tesla, Inc.*, No. 23-1093, 2025 WL 2123783, at *3 (W.D. Tex. Apr. 3, 2025) (*quoting Volkswagen of Am.*, 545 F.3d at

315). These factors favor transfer to the Northern District. [*Golden v. Google, LLC*, WDOT Case No. 6:25-cv-00434-LS Dkt. 15; Filed 12/10/25]

**Under the "Cost of Attendance for Willing Witnesses Factors"; Google Demanded a Transfer**

Google is quoted as saying in its Motion to Transfer this case from the Western District of Texas: "Testifying imposes external costs on *witnesses*, even those willing to testify," and "[t]his factor 'attempts to internalize and minimize' these costs by 'favoring the venue that is more convenient from the perspective of willing *witnesses*.'" *Relink*, 2025 WL 2123783, at *5 (quoting *In re Clarke*, 94 F.4th 502, 515 (5th Cir. 2024)). "The Fifth Circuit has adopted distance as the metric for convenience," where "[t]he factor of inconvenience 'positively and linearly scales' with the distance over one hundred miles *witnesses* must travel to testify." *Id.* (quoting Clarke, 94 F.4th at 515). "When considering this factor, the Court should consider all potential material and relevant *witnesses*," and "should not accord the convenience of party *witnesses* less weight." *HD Silicon Sols. LLC v. Microchip Tech. Inc.*, No. 20-1092, 2021 WL 4953884, at *5 (W.D. Tex. Oct. 25, 2021). *Witnesses* for Google and for non-party Waymo may reside in the Northern District. *See supra.* "While it is true that the *witnesses* in the Northern District of California are largely affiliated with the parties, that does not negate the inconvenience and cost to those individuals to travel a significant distance to testify." *In re Google LLC*, No. 21-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). [*Golden v. Google, LLC*, WDOT Case No. 6:25-cv-00434-LS Dkt. 15; Filed 12/10/25]

**Under the "Witness Convenience Factor"; Google Demanded a Transfer**

Google is quoted as saying in its Motion to Transfer this case from the Western District of Texas: "Conversely, Mr. Golden lives in South Carolina (Compl. at 2), and thus must travel to either district. "[T]he comparison between the transferor

and transferee forums is not altered by the presence of other **witnesses** and documents in places outside both forums." *In re Netflix, Inc.,* No. 22-110, 2022 WL 167470, at *4 (Fed. Cir. Jan. 19, 2022) (quoting *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014)). "[W]hen there are numerous **witnesses** in the transferee venue and the only other **witnesses** are far outside the plaintiff's chosen forum, the witness convenience factor favors transfer." *Relink*, 2025 WL 2123783, at *6 (alteration in original) (quoting *Google*, 2021 WL 4427899, at *4). [*Golden v. Google, LLC*, WDOT Case No. 6:25-cv-00434-LS Dkt. 15; Filed 12/10/25]

**GOOGLE CLAIMED WITNESSES DURING THE MOTION HEARINGS**

**Google's Demand for Transfer is Granted because Google Claimed Witnesses**

A copy of the transcript from the motion hearing held on January 22, 2026, in the Waco Division of the Western District of Texas; is submitted into record by Google in this current case, *Golden v. Google, LLC*, Case No. 3:26-cv-00831-LJC, as Document 47-1 Filed 02/19/26:

**The Court:** "Let me move to Factor Number 2, which is the availability of compulsory process to secure the attendance of -- attendance of witnesses. Did I read that one of the alleged infringement relates to Waymo, a nonparty, and it's the defense's contention that Waymo is headquartered in the Northern District of California?" … "It's a little different. This factor inquires into whether or not it makes more sense to keep the case here instead of transferring it to California because of the need to use the Court's power to bring reluctant witnesses" … "Now, Private Factor Number 3 relates to the cost of attendance for willing witnesses, which may be a little more connected to what you were just talking about right now, Mr. Golden, but from Google's perspective, what I read was

that for willing witnesses, certainly Google witnesses, and to the extent that Waymo witnesses would need to testify, their presence in the Bay Area would make the cost of attendance at a trial there less expensive than it would be here in the Western District of Texas" … "So, Mr. Golden, this sort of bears on what you were just talking about, which is the relative cost of attendance of a trial here in Waco, Texas, versus the Bay Area for witnesses who are willing to testify" … "And while we're doing that, counsel, did you want to put on the record how many Bay Area witnesses that you would anticipate would need to testify of this matter to actually proceed to trial?" … "Both sides have represented to me that there are zero witnesses in the Western District of Texas, so for that reason, I'm going to find that Private Interest Factor Number 3 militates in favor of transfer to the Northern District of California" …

