Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
DeMarcus B. T. Williams (State Bar No. 329756)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
26-831@cases.warrenllp.com

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LARRY GOLDEN,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 3:26-cv-00831-JD<br><br>**UNOPPOSED ADMINISTRATIVE MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Under Civil Local Rules 6-3 and 7-11, Defendant Google LLC respectfully requests an extension of time to respond to Mr. Golden's second amended complaint until July 2, 2026. The second amended complaint is effectively a new complaint, occupying 279 pages and asserting a total of eleven patents, including four patents which this Court previously dismissed with prejudice, and which res judicata and the *Kessler* doctrine prevent Mr. Golden from reasserting here. Under these circumstances, Google respectfully requests a short extension of its time to respond until July 2, 2026. Mr. Golden does not oppose this request.

**BACKGROUND**

**A.    Mr. Golden's Prior Litigation Against Google**

On September 14, 2022, Mr. Golden filed *Golden v. Google LLC*, No. 22-5246, claiming infringement of U.S. Patent Nos. 10,163,287, 9,589,439, and 9,096,189. The Court granted Google's

motion to dismiss with leave to amend. *Id.*, 2023 WL 5154513 (N.D. Cal. Aug. 10, 2023). Mr. Golden filed an amended complaint adding an additional patent, U.S. Patent No. 10,984,619. *Id.*, Docket No. 42 (N.D. Cal. Aug. 23, 2023). The Court granted Google's motion to dismiss without leave to amend and entered judgment in favor of Google and against Mr. Golden. *Id.*, 2024 WL 1880336 (N.D. Cal. Apr. 3, 2024); *id.*, Docket No. 69 (N.D. Cal. Apr. 3, 2024). Mr. Golden appealed to the Federal Circuit, which affirmed. *Golden v. Google LLC*, No. 24-2024, 2025 WL 1752485, at *3 (Fed. Cir. June 25, 2025).

**B.    Mr. Golden Files This Action**

On September 18, 2025, Mr. Golden filed this action. Docket No. 1 (W.D. Tex. Sept. 18, 2025). His complaint alleged infringement of the '287 and '619 patents, which this Court previously dismissed with prejudice, as well as three patents he had not previously asserted, U.S. Patent Nos. 8,334,761, 11,645,898, and RE'43,891, which he claimed that Google infringed through "Google's Self-Drive Vehicles that incorporates Google's Advanced Driver Assistance Systems (ADAS)." Docket No. 1 ¶¶ 37, 44, 51. After Google moved to dismiss, Docket No. 54 (N.D. Cal. Feb. 27, 2026), the Court dismissed this complaint, ruling that Mr. Golden "may file a second amended complaint by June 15, 2026, removing all allegations relating to infringement of U.S. Patent Nos. 10,163,287 and 10,984,619." Docket No. 63 (N.D. Cal. May 1, 2026).

**C.    Mr. Golden's Second Amended Complaint**

On June 2, 2026, Mr. Golden filed his second amended complaint. Docket Nos. 70, 70-1. It is effectively a new complaint: where the previous complaint occupied 39 pages, the new complaint occupies 279, and where the previous complaint asserted five patents, the new complaint asserts eleven:

- The '287 and '619 patents, which the Court ruled "are out of the case." Docket No. 69 at 3:15. Mr. Golden appears to believe that the Court's order bars only allegations "under 35 U.S.C. § 271(a)," Docket No. 70 at 1, and thus that these allegations remain proper.

- The '189 and '439 patents, which Mr. Golden asserted in his previous litigation against Google, and on which this Court previously entered judgment, affirmed by the Court of Appeals.

- The '761, '898, and RE'891 patents, which Mr. Golden previously asserted in this action against "Google's Self-Drive Vehicles," but now asserts under a new theory, against "cell phones (i.e., Pixel Smartphones)." Docket No. 70 at 51.

- U.S. Patent Nos. 7,385,497, 8,106,752, 8,531,280, and RE'43,990, which Mr. Golden has not previously asserted against Google.

Against the allegations in the second amended complaint, Google plans to seek dismissal on grounds including violation of the Court's prior order, res judicata and the *Kessler* doctrine, subject-matter eligibility under 35 U.S.C. § 101, and failure to state a claim on which the Court could grant relief.

## **ARGUMENT**

Under these circumstances, Google respectfully requests that the Court exercise its discretion to extend the time for Google's response to Mr. Golden's second amended complaint to Thursday, July 2, 2026.  "When an act may or must be done within a specified time, the court may, for good cause, extend the time:  (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."  Fed. R. Civ. P. 6(b)(1)(A).  "This rule, like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'"  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) (alteration in original) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)).  "Consequently, requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'"  *Ahanchian*, 624 F.3d at 1259 (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)).  "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts."  *Ahanchian*, 624 F.3d at 1259.

Google has good cause for this request.  The second amended complaint is a substantial expansion of Mr. Golden's allegations, which will require Google to research and write new arguments in response. *See supra.*  Mr. Golden will suffer no prejudice; he does not claim to practice the asserted patents.  Civil L.R. 6-3(a)(3).  Google previously sought and obtained a 45-day extension to respond to plaintiff's original complaint.  Declaration of Matthew S. Warren ("Warren Decl.") ¶ 4; Docket No. 5; Civil L.R. 6-3(a)(5).  Should the Court grant Google's request, it would not affect the schedule for this action, which is stayed pending resolution of Google's forthcoming motion to dismiss.  Warren Decl. ¶ 5; Civil L.R. 6-3(a)(6).  Mr. Golden does not oppose this motion.  *See* Warren Decl. Ex. 1.

//

UNOPPOSED ADMINISTRATIVE MOTION FOR EXTENSION OF TIME

## **CONCLUSION**

For all the foregoing reasons, Google respectfully requests that the Court grant this motion and set a deadline of July 2, 2026, for Google's response to Mr. Golden's second amended complaint.

Date:  June 4, 2026

Respectfully submitted,

Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
DeMarcus B. T. Williams (State Bar No. 329756)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-434@cases.warrenllp.com

*Attorneys for Defendant Google LLC*

UNOPPOSED ADMINISTRATIVE MOTION FOR EXTENSION OF TIME