Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
DeMarcus B.T. Williams (State Bar No. 329756)
26-831@cases.warrenllp.com
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GOLDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC<br><br>    Defendant.<br>_____ | ) Case No. 3:26-cv-00831-JD<br>)<br>) **REPLY IN SUPPORT OF MOTION**<br>) **TO DISMISS SECOND AMENDED**<br>) **COMPLAINT BY DEFENDANT**<br>) **GOOGLE LLC**<br>)<br>) Date:          August 6, 2026<br>) Time:          10:00 a.m. PDT<br>) Courtroom:   11<br>) |

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    The Second Amended Complaint Violates This Court's Order on the Previous Complaint . . . . . 1

II.   Res Judicata and the *Kessler* Doctrine Bar All Claims in the Second Amended Complaint . . . . . 1

III.  The Second Amended Complaint Fails to State a Claim for Infringement . . . . . . . . . . . . . . . . . . 2

      A.    The Second Amended Complaint Does Not Allege a Cause of Action . . . . . . . . . . . . . . 2

      B.    The Second Amended Complaint Does Not Allege Infringement . . . . . . . . . . . . . . . . . . 3

IV.   The Asserted Claims of the '761, '898, and RE'891 Patents Are Unpatentable Under § 101. . . . 5

V.    The Court Should Deny Plaintiff Further Leave to Amend . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

## TABLE OF AUTHORITIES

*Cases*                                                                     *Page*

*Askan v. FARO Techs., Inc.*,
  No. 24-2258, 2025 WL 1363303 (Fed. Cir. May 12, 2025) . . . . . . . . . . . . . . . . . . . . . . . . 3

*Bayer AG v. Housey Pharms., Inc.*,
  169 F. Supp. 2d 328 (D. Del. 2001), *aff'd*, 340 F.3d 1367 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . 3

*Bot M8 LLC v. Sony Corp. of Am.*,
  4 F.4th 1342 (Fed. Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Brunswick Corp. v. Volvo Penta of the Americas, LLC*,
  640 F. Supp. 3d 498 (E.D. Va. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Carrick v. Prevsitch*,
  No. 17-3482, 2017 WL 11515964 (N.D. Cal. Dec. 15, 2017) . . . . . . . . . . . . . . . . . . . . . . 4

*Chamberlain Grp., Inc. v. Techtronic Indus. Co.*,
  935 F.3d 1341 (Fed. Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*ChargePoint, Inc. v. SemaConnect, Inc.*,
  920 F.3d 759 (Fed. Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Chen v. Deutsche Bank Nat'l Tr. Co.*,
  No. 13-3352, 2014 WL 6668785 (N.D. Cal. Nov. 24, 2014) . . . . . . . . . . . . . . . . . . . . . . 6

*CNET Networks, Inc. v. Etilize, Inc.*,
  No. 06-5378, 2008 WL 4104287 (N.D. Cal. Sept. 2, 2008) . . . . . . . . . . . . . . . . . . . . . . . 2

*Fischer v. Winchester Mystery House*,
  No. 14-1593, 2014 WL 2215874 (N.D. Cal. May 29, 2014) . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Fritz Cos. Sec. Litig.*,
  282 F. Supp. 2d 1105 (N.D. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Golden v. Google LLC*,
  No. 22-5246, 2024 WL 1880336 (N.D. Cal. Apr. 3, 2024),
  *reconsideration denied*, 2024 WL 2745904 (N.D. Cal. May 28, 2024) . . . . . . . . . . . . . . . . . 4-5

*Golden v. Google LLC*,
  No. 24-2024, 2025 WL 1752485 (Fed. Cir. June 25, 2025) . . . . . . . . . . . . . . . . . . . . . . 4-5

*Golden v. Samsung Elecs. Am., Inc.*,
  No. 23-2120, 2024 WL 539973 (Fed. Cir. Feb. 12, 2024) . . . . . . . . . . . . . . . . . . . . . . . 4