**Mr. Warren:** "I don't know because I don't fully understand the plaintiff's allegations, but in a typical patent case, there would be three or four witnesses. I would note also that because the plaintiff lives in South Carolina, the Court, according to the federal circuit, really shouldn't consider him as a witness at all" … "The comparison between the transferor and the transferee forum is not altered by the presence of other witnesses and documents in places outside both forums" … "THE COURT: Are all of your witnesses in the Northern District of California - MR. WARREN: All -- THE COURT: Would all extensive witnesses be from the Northern District of California? MR. WARREN: Based on what we know from the plaintiff's allegations so far, yes. THE COURT: Would any be in the Western District of Texas? MR. WARREN: No." …

**Google Acknowledges its Witnesses are Ready to Proceed to Trial**

During the motion hearing held in the Western District of Texas Court; the Court asked Google how many witnesses Google anticipates would need to testify [] to actually proceed to trial?; "[a]nd while we're doing that, counsel, did you want to put on the record how many Bay Area witnesses that you would anticipate would need to testify of this matter to actually proceed to trial?"

Google is on the record forecasting "there would be three or four witnesses" need[ed] to testify of this matter to actually proceed to trial: "I don't know because I don't fully understand the plaintiff's allegations, but in a typical patent case, there would be three or four witnesses." [Transcript submitted into record by Google in this current case], *Golden v. Google, LLC*, Case No. 3:26-cv-00831-LJC, as Document 47-1 Filed 02/19/26

## CONCLUSION

Plaintiff currently have two related cases pending in the United States District Court for the Western District of Texas-Waco Division, *Golden v. Samsung Electronics America, Inc.* Case No. 6:25-cv-00596-DAE, and *Golden v. Apple, Inc.* Case No. 6:25-cv-00224-AM.

Plaintiff, and Plaintiff's witnesses will be grossly inconvenienced if this case were to stay in San Francisco. Plaintiff never filed this case in the U.S. District Court for the Northern District of California; nor did Plaintiff ask that the case be transferred to the U.S. District Court for the Northern District of California.

Plaintiff left the district because, repeatedly the Courts have deprived Plaintiff of his guaranteed constitutional right to a trial by jury on patent infringement claims that are issues-of-facts. [U.S. CONS'T. 7th Amend.]. The district is not a good place for African American inventors.

9

Sincerely,

s/ *Larry Golden*

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

(M) 8649927104

Email: atpg-tech@charter.net

## VERIFICATION

### Pursuant to 28 U.S.C. § 1746

I, Larry Golden, over the age of 18, competent to testify, and having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements are true, correct, and complete to the best of my understanding, knowledge, and belief, and made in good faith.

Executed and signed this 4th day of May, 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for "Plaintiff's Motion to Transfer Case".

s/ *Larry Golden*

Larry Golden, Pro Se

740 Woodruff Rd., #1102

Greenville, South Carolina 29607

atpg-tech@charter.net

864-992-7104

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th day of May, 2026, a true

and correct copy of the foregoing "Plaintiff's Motion to Transfer Case", was served

upon the following Defendant via express mail:

> Matthew Warren
>
> Warren LLP
>
> 2261 Market Street, No. 606
>
> San Francisco, CA 94114
>
> Phone: 415-895-2940
>
> Fax: 415-895-2964
>
> Email: matt@warrenllp.com

> s/ *Larry Golden*
>
> Larry Golden, Pro Se
>
> 740 Woodruff Rd., #1102
>
> Greenville, South Carolina 29607
>
> atpg-tech@charter.net
>
> 864-992-7104

12