*Golden v. United States*,
  No. 25-2128, 2026 WL 672272 (Fed. Cir. Mar. 10, 2026) . . . . . . . . . . . . . . . . . . . . . . 1-2

*Hilson v. Lopez*,
  No. 12-6016, 2014 WL 4380674 (N.D. Cal. Sept. 4, 2014) . . . . . . . . . . . . . . . . . . . . . .1, 4

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

## TABLE OF AUTHORITIES
*(continued)*

*Cases*            *Page*

*Homsy v. Bank of Am., N.A.*,
No. 13-1608, 2013 WL 2422781 (N.D. Cal. June 3, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Indect USA Corp. v. Park Assist, LLC*,
No. 24-1023, 2026 WL 41173 (Fed. Cir. Jan. 7, 2026) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Joao Control & Monitoring Sys., LLC v. Telular Corp.*,
173 F. Supp. 3d 717 (N.D. Ill. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Masimo Corp. v. Apple Inc.*,
No. 20-48, 2025 WL 3190897 (C.D. Cal. Oct. 17, 2025),
*reconsideration denied*, 2025 WL 3190877 (C.D. Cal. Oct. 28, 2025) . . . . . . . . . . . . . . . . . . . 2

*McLemore v. Marin Hous. Auth.*,
No. 20-5431, 2021 WL 4124210 (N.D. Cal. Sept. 9, 2021) . . . . . . . . . . . . . . . . . . . . . . . . 3-4

*Moore v. Apple, Inc.*,
73 F. Supp. 3d 1191 (N.D. Cal. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 5-6

*Qureshi v. Countrywide Home Loans, Inc.*,
No. 09-4198, 2010 WL 841669 (N.D. Cal. Mar. 10, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*RFC Lenders of Texas, LLC v. Smart Chem. Sols., LLC*,
743 F. Supp. 3d 911 (W.D. Tex. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Schneider v. Cal. Dep't Corr.*,
151 F.3d 1194 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

*Steckman v. Hart Brewing Inc.*,
143 F.3d 1293 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Sparlin v. Countrywide Home Loans Inc.*,
548 F. App'x 485 (9th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Swanson v. U.S. Forest Serv.*,
87 F.3d 339 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Uniloc USA, Inc. v. Motorola Mobility, LLC*,
No. 17-1658, 2020 WL 7771219 (D. Del. Dec. 30, 2020), *aff'd*, 52 F.4th 1340 (Fed. Cir. 2022) . . . 2

*Viavi Sols. Inc. v. Platinum Optics Tech. Inc.*,
698 F. Supp. 3d 1145 (N.D. Cal. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*WesternGeco LLC v. ION Geophysical Corp.*,
585 U.S. 407 (2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

# TABLE OF AUTHORITIES
*(continued)*

| Cases | Page |
|---|---|

*Zoltek Corp. v. United States,*
   672 F.3d 1309 (Fed. Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

## *Statutes & Rules*

28 U.S.C § 1498(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

35 U.S.C § 101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

35 U.S.C § 154(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

35 U.S.C § 154(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

35 U.S.C § 271 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

35 U.S.C § 271(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

35 U.S.C § 271(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

35 U.S.C § 281 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

35 U.S.C § 284 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

35 U.S.C § 295 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

## INTRODUCTION

Mr. Golden's opposition demonstrates why the Court should dismiss this action. It addresses none of the deficiencies Google identified in the motion to dismiss, and instead raises arguments that are both incorrect and irrelevant. The opposition adds new claim charts not present in the complaint, which are not only improper, but also confirm the futility of any further amendment. Mr. Golden's pending complaint is his third attempt to bring his second lawsuit against Google. His third attempt at stating a claim is doomed, and any fourth attempt will fare no better. The Court should therefore grant Google's motion, and deny Mr. Golden further leave to amend the second amended complaint.

## ARGUMENT

**I.      The Second Amended Complaint Violates This Court's Order on the Previous Complaint**

Plaintiff's second amended complaint violated this Court's order following his previous complaint. *See* Mot. § I. Plaintiff's opposition does not address this issue. The Court should enforce its order to prevent Mr. Golden's improper relitigation of patents he asserted in the previous case. *See id.*

**II.     Res Judicata and the *Kessler* Doctrine Bar All Claims in the Second Amended Complaint**

Res judicata and the *Kessler* doctrine bar all claims in the second amended complaint. *See* Mot. § II, at 4-8. Plaintiff does not address these claims. "Such a failure in an opposition brief constitutes abandonment of the claim." *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1205 (N.D. Cal. 2014) (citing *Qureshi v. Countrywide Home Loans, Inc.*, No. 09-4198, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010)). "Moreover, where a plaintiff 'simply fails to address a particular claim in its opposition to a motion to dismiss that claim, courts generally dismiss it with prejudice.'" *Moore*, 73 F. Supp. 3d at 1205 (quoting *Homsy v. Bank of Am., N.A.*, No. 13-1608, 2013 WL 2422781, at *5 (N.D. Cal. June 3, 2013)).

Instead of contesting Google's arguments under res judicata and the *Kessler* doctrine, plaintiff claims that *Google* is precluded from presenting its arguments in this action. Opp. at 19-30. Plaintiff is wrong. Plaintiff claims preclusion arising from its previous actions before the Court of Federal Claims (Opp. at 20-21), but Google was not a party to any of these cases, preventing the required "privity with a party to the prior proceeding." *Hilson v. Lopez*, No. 12-6016, 2014 WL 4380674, at *2 (N.D. Cal. Sept. 4, 2014). Plaintiff's preclusion arguments fail for a second, separate reason: he claims that his previous cases before the Court of Federal Claims establish infringement by the accused devices (Opp. at 20-21),

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

but those cases were all "unsuccessful," ending in dismissals affirmed by the Court of Appeals, and thus cannot establish infringement of anything, let alone of Google's products accused in this action. *Golden v. United States*, No. 25-2128, 2026 WL 672272, at *1 (Fed. Cir. Mar. 10, 2026). Mr. Golden's preclusion claims depend on results he did not obtain, in actions where Google was not present. *E.g.*, Opp. at 26. Crediting these claims would be an error of law.

### III.    The Second Amended Complaint Fails to State a Claim for Infringement

#### A.    The Second Amended Complaint Does Not Allege a Cause of Action

Mr. Golden claims to assert "causes of action under 35 U.S.C. §§ 154(a)(1) & 271(g)," but cannot do so. 2AC ¶ 1; *see* Mot. § III.A. "There is no natural or common law right to exclude others from practicing a party's invention," and a party alleging infringement may do so "only because of statutory rights." *Uniloc USA, Inc. v. Motorola Mobility, LLC*, No. 17-1658, 2020 WL 7771219, at *2 n.1 (D. Del. Dec. 30, 2020), *aff'd*, 52 F.4th 1340 (Fed. Cir. 2022). As a result, the "right to exclude that accompanies the issuance of a patent pursuant to § 154 is legally distinct from the cause of action created by § 281 of the Patent Act," *Uniloc*, 2020 WL 7771219, at *2 n.1, as divided into "types of infringement" by § 271. *WesternGeco LLC v. ION Geophysical Corp.*, 585 U.S. 407, 409 (2018). Plaintiff thus cannot rely on § 154(a)(2) by itself, but must assert a claim of infringement under § 271.[1]

Seeking to avoid this result, plaintiff cites *Zoltek Corp. v. United States*, 672 F.3d 1309 (Fed. Cir. 2012) (en banc). Opp. at 11-12. But *Zoltek* cannot help Mr. Golden. *Zoltek* considered allegations against the government, and therefore interpreted 28 U.S.C. § 1498(a), which "waives the Government's sovereign immunity from suit" for infringement claims, and reversed a panel decision that "limited the scope of § 1498(a) to direct infringement under § 271(a)," and which had relied on cases decided when

---

[1] Plaintiff's opposition claims that his "causes of action" also include 35 U.S.C. § 295, 35 U.S.C. § 284, and willful infringement. Plaintiff mentions these concepts in his complaint, but does not assert them as causes of action in his claims for relief. *Compare* 2AC at 12, 16-18, 37-38 *with id.* at 49-271. For good reason: none of these are causes of action. 35 U.S.C. § 295 shifts the burden of persuasion in certain infringement cases, but the cause of action for which the burden shifts is under 35 U.S.C. § 271. *See, e.g.*, *CNET Networks, Inc. v. Etilize, Inc.*, No. 06-5378, 2008 WL 4104287, at *14-15 (N.D. Cal. Sept. 2, 2008). 35 U.S.C. § 284 allows damages for "infringement," which, again, a plaintiff must claim under § 271. *See, e.g.*, *Viavi Sols. Inc. v. Platinum Optics Tech. Inc.*, 698 F. Supp. 3d 1145, 1147 (N.D. Cal. 2023). Finally, "[w]illful infringement requires infringement," and allegations of infringement again fall under § 271. *Masimo Corp. v. Apple Inc.*, No. 20-48, 2025 WL 3190897, at *10 (C.D. Cal. Oct. 17, 2025), *reconsideration denied*, 2025 WL 3190877 (C.D. Cal. Oct. 28, 2025).

"§ 271(g) had not been enacted and § 154(a)(1) did not include the right to exclude others from using products made by a patented process." 672 F.3d at 1314, 1319-20. *Zoltek* further found that, "[i]nstead of relying on any infringement sections in § 271, § 1498(a) creates its own independent cause of action," and that cause of action is "linked to the scope of the patent holder's rights as granted by the patent grant in title 35 U.S.C. section 154(a)(1)." *Id.* at 1321, 1323. Nothing in *Zoltek* addressed actions outside the context of federal contracting, and nothing in *Zoltek* indicated that § 154(a)(1) provided a cause of action. As Google explained above and in its motion to dismiss, it does not. *See supra*; Mot. § III.A.

Nor can Mr. Golden allege infringement under 35 U.S.C. § 271(g), which addresses "methods of manufacture," because the patents in suit claim neither methods nor anything about manufacture. *Bayer AG v. Housey Pharms., Inc.*, 169 F. Supp. 2d 328, 330 (D. Del. 2001), *aff'd*, 340 F.3d 1367 (Fed. Cir. 2003). After Google explained as much in its motion, Mot. at 9:4-27, plaintiff claimed that Google should have argued that "Google does not use Plaintiff's patented process" to make its products. Opp. at 13; *see id.* at 12-16. Plaintiff misses the point: Google cannot "use Plaintiff's patented process" because his patents include only system claims and claim only systems for use in production, not manufacturing. Mot. at 9:8-27. Plaintiff cannot allege infringement under 35 U.S.C. § 271(g).

**B.     The Second Amended Complaint Does Not Allege Infringement**

In addition, the complaint also fails to allege "factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Askan v. FARO Techs., Inc.*, No. 24-2258, 2025 WL 1363303, at *2 (Fed. Cir. May 12, 2025) (quoting *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021)). Instead, the complaint provides only a disconnected list of claim limitations Mr. Golden claims are relevant to each count, failing even to allege that "every limitation of the claim is present," and thus cannot suffice. *Indect USA Corp. v. Park Assist, LLC*, No. 24-1023, 2026 WL 41173, at *3 (Fed. Cir. Jan. 7, 2026); *see* Mot. § III.B. Plaintiff does not respond to these points, thus waiving any response. *See Moore*, 73 F. Supp. 3d at 1205. Plaintiff does provide three "exhibits," which contain argument rather than evidence, and which claim to provide claim charts showing infringement. Exs. A-C. "'[I]n determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss' for additional factual allegations." *McLemore v. Marin Hous. Auth.*,

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

No. 20-5431, 2021 WL 4124210, at *3 (N.D. Cal. Sept. 9, 2021) (quoting *Schneider v. Cal. Dep't Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)) (emphasis in original).  But even if those exhibits were part of the complaint, they would only confirm that Mr. Golden cannot state a claim of infringement, for the same reasons he could not state a claim of infringement in his prior action against Google:  "[e]ach theory of infringement" advanced by Mr. Golden is "deficient for the same reason that Mr. Golden's previous allegations of infringement were deficient:  the 'factual allegations plausibly show, at the most, only that [Google]-made-and-sold smartphones could be modified post-sale by others.  There is no plausible allegation that [Google] itself is making, selling (or offering to sell), using, or importing smartphones that have the claimed detector/sensor functionality, either literally or [under the doctrine of] equivalents.'" *Golden v. Google LLC*, No. 24-2024, 2025 WL 1752485, at *2 (Fed. Cir. June 25, 2025) (alterations in original) (quoting *Golden v. Samsung Elecs. Am., Inc.*, No. 23-2120, 2024 WL 539973, at *3 (Fed. Cir. Feb. 12, 2024)).  In the previous action, this Court found that "Mr. Golden's first theory of infringement requires the use of the third-party app 'ATAK-CIV' for at least two limitations of each asserted claim," and thus "fails because Mr. Golden's infringement allegations require modification of the accused products to show infringement." *Golden v. Google*, 2025 WL 1752485, at *3.  Mr. Golden's new Exhibits A through C suffer from the same fatal flaw.  Exhibits A and B both admit that infringement requires the "ATAK" application, which Google does not provide.  Ex. A at 40; Ex. B at 45-49.[2]  Exhibit C admits that infringement requires "Sit(x)," which it further admits "is a commercial Server-as-a-Service solution based [sic] developed by PAR Government for the U.S. Defense &

---

[2] Although Mr. Golden does not appear to contest this point, he is collaterally estopped from alleging that Google provides ATAK, as both this Court and the Court of Appeals found to the contrary in the previous litigation. *Golden v. Google*, 2025 WL 1752485, at *3; *Golden v. Google LLC*, No. 22-5246, 2024 WL 1880336, at *1 (N.D. Cal. Apr. 3, 2024), *reconsideration denied*, 2024 WL 2745904 (N.D. Cal. May 28, 2024).  "Generally, collateral estoppel (issue preclusion) bars relitigation when: (1) the issue is identical to an issue decided in a prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the issue was necessarily decided in the prior proceeding; (4) the decision in the prior proceeding is final and on the merits; and (5) the party against whom preclusion is sought was a party to or in privity with a party to the prior proceeding." *Hilson*, 2014 WL 4380674, at *2.  All five elements apply here.  The issue is identical to one actually litigated and necessarily decided in the prior proceeding, to which Mr. Golden was a party, and which reached a final decision on the merits.  2025 WL 1752485, at *3; 2024 WL 1880336, at *1; *see, e.g.*, *Carrick v. Prevsitch,* No. 17-3482, 2017 WL 11515964, at *5 (N.D. Cal. Dec. 15, 2017) (citing *Sparlin v. Countrywide Home Loans Inc.*, 548 F. App'x 485, 486 (9th Cir. 2013)).

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

Intelligence Community," once again, separately from Google. Ex. C at 57. Thus, even if the Court accepted Mr. Golden's newly disclosed infringement charts as part of the operative complaint, they would serve only to confirm that his current allegations are "deficient for the same reason that Mr. Golden's previous allegations of infringement were deficient," that is, that his "'theories all require that the accused products be modified in some way for them to infringe on the patents-in-suit.'" *Golden v. Google*, 2025 WL 1752485, at *2-3 (quoting *Golden v. Google*, 2024 WL 1880336, at *1).

**IV.    The Asserted Claims of the '761, '898, and RE'891 Patents Are Unpatentable Under § 101**

Google's motion explained in detail why these claims are ineligible for patenting. Mot. § IV, at 11-22. Plaintiff does not respond to Google's arguments or authorities, and does not address the *Alice* factors or any limitation of any claim of the patents in suit, thus waiving any response. *See Moore*, 73 F. Supp. 3d at 1205. Instead, under the heading "Conclusion," Mr. Golden offers a single conclusory sentence regarding Section 101: "Golden's CMDC device surpasses any 101 objections because it is a computer with at least fourteen (14) material improvements," followed by a block quote from his second amended complaint which concludes that the "instant claim" concerns "improvements in the functioning of the CMDC computer and an improvement in another technology." Opp. at 31. But plaintiff does not explain where to find any such improvement in any claim, and the '761, '898, or RE'891 recite none.

Plaintiff's attempt to jargon-ize the concepts of "communicating, monitoring, detecting, and controlling" into a "CMDC computer" only further confirms the absence of any technical improvements in the patents, as communicating, monitoring, detecting, and controlling devices are abstract ideas. *Chamberlain Grp., Inc. v. Techtronic Indus. Co.*, 935 F.3d 1341, 1347 (Fed. Cir. 2019) ("the broad concept of communicating information wirelessly, without more, is an abstract idea"); *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 766-73 (Fed. Cir. 2019) (finding ineligible claims regarding the "abstract idea of communication over a network for interacting with a device"); *RFC Lenders of Texas, LLC v. Smart Chem. Sols., LLC*, 743 F. Supp. 3d 911, 920-21 (W.D. Tex. 2024) ("detecting movement" and "transmitting a signal indicating movement or activation of the vehicle, to a control center" were abstract and thus ineligible); *Joao Control & Monitoring Sys., LLC v. Telular Corp.*, 173 F. Supp. 3d 717, 726 (N.D. Ill. 2016) (finding ineligible claims "directed to the abstract idea of monitoring and controlling property and communicating this information through generic computer functions");

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

*Brunswick Corp. v. Volvo Penta of the Americas, LLC*, 640 F. Supp. 3d 498, 513 (E.D. Va. 2022) ("controlling the movement of a marine vessel to remedy unintended movements caused by external effects—is an abstract idea").  Plaintiff does not and cannot explain how claims reciting general purpose computers that are "preprogrammed to" or "adapted to" perform these abstract functions could survive *Alice*; they cannot.  Mot. at 11-22.

**V.      The Court Should Deny Plaintiff Further Leave to Amend**

The Court should exercise its "sound discretion" to deny leave to amend.  *Chen v. Deutsche Bank Nat'l Tr. Co.*, No. 13-3352, 2014 WL 6668785, at *3 (N.D. Cal. Nov. 24, 2014) (citing *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996)).  Plaintiff is already on his second amended complaint; as Google explained in its motion, plaintiff has given no indication that his fourth complaint will be any better than his third.  Mot. § V.  Plaintiff does not respond to these points, thus waiving any response.  *See Moore*, 73 F. Supp. 3d at 1205.  And Plaintiff's opposition further confirms that the Court should deny leave to amend.  "The general rule that parties are allowed to amend their pleadings does not apply to actions in which the amendment would be an exercise in futility, or in which the amended complaint would also be subject to dismissal."  *In re Fritz Cos. Sec. Litig.*, 282 F. Supp. 2d 1105, 1111 (N.D. Cal. 2003) (citing *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1297 (9th Cir. 1998)).  Plaintiff's Exhibits A, B, and C indicate how plaintiff would further amend his complaint if granted leave to do so, but the claim charts in those exhibits confirm that plaintiff cannot state a claim.  *Supra* § III.B.  "This appears to be one of those relatively rare cases when to grant plaintiff further leave to amend would be patently futile."  *Fischer v. Winchester Mystery House*, No. 14-1593, 2014 WL 2215874, at *2 (N.D. Cal. May 29, 2014).  The Court should deny leave to amend the second amended complaint.

**CONCLUSION**

For the reasons set forth above and in Google's motion, the Court should dismiss the second amended complaint in its entirety and deny plaintiff further leave to amend.

Date: July 23, 2026                                  Respectfully submitted,

_____
Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)

DeMarcus B.T. Williams (State Bar No. 329756)
26-831@cases.warrenllp.com
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendant Google LLC*

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT